UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:24-CV-20772

DENNIS ANEIROS,

    Plaintiff,

vs.

VIORMAR TRADING
CORPORATION, N.V., AND
ORLANDO A. FERNANDEZ,

    Defendants.
_____/

## COMPLAINT

Plaintiff, Dennis Aneiros, sues Defendants, Viormar Trading Corporation, N.V., and Orlando A. Fernandez, as follows:

### *Parties, Jurisdiction, and Venue*

1.    **Plaintiff, Dennis Aneiros**, is over 18 years old and has been a *sui juris* resident of Miami-Dade County, Florida, at all times material.

2.    **Defendant, Viormar Trading Corporation, N.V.,** is a *sui juris* foreign for-profit corporation that was authorized to conduct and actually conducted its for-profit business in Miami-Dade County, Florida, at all times material, where it owns the property at which Plaintiff worked and lived.

3.    **Defendant, Orlando A. Fernandez,** was at all times material an owner/officer/director/manager of the corporate Defendant, for the time period relevant to this lawsuit. He ran its day-to-day operations, was responsible for all operational decisions, and was partially or totally responsible for paying Plaintiff's wages.

1

4. This Court has original jurisdiction over Plaintiff's federal question claims pursuant to 28 U.S.C. §1331, 18 U.S.C. §1590, and 26 U.S.C. §201, *et seq*.

5. Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because Defendants transact business in this District, because Defendants maintained real property in this District, because Plaintiff worked and was due to be paid in this District, and because most if not all of the operational decisions were made in this District.

6. Any/all condition(s) precedent to filing this lawsuit occurred and/or was satisfied by Plaintiff.

7. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

**COUNT I – VIOLATION OF TRAFFICKING VICTIMS PROTECTION ACT**

Plaintiff, Dennis Aneiros, reincorporates and re-alleges all preceding paragraphs as though set forth fully herein and further alleges as follows:

8. Plaintiff slept in his care near the Defendants' property located at 7884 N.W. 55th Street, Doral, FL 33166, due to his financial situation.

9. Defendants took advantage of Plaintiff's lack of English language skills and lack of awareness of the laws.

10. Defendant, Viomar Trading Corporation, N.V., with and through the father of Defendant, Orlando Fernandez, offered for Plaintiff to reside inside of an office if he performed work for them back in 2010.

11. Defendants knowingly obtained Plaintiff's forced and coerced labor through a scheme, plan, and pattern of financial hardship.

12. Defendant, Viomar Trading Corporation, N.V., with and through the father of Defendant, Orlando Fernandez, did not offer to pay Plaintiff for his work, thereby confining him to a desperate financial situation.

13. After his father passed away, Defendant, Orlando Fernandez, continued with the scheme his father had created by continuing to require Plaintiff to perform work, without pay, under threat of eviction, without adequate protections, and with serious financial consequences if he refused.

14. Defendants took advantage of Plaintiff's financial hardship status by providing him a place to sleep and restroom in exchange for his work, but without providing him with a shower, kitchen, or wage.

15. Defendants required Plaintiff to perform dangerous work, including renovations and demolition, without adequate protections and without having first secured the appropriate permits for the performance of such work.

16. Defendants further threatened Plaintiff that if he did not perform the work requested, they would not allow him to continue staying on the property.

17. Defendants knowingly benefitted from, or operated in reckless disregard of, the fact that Plaintiff's labor was obtained through the forced and coercive means identified above.

18. The TVPA, at 18 U.S.C. §1589 makes it unlawful for Defendants to engage in the aforesaid practices knowingly or reckless disregard of the fact that their actions were unlawful.

19. As a direct and proximate result of Defendants' actions, as set forth above, Plaintiff suffered harm in that he was forced to work long hours under dangerous conditions without pay.

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33156
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

20. Pursuant to 18 U.S.C. §1595, Plaintiff is entitled to recover compensatory and punitive damages in an amount to be proven at trial, prejudgment interest, attorney's fees and costs, and such other and further relief as the Court deems just and proper.

