UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:24-CV-20772

**DENNIS ANEIROS,**

    **Plaintiff,**

vs.

**VIORMAR TRADING CORPORATION, N.V., AND ORLANDO A. FERNANDEZ,**

    **Defendants.**

_____/

**DEFENDANTS' JOINT MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

The Defendants, Viormar Trading Corporation, N.V. ("Viormar") and Orlando A. Fernandez ("Fernandez"), jointly move the Court, under the Federal Rules of Civil Procedure 12(b)(6), to dismiss the Plaintiff's Complaint and in support state:

  **A.**  **Count I of the Complaint should be dismissed because a cause of action under the Trafficking Victims Protection Act is time barred after ten (10) years by 18 U.S.C. §1595(c)**

1. According to Paragraph 10 of the Complaint, Fernandez's deceased father originally offered to allow the Plaintiff to "reside inside of an office if he performed work for them back in 2010."

2. Any claim by the Plaintiff for damages under the TVPA stemming from work allegedly performed over ten (10) years ago is time barred as per 18 U.S.C. §1595(c).

3. If the Plaintiff is seeking damages inside of the ten (10) year statute of limitation period, then Count I of the Complaint should be dismissed without prejudice so that the Plaintiff, if possible, can clearly state the time frame for which he is seeking damages.

4. It is unclear as to the time period that the Plaintiff is seeking damages, and, pursuant to the Federal Rules of Civil Procedure 12(b)(6), Count I should be dismissed as the Defendants should not be left to speculate as to any portion of the Plaintiff's claim of relief.

**B. Count I of the Complaint should be dismissed as the Plaintiff fails to specify which prong under 18 U.S.C. §1589 he is relying upon to assert his claim under the TVPA**

5. Congress enacted 18 U.S.C. §1589 "to implement the Thirteenth Amendment against slavery or involuntary servitude." *United States v. Toviave*, 761 F.3d 623, 629 (6th Cir. 2014).

6. The TVPA is primarily a criminal statute," but in 2003, Congress created a civil cause of action for victims of trafficking or involuntary servitude. *Muchira v. Al-Rawaf*, 850 F.3d 605, 617 (4th Cir. 2017); 18 U.S.C. § 1595.

7. As the Supreme Court has explained, "[i]n determining the meaning of the statute, we look not only to the particular statutory language, but to the design of the statute as a whole and to its object and policy. *Crandon v. United States*, 494 U.S. 152, 158 (1990).

8. 18 U.S.C. §1589 states:

> **(a)  Whoever knowingly provides or obtains the labor or services of a person by any one of, or by any combination of, the following means:**
>
> **(1)  by means of force, threats of force, physical restraint, or threats of physical restraint to that person or another person;**
>
> **(2)  by means of serious harm or threats of serious harm to that person or another person;**
>
> **(3)  by means of the abuse or threatened abuse of law or legal process; or**
>
> **(4)  by means of any scheme, plan, or pattern intended to cause the person to believe that, if that person did not perform such labor or services, that person or another person would suffer serious harm or physical restraint, shall be punished as provided under subsection (d).**

9. Unfortunately, the Plaintiff does not identify which prong (or combination of prongs) it is relying upon in bringing its TVPA-based cause of action against the

Defendants. Instead, in Paragraph 18 of the Complaint, the Plaintiff simply and generically states that the Defendants actions are unlawful based upon "the TVPA, at 18 U.S.C. §1589".

10. Again, pursuant to the Federal Rules of Civil Procedure 12(b)(6), Count I should be dismissed as the Defendants should not be left to speculate as to any portion of the Plaintiff's claim of relief.

    **C.**    **Count I of the Complaint should be dismissed because the Plaintiff fails to plausibly allege that he was threatened with "serious harm".**

11. Even assuming as true that the Plaintiff was an employee of the Defendants (which he was not), the Complaint fails to plausibly allege any "threats of serious harm".

12. Because the TVPA targets human trafficking, a TVPA forced labor claim requires more than just a "bad employer-employee relationship." *Martínez-Rodríguez v. Giles*, 31 F.4th (2022) at 1151.

13. The Plaintiff must plausibly allege a "threat" of "serious harm," which means "harm, whether physical or nonphysical, including psychological, financial, or reputational harm, that is sufficiently serious, under all the surrounding circumstances, to compel a reasonable person of the same background and in the same circumstances to perform or to continue performing labor or services in order to avoid incurring that harm." §1589(c)(2).

14. This "serious harm" is not just a run-of-the-mill "abusive employer," or even one that causes severe "psychological harm" to their employee. *Muchira*, 850 F.3d at 620. Instead, actionable "serious harm" is harm "sufficiently serious to compel a reasonable person in [the employee's] position to remain in the [employer']s employ, against her will and in order to avoid such threats of harm, when she otherwise would have left." *Id*.

15. Here, that standard clearly is not met as the general gist of the Plaintiff's argument is that because of his "desperate financial situation" and "financial hardship status" he could not risk being asked to vacate the Defendants' premises.

16. Setting aside the fact that the Plaintiff's financial situation/status is not stated with any particularity in the Complaint, Plaintiff does not offer any details as to why leaving the Defendants' premises would result in "serious harm".

17. To be actionable under the TVPA, "serious harm" must not just be "serious" in the sense of "grave" or "important," it must also be independently improper or unlawful, as the TVPA distinguishes "improper threats or coercion [from] permissible warnings of adverse but legitimate consequences." *Estavilla*, 2022 WL 539192, at *13 ("[T]he threatened harm must be in some way improper or illicit.'"). Here, the Plaintiff does not allege any such illicit conduct in his Complaint.

18. Moreover, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

19. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

20. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*. (quoting *Twombly*, 550 U.S. at 557) (internal citation omitted); see also *Mamani v. Berzain*, 654 F.3d 1148, 1153 (11th Cir. 2011) (quoting and citing *Iqbal*, 556 U.S. 662; *Twombly*, 550 U.S. 544).

21.  As to the type of allegations that are accepted as true, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678; see also *Mamani*, 654 F.3d at 1153 ("Legal conclusions without adequate factual support are entitled to no assumption of truth.").

22.  The Plaintiff's mere general assertion that he was faced with "serious harm" is insufficient to overcome both *Twombly* and *Iqbal*.

WHEREFORE, the Defendants respectfully request that this Court dismiss Count I of the Plaintiff's complaint and grant such other relief that it deems just and reasonable.

Respectfully submitted,

*/s/ Robert Twombly*
Robert Twombly, Esquire
FBN: 060127
White & Twombly, P.A.
*Attorneys for Defendants*
9999 NE 2nd Avenue, Ste. 306
Miami Shores, FL 33138
(786) 502-2038
robert@whitetwombly.com
paralegalryt@whitetwombly.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the following was electronically filed with the Clerk of the Court via CM/ECF on March 26, 2024. I also certify that the foregoing was served to opposing counsel: Brian H. Pollock, brian@fairlawattorney.com

*/s/ Robert Twombly*
Robert Twombly, Esquire