UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:24-CV-20772

**DENNIS ANEIROS,**

    **Plaintiff,**

vs.

**VIORMAR TRADING CORPORATION, N.V., AND ORLANDO A. FERNANDEZ,**

    **Defendants.**

_____/

## DEFENDANTS' JOINT RESPONSE TO PLAINTIFF'S STATEMENT OF CLAIM

The Defendants, Viormar Trading Corporation, N.V. ("Viormar") and Orlando A. Fernandez ("Fernandez"), in compliance with the Court's 03/26/2024 Order, states as follows:

**1.     Plaintiff does not have time and pay records from his employment at this time, and so he must estimate the hours that he worked, the pay that he received for those hours, and the corresponding wages due.**

<u>Response</u>: There are no time and pay records as neither of the Defendants has ever employed the Plaintiff.

**2.     Plaintiff prepared this Statement of Claim with the assistance of counsel.**

<u>Response</u>:  The Defendants are unaware and have no knowledge as to how the Plaintiff prepared the Statement of Claim.

**3.     Plaintiff estimates that he is owed $102,828.40 in unpaid minimum wages.**

<u>Response</u>:  Plaintiff was never an employee of the Defendants and, as such, there are no unpaid wages due and owing to the Plaintiff.

4. **Plaintiff calculated his estimation of unpaid wages as follows … Total $102,828.40**

<u>Response</u>: No wages are owed to Plaintiff as he was never an employee of the Defendants. The FLSA does not apply to the Defendants as Viormar Trading Corporation, N.V. does not have annual sales of $500,000.00 or more and it is not engaged in interstate commerce. Moreover, the FLSA has a two (2) or three (3) year statute of limitations. The Plaintiff cannot claim damages outside of the FLSA's statute of limitations.

5. **Plaintiff is claiming that he is owed wages for work performed from <u>January 1, 2019, to present</u>.**

<u>Response</u>: No wages are owed to Plaintiff as he was never an employee of the Defendants. The FLSA does not apply to the Defendants as Viormar Trading Corporation, N.V. does not have annual sales of $500,000.00 or more and it is not engaged in interstate commerce. Moreover, the FLSA has a two (2) or three (3) year statute of limitations. The Plaintiff cannot claim damages outside of the FLSA's statute of limitations.

6. **As of the date of this Statement's filing, Plaintiff's damages continue to accrue because he remains employed by Defendants, performing work [for] their benefit each week.**

<u>Response</u>: There are no accruing damages as the Plaintiff is not employed by the Defendants. To the contrary, the only parties accruing damages are the Defendants as they have asked the Plaintiff to vacate the property and he has refused to vacate said property. It is the belief of the Defendants that the Plaintiff's initiation of this action is a reaction to being asked to vacate the property. As a result of the Plaintiff's actions, the Defendants cannot complete the forty-year certification of the property and are prevented from renting the commercial bay where the Plaintiff runs his automobile repair and handyman businesses.

7. **Plaintiff also seeks liquidated damages in an amount equal to the above unpaid minimum wages, plus reasonable attorneys' fees and costs pursuant to the FLSA.**

Response:  No liquidated damages and attorneys' fees/costs are owed to Plaintiff as he was never an employee of the Defendants. The FLSA does not apply to the Defendants as Viormar Trading Corporation, N.V. does not have annual sales of $500,000.00 or more and it is not engaged in interstate commerce.

8. **Plaintiff's Statement of Claim is based upon the information currently known and/or available.**

Response:  The Defendants, respectfully, believe that the Plaintiff's Statement of Claim is based upon incorrect information.

9. **Plaintiff reserves the right to amend this Statement of Claim based upon additional information provided by Defendants, through discovery, and/or as additional/different information becomes known.**

Response:  In the event that the Court permits the Plaintiff to amend its Statement of Claim, the Defendants would respectfully request that the Court permit the Defendants, if needed, to file an amended response.

10. **This Statement of Claim does not include any computation of damages other than those sought in the operative/pending Complaint and is subject to revision through the course of discovery and/or the amendment of the Complaint.**

Response:  The Defendants do not believe that the Plaintiff has suffered any damages as alleged in its Complaint as the Plaintiff was never an employee of the Defendants.

    Respectfully submitted this 25th day of April 2024.

                                          */s/ Robert Twombly*
                                          Robert Twombly, Esquire

FBN: 0060127  
robert@whitetwombly.com  
paralegalryt@whitetwombly.com  
Daniel Castilla, Esquire  
FBN: 1049187  
White & Twombly, P.A.  
9999 NE 2nd Avenue, Ste. 306  
Miami Shores, FL 33138  
(786) 502-2038  
*Counsel for the Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the following was electronically filed with the Clerk of the Court via CM/ECF on April 25, 2024. I also certify that the foregoing was served to opposing counsel: Brian H. Pollock, brian@fairlawattorney.com

*/s/ Robert Twombly*
Robert Twombly, Esquire