UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:24-CV-20772-GAYLES/LOUIS

DENNIS ANEIROS,

    Plaintiff,

vs.

VIORMAR TRADING
CORPORATION, N.V., AND
ORLANDO A. FERNANDEZ,

    Defendants.
_____/

## PLAINTIFF'S RESPONSE IN OPPOSITION
## TO MOTION TO DISMISS AMENDED COMPLAINT

### I. INTRODUCTION

Defendants, Viomar Trading Corporation, N.V. and Orlando A. Fernandez, filed a bare-bones Motion to Dismiss [ECF No. 16] that should be summarily denied. Defendants at first argue that the Court should dismiss Mr. Aneiros' Florida Minimum Wage Act claim at Count II to recover more than two years of minimum wages, ignoring the five-year and four-year limitations periods imposed by Fla. Stat. §95.11(2)(d) and (3)(p), respectively. They also ask the Court to dismiss his TVPA claim by arguing that Mr. Aneiros cannot recover damages for more than 10 years ago, that he should have identified the subsection(s) of 18 U.S.C. §1589 on which his claims are based, and that threats of losing his living arrangements do not constitute "serious harm." By alleging a continuous course of action, putting Defendants on notice of the factual nature of claims, and citing law supporting his claim that threats of losing him living arrangements constitute the type of threats the TVPA was meant to encompass, Defendant's Motion to Dismiss Count III fails.

## II. THE FACTS

1. The Plaintiff, Dennis Aneiros, filed this lawsuit against his former employers, Defendants, Viormar Trading Corporation, N.V. and Orlando A. Fernandez, and alleged claims for unpaid minimum wages under the FLSA and for violating the TVPA at Count II. [ECF No. 1.]

2. Mr. Aneiros then filed an Amended Complaint [ECF No. 13] to include an additional claim under the Florida Minimum Wage Act after Defendants filed a Motion to Dismiss [ECF No. 7] and after Defendants did not respond to the demand letter sent pursuant to Fla. Stat. §448.110.

   a. In the Amended Complaint, Mr. Aneiros alleges how Defendants willfully and intentionally did not pay him for his work. [ECF No. 13 at ¶¶28.]

   b. He also alleges while unfamiliar with United States laws and/or the English language and while sleeping in his car, the corporate Defendant preyed on Mr. Aneiros by luring him into working for it in exchange for letting him live in an office (with no shower or kitchen). *Id.*, at ¶¶31-33.

   c. Mr. Aneiros alleges that he could not leave the working arrangement not only because Defendants never paid him for his work, and thereby had no money to relocate his belongings, but also because they threatened to kick him out if he did not continue working for them. *Id.*, at ¶¶34-41.

   d. Defendants threatened Mr. Aneiros that he'd suffer serious harm by being put out on the street and/or into homelessness if he stopped working for them for free. *Id.*, at ¶¶42.

3. Defendants responded to the Amended Complaint with a Motion to Dismiss, arguing the following:

    a. he cannot recover damages for more than 10 years under the TVPA claim;

    b. he should have identified the statutory subsection(s) of §1589 under which he proceeds;

    c. he did not allege "serious harm" in the TVPA claim; and

    d. Fla. Stat. §95.11(4)(d) imposes a two-year limitations period on his FMWA claim.

4. As set forth below, the Court properly denies Defendants' Motion to Dismiss directed to the Amended Complaint.

### III. THE LAW

As much as Defendants would prefer that Mr. Aneiros plead the entirety of his case (and not just a *prima facia* case) in the Amended Complaint, he is not required to plead his way to victory. "When considering a motion to dismiss for failure to state a claim, a Court must accept the allegations in the Amended Complaint as true, construing them in a light most favorable to the plaintiff." *Murphy v. Federal Deposit Ins. Corp.*, 208 F.3d 959, 962 (11th Cir. 2000) (citing *Kirby v. Siegelman*, 195 F.3d 1285, 1289 (11th Cir.1999)).

"When considering a motion to dismiss, the pleadings are construed broadly so that all facts pleaded therein are accepted as true, and all inferences are viewed in the light most favorable to the plaintiff." *Levine v. World Fin. Network Nat. Bank*, 437 F.3d 1118, 1120 (11th Cir. 2006) (internal citations omitted). "The district court should assume, on a case-by-case basis, that well pleaded

factual allegations are true, and then determine whether they plausibly give rise to an entitlement to relief." *Randall v. Scott*, 610 F.3d 701, 710 (11th Cir. 2010).

