UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:24-cv-20772-GAYLES/LOUIS

DENNIS ANEIROS

    Plaintiff,

v.

VIORMAR TRADING
CORPORATION, N.V., and
ORLANDO A. FERNANDEZ,

    Defendants.
_____/

## ORDER

**THIS CAUSE** comes before the Court upon Viormar Trading Corporation, N.V. ("Viormar") and Orlando A. Fernandez's ("Fernandez") (collectively "Defendants") Joint Motion to Dismiss Plaintiff's Amended Complaint (the "Motion"). [ECF No. 16]. The Court has reviewed the Motion and the record and is otherwise fully advised. For the following reasons, the Motion is **GRANTED IN PART**.

### BACKGROUND[1]

In 2010, Plaintiff Dennis Aneiros ("Plaintiff") was living out of his car near one of Defendants' properties. Fernandez's father, on behalf of Viormar, approached Plaintiff and offered Plaintiff an opportunity to reside in one of Viormar's offices in exchange for work.[2] Plaintiff accepted. Plaintiff's duties included cleaning, repairing, renovating, and collecting rent for Defendants' commercial properties. Although Plaintiff worked approximately 40 hours per week,

---

[1] As the Court proceeds on a motion to dismiss, it accepts the allegations in the Amended Complaint as true. *See Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997) (per curiam).

[2] According to Complaint, Fernandez took over the "scheme" after his father died.

Defendants did not pay him an hourly wage; rather, Plaintiff's compensation was free lodging.[3] *Id*. For the next fourteen years, Plaintiff continued to work for Defendants. Plaintiff contends that Defendants threatened him with "serious harm" by stating that if he stopped working, he would not be permitted to reside at their property. [*Id.* at 41].

On April 9, 2024, Plaintiff filed an Amended Complaint against Defendants, alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA") (Count I); the Florida Minimum Wage Act, Fla. Stat. § 448.110, *et seq.* (the "FMWA") (Count II); and the Trafficking Victims Protection Act, 18 U.S.C. § 1589, (the "TVPA") (Count III). [ECF No. 13]. Defendants now move to dismiss Counts II and III of the Amended Complaint, arguing (1) any damages under the TVPA for work Plaintiff performed more than ten years ago are time barred, (2) Plaintiff failed to plead his TVPA claim with the requisite particularity, and (3) Plaintiff's FMWA claims stemming from work performed more than two years before the filing of this action are time barred.[4] [ECF No. 16].

## LEGAL STANDARD

To survive a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" meaning that it must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While a court must accept well-pleaded factual allegations as true, "conclusory allegations . . . are not entitled to an assumption of truth—legal conclusions must be supported by factual allegations."

---

[3] Plaintiff lived in one of Defendants' offices. The room contained a sofa bed and bathroom. It did not have a kitchen or shower. Plaintiff alleges the rental value of the office is less than minimum wage. [ECF No. 13 ¶ 20].
[4] In paragraph 10 of the Motion, Defendants state that "Count I should be dismissed." This appears to be a scrivener's error.

*Randall v. Scott*, 610 F.3d 701, 709–10 (11th Cir. 2010). "[T]he pleadings are construed broadly," *Levine v. World Fin. Network Nat'l Bank*, 437 F.3d 1118, 1120 (11th Cir. 2006), and the allegations in the complaint are viewed in the light most favorable to the plaintiff. *Bishop v. Ross Earle & Bonan, P.A.*, 817 F.3d 1268, 1270 (11th Cir. 2016). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Therefore, a complaint that merely presents "labels and conclusions or a formulaic recitation of the elements of a cause of action" will not survive dismissal. *Id.* (internal quotation omitted).

## DISCUSSION

**I.      Count II of Plaintiff's Amended Complaint is a Shotgun Pleading**

A complaint that violates Federal Rule of Civil Procedure 8 is "often disparagingly referred to as [a] shotgun pleading[]." *Weiland v. Palm Beach Cty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015) (internal quotation marks omitted). The Eleventh Circuit generally considers a complaint to be a shotgun pleading if it (1) "contain[s] multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint," *id.* at 1321; (2) is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action," *id.* at 1322; (3) fails to "separate[] into a different count each cause of action or claim for relief," *id.* at 1323; or (4) "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.* Shotgun pleadings "fail to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests . . . and waste scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine

the public's respect for the courts." *Arrington v. Green*, 757 F. App'x 796, 797 (11th Cir. 2018) (per curiam) (citations omitted).

