UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:24-CV-20772-GAYLES

DENNIS ANEIROS,

     Plaintiff,

vs.

VIORMAR TRADING
CORPORATION, N.V., AND
ORLANDO A. FERNANDEZ,

     Defendants.

_____/

## SECOND AMENDED COMPLAINT

Plaintiff, Dennis Aneiros, sues Defendants, Viormar Trading Corporation, N.V. and Orlando A. Fernandez, as follows:

### *Parties, Jurisdiction, and Venue*

1.    **Plaintiff, Dennis Aneiros**, is over 18 years old and has been a *sui juris* resident of Miami-Dade County, Florida, at all times material.

2.    **Defendant, Viormar Trading Corporation, N.V.,** is a *sui juris* foreign for-profit corporation that was authorized to conduct and conducted its for-profit business in Miami-Dade County, Florida, at all times material, where it owns the property at which Plaintiff worked and lived.

3.    **Defendant, Orlando A. Fernandez,** was at all times material an owner/officer/director/manager of the corporate Defendant, for the time period relevant to this lawsuit. He ran its day-to-day operations, was responsible for all operational decisions, and was partially or totally responsible for paying Plaintiff's wages.

1

4.      This Court has original jurisdiction over Plaintiff's federal question claims pursuant to 28 U.S.C. §1331, 18 U.S.C. §1590, and 26 U.S.C. §201, *et seq.*, and supplemental/pendent jurisdiction over Plaintiff's State law claim under 28 U.S.C. §1367.

5.      Venue is proper under 28 U.S.C. §1391(b)(ii) because Defendants transact business in this District, because Defendants maintained real property in this District, because Plaintiff worked and was due to be paid in this District, and because most if not all of the operational decisions were made in this District.

6.      Any/all condition(s) precedent to filing this lawsuit occurred and/or was satisfied by Plaintiff.

7.      The Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

## COUNT I – FLSA MINIMUM WAGE VIOLATION(S)

Plaintiff, Dennis Aneiros, reincorporates and re-alleges all preceding paragraphs as though set forth fully herein and further alleges as follows:

8.      Defendants were Plaintiff's direct employers, joint employers and co-employers for purposes of the FLSA, as the term "employer" is defined by 29 U.S.C. §203(d).

9.      Defendants regularly employed two or more employees for the relevant time that handled goods or materials that traveled through interstate commerce or used instrumentalities of interstate commerce, thus making Defendants' business an enterprise covered by the Fair Labor Standards Act.

10.     Defendants have been, at all times material, an enterprise engaged in interstate commerce in the course of their ownership, management, and rental of real property (warehouse space), which, traditionally, cannot be performed without using goods, materials, supplies, and

2

equipment that have all moved through interstate commerce.

11.     Defendants also communicate with their clients, tenants, and others by regularly and routinely using telephones and transmitting information through email and the Internet, and these transmissions regularly and routinely traveled outside of the State of Florida.

12.     As a foreign corporation, the corporate Defendant necessarily engaged in interstate commerce by renting and receiving payment for real property leased in Florida.

13.     Defendant's corporate annual gross revenues derived from this interstate commerce are believed to exceed $500,000.00 for the relevant time and/or $125,000.00 for each relevant fiscal quarter.

14.     Plaintiff was an hourly employee of Defendants, as the term "employee" is defined by 29 U.S.C. §203(e).

15.     Plaintiff was a non-exempt employee of Defendants.

16.     Plaintiff consents to participate in this lawsuit.

17.     Plaintiff worked for Defendants by performing various job duties, including cleaning, repairing, renovating, collecting, and renting for its commercial property rentals.

18.     Plaintiff has worked for the Defendants since approximately 2010.

19.     To the extent that records exist regarding the exact dates of Plaintiff's employment exist, such records are believed to be in the exclusive custody of Defendants.

20.     Although Plaintiff typically worked about 40 hours per week for Defendants' benefit, they did not pay him for his work; instead, they allowed him to reside inside an office in one of their commercial properties that contained a sofa bed and bathroom but no kitchen or shower, the value of which is less than the applicable federal minimum wage.

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33156
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

21.     Defendants thus failed and refused to pay Plaintiff even a minimum wage of $7.25 per hour for each hour he worked.

22.     As a direct and proximate result of Defendants' violations of the FLSA, as set forth above, Plaintiff is entitled to recover the applicable federal minimum wage for all hours worked.

23.     Defendants either recklessly failed to investigate whether their failure to pay Plaintiff at least a minimum wage for the hours Plaintiff worked during the relevant time violated the Federal Wage Laws of the United States, they intentionally misled Plaintiff to believe that Defendants were not required to pay at least the minimum wage, and/or Defendants concocted a scheme pursuant to which they deprived Plaintiff the minimum wage pay earned.

24.     Plaintiff is entitled to a back pay award of minimum wages for all unpaid/underpaid hours worked, plus an equal amount as liquidated damages, plus all attorneys' fees and costs.

WHEREFORE Plaintiff, Dennis Aneiros, demands the entry of a judgment in Plaintiff's favor and against Defendants, Viormar Trading Corporation, N.V., and Orlando A. Fernandez, jointly and severally, after trial by jury and as follows:

      a.     That Plaintiff recover compensatory minimum wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

      b.     That Plaintiff recover pre-judgment interest on all unpaid minimum wages if the Court does not award liquidated damages;

      c.     That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to the FLSA;

      d.     That Plaintiff recover all interest allowed by law;

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33156
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

e.   That Defendants be Ordered to make Plaintiff whole by providing appropriate minimum wage pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

f.   That the Court declare Defendants to be in willful violation of the overtime provisions of the FLSA; and

g.   Such other and further relief as the Court deems just and proper.

## COUNT II – FLORIDA MINIMUM WAGE ACTION VIOLATIONS

Plaintiff, Dennis Aneiros, reincorporates and re-alleges paragraphs 1 through 7 as though set forth fully herein and further alleges as follows:

25.   The Florida Constitution provides that "All working Floridians are entitled to be paid a minimum wage that is sufficient to provide a decent and healthy life for them and their families, that protects their employers from unfair low-wage competition, and that does not force them to rely on taxpayer-funded public services in order to avoid economic hardship." Fla. Const., Art. X, §24(a).

26.   In Florida, and for the last five years, the minimum wage was set at the following rates:

a.   $8.46/hour from January 1 to December 31, 2019;

b.   $8.56/hour from January 1 to December 31, 2020;

c.   $8.66/hour from January 1 September 29, 2021;

d.   $10.00/hour from September 30, 2021 to September 29, 2022;

e.   $11.00/hour from September 30, 2022 to September 30, 202; and

f.   $12.00/hour from September 30, 2023 to September 29, 2024.

5

27.     Florida law provides a cause of action against each "employer" who violates the FMWA by failing to pay the minimum wages required by Florida law.

28.     Plaintiff was a non-exempt employee of the Defendants.

29.     Plaintiff worked for Defendants by performing various job duties, including cleaning, repairing, renovating, collecting, and renting for its commercial property rentals.

30.     Plaintiff worked for the Defendants since approximately 2010.

31.     To the extent that records exist regarding the exact dates of Plaintiff's employment, such records are believed to be in the exclusive custody of Defendants.

32.     Defendants, in turn, were Plaintiff's employers.

33.     Defendants regularly employed two or more employees for the relevant time that handled goods or materials that traveled through interstate commerce or used instrumentalities of interstate commerce, thus making Defendants' business an enterprise covered by the Fair Labor Standards Act and requiring Defendants to pay their employees at least the minimum wage required by Florida law.[1]

34.     As a foreign corporation, the corporate Defendant necessarily engaged in interstate commerce by renting and receiving payment for real property leased in Florida.

35.     Defendants were, at all times material, an enterprise engaged in interstate commerce in the course of their ownership, management, and rental of real property (warehouse

---

[1]     Although he does not believe them to be required, and in an abundance of caution, Plaintiff included the allegations in paragraphs 33 to 37 to avoid any argument by Defendants that he failed to allege he was engaged in commerce or the production of goods for commerce, or employed by an enterprise engaged in commerce, as some Courts seem to require for FMWA claims. *See Chen v. Wow Rest. TH, LLC*, 2024 WL 184251, at *2 (M.D. Fla. Jan. 17, 2024); and *Rosell v. VMSB, LLC*, 2021 WL 4990913, at *5 (S.D. Fla. June 22, 2021), *report and rec. adopted*, 2022 WL 898589 (S.D. Fla. Mar. 28, 2022), *aff'd*, 2024 WL 1617821 (11th Cir. Apr. 15, 2024).

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33156
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

space), which, traditionally, cannot be performed without using goods, materials, supplies, and equipment that have all moved through interstate commerce.

36.    Defendants also communicated with their clients, tenants, and others by regularly and routinely using telephones and transmitting information through email and the Internet, and these transmissions regularly and routinely traveled outside of the State of Florida.

37.    Defendant's corporate annual gross revenues derived from this interstate commerce are believed to exceed $500,000.00 for the relevant time and/or $125,000.00 for each relevant fiscal quarter.

38.    During the five years prior to the service of the letter demanding the Defendants pay minimum wages pursuant to Fla. Stat. §448.110:

    a.    Plaintiff regularly and routinely worked approximately 40 hours per week for Defendants' benefit throughout his employment therewith.

    b.    Defendants failed and refused to pay Plaintiff at a rate equal to or greater than the applicable Florida minimum wage throughout his employment by failing to pay him whatsoever for the work he performed.

    c.    Defendants willfully and intentionally refused to pay Plaintiff wages at or above the applicable Florida minimum wage.

    d.    Defendants either recklessly failed to investigate whether their failure to pay Plaintiff the applicable Florida minimum wage for the hours worked during the relevant time period violated the laws of the State of Florida, they intentionally misled Plaintiff to believe that Defendants were not required to pay the applicable minimum wage, and/or Defendants concocted a scheme pursuant to which they deprived Plaintiff of the minimum wages he earned.

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33156
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

39.     Defendants did not timely tender the minimum wages demanded under Florida law or resolve the matter to Plaintiff's satisfaction within the 15 days provided by Fla. Stat. §448.110 in response to the letter he sent them pursuant thereto.

40.     Plaintiff is, therefore, entitled to a back pay award of the minimum wages due to him under Florida law for all hours he worked during the past five years, plus an equal amount as a penalty/liquidated damages, plus all attorneys' fees and costs.

WHEREFORE Plaintiff, Dennis Aneiros, demands the entry of a judgment in his favor and against Defendants, Viormar Trading Corporation, N.V., and Orlando A. Fernandez, jointly and severally, after trial by jury and as follows:

a.   That Plaintiff recover compensatory minimum wage damages and an equal amount of liquidated damages as provided under the law and in under the law and in Fla. Stat. §448.110 and Fla. Const. Art. X, §24;

b.   That Plaintiff recover pre-judgment interest on all unpaid Florida minimum wages if the Court does not award liquidated damages;

c.   That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to the FMWA;

d.   That Plaintiff recover all interest allowed by law;

e.   That Defendants be Ordered to make Plaintiff whole by providing appropriate minimum wage compensation and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

f.   That the Court declare Defendants to be in willful violation of the minimum wage provisions of the FMWA; and

g.   Such other and further relief as the Court deems just and proper.

8

## **COUNT III – VIOLATION OF THE TRAFFICKING VICTIMS PROTECTION ACT**

Plaintiff, Dennis Aneiros, reincorporates and re-alleges paragraphs 1 through 7 as though set forth fully herein and further alleges as follows:

41.     Plaintiff slept in his car near the Defendants' property located at 7884 Northwest 55th Street, Doral, Florida 33166, due to his financial situation.

42.     Defendants took advantage of Plaintiff's lack of familiarity with U.S. law and/or the English language.

43.     Defendant, Viomar Trading Corporation, N.V., with and through the father of Defendant, Orlando Fernandez, offered for Plaintiff to reside inside of an office (that lacked a shower or kitchen and was otherwise not suitable for a residential tenancy) if he performed work for them back in 2010, and Plaintiff accepted the offer.

44.     Once Defendants lured Plaintiff into working for them in exchange for living in an office, he could not escape; he had no other meaningful choice but to continue performing free labor for Defendants' benefit since 2010 out of fear that he would lose his home if he ceased working for them.

45.     Plaintiff could not leave his situation because they did not pay him for his work, leaving him without money to pay to move his belongings or pay rent elsewhere.

46.     Defendants knowingly obtained Plaintiff's forced and coerced labor through a scheme, plan, and pattern of financial hardship.

47.     Defendant, Viomar Trading Corporation, N.V., with and through the father of Defendant, Orlando Fernandez, did not offer to pay Plaintiff for his work, thereby confining him to a desperate financial situation.

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33156
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

48.     After his father passed away, Defendant, Orlando Fernandez, continued with the scheme his father had created by continuing to require Plaintiff to perform work, without pay, under threat of eviction, without adequate protections, and with serious financial consequences if he refused.

49.     Defendants took advantage of Plaintiff's financial hardship status by providing him a place to sleep and restroom in exchange for his work, but without providing him with a shower, kitchen, or wage.

50.     Defendants required Plaintiff to perform dangerous work, including renovations and demolition, without adequate protections and without having first secured the appropriate permits for the performance of such work.

51.     Defendants threatened Plaintiff with serious harm by stating that if he did not continue to perform the work requested for no monetary compensation, they would not allow him to continue staying on the property—thereby forcing him into homelessness.

52.     In essence, Defendants subjected Plaintiff to involuntary servitude by threatening to remove him from the property where he resided if he did not continue to perform free labor for them, despite Defendants' knowledge of Plaintiff's financial hardship.

53.     Defendants knowingly benefitted from, or operated in reckless disregard of, the fact that Plaintiff's labor was obtained through the forced and coercive means identified above.

54.     The TVPA, at 18 U.S.C. §1589 makes it unlawful for Defendants to engage in the aforesaid practices knowingly or with reckless disregard of the fact that their actions were unlawful.

55.     As a direct and proximate result of Defendants' actions, as set forth above, Plaintiff suffered harm in that he was forced to work long hours under dangerous conditions without pay.

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33156
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

56.     Pursuant to 18 U.S.C. §1595, Plaintiff is entitled to recover compensatory and punitive damages in an amount to be proven at trial, prejudgment interest, attorney's fees and costs, and such other and further relief as the Court deems just and proper.

WHEREFORE Plaintiff, Dennis Aneiros, demands the entry of a judgment in Plaintiff's favor and against Defendants, Viormar Trading Corporation, N.V., and Orlando A. Fernandez, jointly and severally, for compensatory and punitive damages pursuant to 18 U.S.C. §1595 for Defendants' violations of the Trafficking Victims Protection Act during the last ten (10) years, interest, attorney's fees and costs, and such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, Dennis Aneiros, demands a trial by jury of all issues so triable.

Respectfully submitted this 9th day of September 2024,

s/Brian H. Pollock, Esq.
Brian H. Pollock, Esq.
Florida Bar No. 174742
brian@fairlawattorney.com
Patrick Brooks LaRou, Esq.
Florida Bar No. 1039018
brooks@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Avenue, Suite 770
Coral Gables, Florida 33146
Tel: (305) 230-4884
*Counsel for Plaintiff*

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33156
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com