WHEREFORE Plaintiff, Dennis Aneiros, demands the entry of a judgment in Plaintiff's favor and against Defendants, Viormar Trading Corporation, N.V., and Orlando A. Fernandez, jointly and severally, for compensatory and punitive damages pursuant to 18 U.S.C. §1595, interest, attorney's fees and costs, and such other and further relief as the Court deems just and proper

## **COUNT II – FLSA MINIMUM WAGE VIOLATION(S)**

Plaintiff, Dennis Aneiros, reincorporates and re-alleges paragraphs 1 through 7 as though set forth fully herein and further alleges as follows:

21. Defendants were Plaintiff's direct employers, joint employers and co-employers for purposes of the FLSA, as the term "employer" is defined by 29 U.S.C. §203(d).

22. Defendants regularly employed two or more employees for the relevant time period that handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendants' business an enterprise covered by the Fair Labor Standards Act.

23. Defendants have been, at all times material, an enterprise engaged in interstate commerce in the course of their ownership, management, and rental of real property (warehouse space), which, traditionally, cannot be performed without using goods, materials, supplies, and equipment that have all moved through interstate commerce.

24. Defendants also communicate with their clients, tenants, and others by regularly and routinely using telephones and transmitting information through email and the Internet, and

which transmissions regularly and routinely traveled outside of the State of Florida.

25. As a foreign corporation, the corporate Defendant necessarily engaged in interstate commerce by renting and receiving payment for real property leased in Florida.

26. Defendant's corporate annual gross revenues derived from this interstate commerce are believed to exceed $500,000.00 for the relevant time period and/or $125,000.00 for each relevant fiscal quarter.

27. Plaintiff was an hourly employee of Defendants, as the term "employee" is defined by 29 U.S.C. §203(e).

28. Plaintiff was a non-exempt employee of Defendants.

29. Plaintiff consents to participate in this lawsuit.

30. Plaintiff worked for Defendants by performing various job duties, including cleaning, repairing, renovating, collecting, and renting for its commercial property rentals.

31. Plaintiff has worked for the Defendants since approximately 2010.

32. To the extent that records exist regarding the exact dates of Plaintiff's employment exist, such records are believed to be in the exclusive custody of Defendants.

33. Defendants did not pay Plaintiff for his work; instead, they allowed him to reside inside an office in one of their commercial properties that contained a sofa bed and bathroom but no kitchen or shower.

34. Defendants thus failed and refused to pay Plaintiff even a minimum wage of $7.25 per hour for each of the hours he worked.

35. As a direct and proximate result of Defendants' violations of the FLSA, as set forth above, Plaintiff is entitled to recover the applicable federal minimum wage for all hours worked.

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33156
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

36. Defendants either recklessly failed to investigate whether their failure to pay Plaintiff at least a minimum wage for the hours Plaintiff worked during the relevant time period violated the Federal Wage Laws of the United States, they intentionally misled Plaintiff to believe that Defendants were not required to pay at least the minimum wage, and/or Defendants concocted a scheme pursuant to which they deprived Plaintiff the minimum wage pay earned.

37. Plaintiff is entitled to a back pay award of minimum wages for all unpaid/underpaid hours worked, plus an equal amount as liquidated damages, plus all attorneys' fees and costs.

WHEREFORE Plaintiff, Dennis Aneiros, demands the entry of a judgment in Plaintiff's favor and against Defendants, Viormar Trading Corporation, N.V., and Orlando A. Fernandez, jointly and severally, after trial by jury and as follows:

a. That Plaintiff recover compensatory minimum wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

b. That Plaintiff recover pre-judgment interest on all unpaid minimum wages if the Court does not award liquidated damages;

c. That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to the FLSA;

d. That Plaintiff recover all interest allowed by law;

e. That Defendants be Ordered to make Plaintiff whole by providing appropriate minimum wage pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

f. That the Court declare Defendants to be in willful violation of the overtime provisions of the FLSA; and

6

      g.    Such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, Dennis Aneiros, demands a trial by jury of all issues so triable.

Respectfully submitted this 28th day of February 2024,

                                  s/Brian H. Pollock, Esq.
                                  Brian H. Pollock, Esq.
                                  Fla. Bar No. 174742
                                  brian@fairlawattorney.com
                                  FAIRLAW FIRM
                                  135 San Lorenzo Avenue
                                  Suite 770
                                  Coral Gables, FL 33146
                                  Tel:    305.230.4884
                                  *Counsel for Plaintiff*