> When reviewing a motion to dismiss, a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012); *Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009) ("On a motion to dismiss, the complaint is construed in the light most favorable to the non-moving party, and all facts alleged by the non-moving party are accepted as true."); *Iqbal*, 556 U.S. at 678.

*Havana Docks Corp. v. Norwegian Cruise Line Holdings, Ltd.*, 2020 WL 70988, at *2 (S.D. Fla. Jan. 7, 2020).

The standard for granting a motion to dismiss is high, considering that "A motion to dismiss is granted only when the movant demonstrates 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' " *Spain v. Brown & Williamson Tobacco Corp.*, 363 F.3d 1183, 1187 (11th Cir. 2004) (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957)). For this reason, Defendant "…bears the 'very high burden' of showing that the plaintiff cannot conceivably prove any set of facts that would entitle him to relief." *Beck v. Deloitte & Touche, Deloitte, Haskins & Sells, Ernest & Young, L.L.P.*, 144 F.3d 732, 735–36 (11th Cir. 1998) (citing *Jackam v. Hospital Corp. of Am. Mideast, Ltd.*, 800 F.2d 1577, 1579 (11th Cir.1986)).

The Eleventh Circuit Court of Appeal clarified that neither *Iqbal* nor *Twombly* rewrote the notice pleading standard:

> With what specificity must sincerity be pleaded? We have held many times when discussing a Rule 12(b)(6) motion to dismiss, that "the pleadings are construed broadly," *e.g., Levine v. World Fin. Network Nat'l Bank*, 437 F.3d 1118, 1120 (11th Cir.2006), and that the allegations in the complaint are viewed in the light most favorable to the plaintiff, *e.g., Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir.1998). Of course, "a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007). While Rule 12(b)(6) does not permit

>dismissal of a well-pleaded complaint simply because "it strikes a savvy judge that actual proof of those facts is improbable," the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.*
>
>The Supreme Court's most recent formulation of the pleading specificity standard is that "stating such a claim requires a complaint with enough factual matter (taken as true) to suggest" the required element. *Id.* The standard is one of "plausible grounds to infer." *Id.* The Court has instructed us that the rule "does not impose a probability requirement at the pleading stage," but instead *1296 "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of" the necessary element. *Id.* It is sufficient if the complaint succeeds in "identifying facts that are suggestive enough to render [the element] plausible." *Id.*
>
>Applying the teachings of *Twombly* and our decisions to the pleading issue in this case, the question is whether Watts has alleged enough facts to suggest, raise a reasonable expectation of, and render plausible the fact that he sincerely held the religious belief that got him fired.

*Watts v. Florida Intern. Univ.*, 495 F.3d 1289, 1295–96 (11th Cir. 2007).

>Dismissal is appropriate where it is clear the plaintiff can prove no set of facts in support of the claims in the complaint. *Marshall County Bd. of Educ. v. Marshall County Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir.1993). Dismissal is therefore permitted "when on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Id.*

*Glover v. Liggett Group, Inc.*, 459 F.3d 1304, 1308 (11th Cir. 2006)

>The Court in *Horwitz v. 13 Cafe & Lounge, Inc.*, 2010 WL 5262772 (M.D. Fla. 2010)

recognized as follows:

>The Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. Instead, Rule 8(a)(2) requires a short and plain statement of the claim showing that the pleader is entitled to relief in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007) (citation omitted). For an alleged FLSA violation, as in the instant case, these pleading requirements are simple and straightforward. *See Sec. of Labor v. Labbe*, 319 Fed. Appx. 761, 763 (11th Cir.2008).

When measured against the appropriate standard at the motion to dismiss stage, Mr. Aneiros sufficiently alleged his claims to withstand dismissal.

## IV. ARGUMENT

### A. No Part of Mr. Aneiros' TVPA Claim At Count III Is Time-Barred.

The Court properly denies Defendants' attempt to limit the damages Mr. Aneiros is entitled to recover and determines that he is entitled to recover damages for the time he worked for Defendants. Defendants argue that Mr. Aneiros cannot recover damages "stemming from work allegedly performed over ten (10) years ago…." [ECF No. 16 at 1.] Defendants do cite any case law support their argument.

The allegations in the Amended Complaint detail an unbroken history of threats and financial despair that precludes the Court from determining any part of his claim to be time-barred. *See Diaz v. Amezquita*, 2021 WL 2156916 (S.D. Fla. 2021) (denying motion to dismiss any part of TVPA claim based on statute of limitations grounds).

### B. Mr. Aneiros Sufficiently Pled His TVPA Claim at Count III

First, Defendants ask the Court to dismiss Mr. Aneiros' TVPA claim Count III, not for lack of factual specificity and not for the failure to allege facts supporting each required element, but for not identifying the subsection(s) of 18 U.S.C. §1589 on which he bases his claim. [ECF No. 16 at 3-4.] Defendants do not identify any legal authority supportive of their argument that dismissal is required when the specific statutory subsection is not referenced in the operative pleading.

Next, Defendants urge the Court's dismissal of Mr. Aneiros' TVPA claim on the grounds that the Amended Complaint "fails to plausibly allege that he was threatened with 'serious harm'." [*Id* at 3.] Typical claims for forced labor under the TVPA involve threats "that prevent the employee/trafickee from having viable exit options." *Alvarado v. Universidad Carlos Albizu (Carlos Albizo Univ.), Inc.*, 2010 U.S. Dist. LEXIS 87662, at *10 (S.D. Fla. Aug. 25, 2010).

As the Eleventh Circuit Court of Appeals held, the TVPA "makes it a crime to obtain labor or services through physical or psychological coercion." *U.S. v. Paulin*, 329 Fed. Appx. 232, 233 (11th Cir. 2009). "In assessing a claim of forced labor under the TVPRA, 'the vulnerabilities and characteristics of the specific victim become extremely important because one individual could be impervious to some types of coercion that cause another to acquiesce in providing forced labor.'" *Arreguin v. Sanchez*, 298 F. Supp. 3d 1314, 1325 (S.D. Ga. 2019) (quoting *Ross v. Jenkins*, 325 F. Supp. 3d 1141, 1164 (D. Kan. 2018)). "Thus, 'the relevant inquiry is whether the defendant 'intentionally caused the oppressed person reasonably to believe, given her special vulnerabilities, that she had no alternative but to remain in involuntary service for a time.'" *Id.*

Mr. Aneiros alleges that once the Defendants found him in a dire financial situation, living out of his car, they capitalized on it. [ECF No. 13.]

Mr. Aneiros alleges that Defendants provided him with living quarters (a place to sleep and a restroom) but did not include a shower or kitchen and no pay in exchange for his work. *Id.* at §§31-33, 39. The living quarters Defendants provided to Mr. Aneiros in exchange for his work were substandard and violated the Miami-Dade Community Minimum Housing Standards by failing to contain a kitchen sink and a tub or shower as required by the §17-23 of the Miami-Dade County Code of Ordinance.

He alleges that Defendants not only refused to pay him for his work – which included his performing dangerous work without adequate protections – but also threatened him that they'd throw him out and render him homeless if he stopped working for them. *Id.*, at §§40-42.

Defendants attempt to equate unpaid work and threats of homelessness with a "bad employer-employee relationship" without any supporting law. [ECF No. 16 at 3.] Despite

Defendants' attempt to trivialize their threatening Mr. Aneiros with losing his home, several Courts have recognized that the "loss of a place to live" constitutes the type of "serious harm" the TVPA was meant to encompass. *See Glagola v. MacFann*, 2023 WL 7271340, at *6 (W.D. Pa. Nov. 3, 2023) (finding that "homelessness" is a "serious harm" for purposes of 18 U.S.C. §1590) (citing *Bistline v. Parker*, 918 F.3d 849, 871-72 (10th Cir. 2019) (finding that "loss of a place to live" is a serious harm)).

Accordingly, the Court properly determines that Mr. Aneiros sufficiently pled his TVPA claim at Count III to withstand dismissal.

### C.   Mr. Aneiros Is Entitled To Recover At Least Four And Up To Five Years Of Florida Minimum Wage Act Damages.

Defendants ask the Court to determine that Mr. Aneiros cannot claim more than two years of back wage damages under the Florida Minimum Wage Act, Fla. Stat. §448.110 ("FMWA"), because of the limitations period imposed by Fla. Stat. §95.11(4)(d). Defendants are wrong about the limitation periods applicable to claims brought under the FMWA are equivalent to those brought under the FLSA:

> Plaintiff is correct that the statute of limitations in FLSA cases is generally two years and that a cause of action arising out of a willful violation of the FLSA may be commenced within three years after the cause of action accrued. *See* 29 U.S.C § 255(a). Plaintiff is also correct that the FMWA provides for a longer statute of limitations: five years for allegedly willful FMWA violations, Fla. Stat. § 95.11(2)(d); and, four years for any other alleged FMWA violation, Fla. Stat. § 95.11(3)(q).

*Chavez v. Arancedo*, 2018 WL 4599585, at *3 (S.D. Fla. Sept. 24, 2018).

Mr. Aneiros specifically alleged in Count II that Defendants "willfully and intentionally" did not pay him at least a minimum age, that they misled him into thinking they were not required to pay him at least a minimum wage, and/or that they concocted a scheme to not pay him at least

the minimum wage required by Florida law. [ECF No. 13 at ¶28.] Mr. Aneiros alleged sufficient facts to place Defendants on notice that he intends to claim that they intentionally or willfully violated the FMWA. *Compare Sanchez v. Chayele*, 2016 WL 8787065, at *3 (S.D. Fla. Aug. 17, 2016) (noting that a Rule 12(b)(6) dismissal on statute of limitations grounds is appropriate "only if it is apparent from the face of the complaint that the claim is time-barred because [a] statute of limitations bar is an affirmative defense, and ... plaintiff[s] [are] not required to negate an affirmative defense in [their] complaint" (internal quotations omitted)); (citing *Lindley v. City of Birmingham, Ala.*, 515 Fed.Appx. 813, 815 (11th Cir. 2013).)

### D. Defendants Cannot Offer New Arguments In Reply.

After having had the benefit of Mr. Aneiros' Response in Opposition, Defendants cannot now offer new arguments in their reply to sandbag him.

> But it is improper for a party to raise a new argument in its reply. *See Foley v. Wells Fargo Bank, N.A.*, 849 F. Supp. 2d 1345, 1349 (S.D. Fla. 2012) ("Because it is improper for [the party] to raise this new argument in its Reply brief, the argument will not be considered") (citing *Herring v. Sec. Dep't of Corr.*, 397 F.3d 1338, 1342 (11th Cir. 2005) ("As we repeatedly have admonished, arguments raised for the first time in a reply brief are not properly before a reviewing court")).

*Katchmore Luhrs, LLC v. Allianz Glob. & Corp. Specialty*, 2016 WL 1756911, at *1 (S.D. Fla. May 3, 2016). The Court cannot properly consider any new argument that Defendant did not previously raise in its Motion. *See e.g.*, *Kadylak v. Royal Caribbean Cruise, Ltd.*, 167 F. Supp. 3d 1301, 1308 (S.D. Fla. 2016) (refusing to consider argument raised initially in reply memorandum); and *TCC Air Services, Inc. v. Schlesinger*, 2009 WL 565516, at *7 (S.D. Fla. Mar. 5, 2009) (refusing to consider new evidence raised initially in reply); *accord* repeatedly *Herring v. Sec'y, Dept. of Corr.*, 397 F.3d 1338, 1342 (11th Cir. 2005) ("[a]rguments raised for the first time in a reply brief are not properly before a reviewing court.") (citations omitted).

### E. Any Dismissal Should Be Without Prejudice.

Mr. Aneiros submits that he sufficiently alleged her claims against the Defendants. The Court had not addressed the viability of the Complaint before Mr. Aneiros filed the Amended Complaint [ECF No. 13], which is the subject of the pending Motion to Dismiss [ECF No. 16]. If the Court determines Mr. Aneiros failed to sufficiently allege any facts necessary to place Defendants on notice of his claims, then he requests that the Court determine that such dismissal is without prejudice so that he can plead any facts the Court deems were omitted in a further amended pleading. *See e.g.*, *Cohan v. Ocean Club at Deerfield Beach Condo. Ass'n, Inc.*, 2014 WL 1274128, at *3 (S.D. Fla. Mar. 27, 2014) (determining dismissal of ADA claim should be without prejudice because it was possible that plaintiff "could state a claim by alleging additional facts….")

## V. CONCLUSION

For the foregoing reasons, Mr. Aneiros requests that the Court determine that he sufficiently pled his claims and deny the Defendants' Motion to Dismiss. If the Court decides that Mr. Aneiros failed to omit any allegation of fact(s) necessary to state a claim, any such dismissal is without prejudice.

Respectfully submitted this 26th day of April, 2024.

*s/*Brian H. Pollock, Esq.
Brian H. Pollock, Esq.
Fla. Bar No. 174742
brian@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Avenue
Suite 770
Coral Gables, FL 33146
Tel:   305.230.4884
*Counsel for Plaintiff*