Although not raised in the Motion, Count II must be dismissed because it violates the first *Weiland* category by adopting the allegations of the preceding count. *See* 792 F.3d at 1321. Specifically, Count II reincorporates paragraphs one through nineteen of the Amended Complaint, which includes allegations within Count I. [ECF No. 13]. Based on this pleading deficiency, Count II shall be dismissed without prejudice.[5]

## II. The TVPA Claim

The TVPA prohibits

> knowingly provid[ing] or obtain[ing] the labor or services of a person by any one of, or by any combination of, the following means—
>
> (1) by means of force, threats of force, physical restraint, or threats of physical restraint to that person or any person;
>
> (2) by means of serious harm or threats of serious harm to that person or another person;
>
> (3) by means of the abuse or threatened abuse of law or legal process; or
>
> (4) by means of any scheme, plan, or pattern intended to cause the person to believe that, if that person did not perform such labor or services, that person or another person would suffer serious harm or physical restraint.

18 U.S.C. § 1589(a). Section 1589 is a criminal statute; however, a victim may bring a civil action to enforce its provisions under 18 U.S.C. § 1595(a).

---

[5] The Court notes that Defendants incorrectly argue that the FMWA is governed by a two-year statute of limitations. Florida Statute § 95.11(2)(d) provides for a five-year statute of limitations for claims of willful FMWA violations, and. § 95.11(3)(p) provides for four-year statute of limitations for all other FMWA claims.

### A. Statute of Limitations

A victim under the TVPA has ten years to bring his claim after the cause of action arose. 18 U.S.C. § 1595(c)(1). Defendants argue that Plaintiff's claim for damages for work performed more than ten years ago is time-barred. "[D]ismissal on statute-of-limitations grounds is 'appropriate only if it is apparent from the face of the complaint that the claim is time-barred and only if it appears beyond a doubt that a plaintiff can prove no set of facts that toll the statute.'" *Diaz v. Amezquita*, No. 20-62583-CIV, 2021 WL 2156916, at *4 (S.D. Fla. 2021) (quoting *Sec'y of Labor v. Labbe*, 319 F. App'x. 761, 764 (11th Cir. 2018)). It is not clear from the face of the Amended Complaint that Plaintiff will be unable to prove that the statute of limitations should be tolled. Accordingly, at this stage of the litigation, Defendants' statute of limitation argument fails.

### B. Plaintiff States a Claim under the TVPA

Defendants also argue that the Amended Complaint fails to (1) specify the "prong" under § 1598 that Defendants violated and (2) sufficiently allege that Plaintiff suffered, was threatened with, or made to believe that the termination of his work-relationship with Defendants would result in "serious harm." Both arguments are without merit.

First, Defendants proffer no legal authority for the proposition that Plaintiff must delineate a specific prong under § 1598 to state a claim. Moreover, the Amended Complaint specifically alleges that "Defendants knowingly obtained Plaintiff's forced and coerced labor through a scheme, plan, and pattern of financial hardship[,]" and that "Defendants threatened Plaintiff with serious harm by stating that if he did not continue to perform the work requested for no monetary compensation, they would not allow him to continue staying on the property—thereby forcing him into homelessness." [ECF No. 13 ¶¶ 36, 41]. These allegations comport with "prongs" 2 and 4 of § 1598(a).

5

In addition, Defendants argument that the Amended Complaint fails to sufficiently allege "serious harm" is without merit. The TVPA defines "serious harm" as:

> "[A]ny harm, whether physical or nonphysical, including psychological, financial, or reputational harm, that is sufficiently serious, under all the surrounding circumstances, to compel a reasonable person of the same background and in the same circumstances to perform or to continue performing labor or services in order to avoid incurring that harm."

18 U.S.C. § 1589(c)(2). Here, Plaintiff alleges sufficient facts to reasonably infer that he believed he would suffer "serious harm" if he ceased working for Defendants, namely that he would become homeless. Therefore, the Motion as to Count III is denied.

## CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendants' Joint Motion to Dismiss, [ECF No. 16], is **GRANTED in part**.

2. Count II of Plaintiff's Amended Complaint, [ECF No. 13], is **DISMISSED without prejudice**.

3. Plaintiff may file a Second Amended Complaint on or before September 16, 2024.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 6th day of September, 2024.

DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE