UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:24-CV-20772-GAYLES/LOUIS

DENNIS ANEIROS

     Plaintiff,

vs.

VIORMAR TRADING CORPORATION, N.V.,
AND ORLANDO A. FERNANDEZ,

     Defendants.

_____/

**<u>DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S SECOND AMENDED COMPLAINT</u>**

Defendants, Viormar Trading Corporation, N.V., ("Viormar") and Orlando A. Fernandez ("Mr. Fernandez")(collectively, "Defendants"), by and through its undersigned counsel, hereby files their Answer and Affirmative Defenses to Plaintiff's Second Amended Complaint, and states:

1.     Admitted.

2.     Admitted and Denied in part. It is admitted that Viormar is a *sui juris* foreign for-profit corporation that was authorized to conduct a for-profit business in Miami-Dade County, Florida. However, it is denied that Plaintiff ever worked at any property owned by Viormar or Mr. Fernandez.

3.     Admitted and Denied in part. Defendants admit that Mr. Fernandez was at all material times an owner/officer/director/manager of Viormar. However, Defendants deny that Mr.

Fernandez was partially or totally responsible for paying Plaintiff's wages because Plaintiff was never an employee of Viormar or Mr. Fernandez.

4.     Denied.

5.     Admitted and Denied in part. Defendants admit that venue is proper under 28 U.S.C. § 1391(b)(ii), but only to the extent that Defendants transact business in this District and maintain real property in this District. Defendants deny that this Court is the proper venue under the aforementioned statute on the basis that Plaintiff allegedly worked for the Defendants at this district.

6.     Defendants are without knowledge as to whether the Plaintiff has satisfied all conditions precedent to filing this lawsuit. Therefore, Defendants deny paragraph 6 of Plaintiff's Second Amended Complaint.

7.     Defendant's are without knowledge as to whether Plaintiff has retained the undersigned counsel and agreed to pay his reasonable fee for all services rendered. Therefore, Plaintiff denies paragraph 7 of Plaintiff's Second Amended Complaint.

## COUNT I - FLSA MINIMUM WAGE VIOLATION(S)

8.     Denied.

9.     Denied.

10.     Denied.

11.     Denied.

12.     Denied.

13.     Denied.

14.     Denied.

15.     Denied.

16.     Defendants are without knowledge as to whether or not the Plaintiff consents to participate in this lawsuit. Therefore, Defendants deny paragraph 16 of Plaintiff's Second Amended Complaint.

17.     Denied.

18.     Denied.

19.     Denied.

20.     Denied.

21.     Denied.

22.     Denied.

23.     Denied.

24.     Denied.

## COUNT II – FLORIDA MINIMUM WAGE ACTION VIOLATIONS

25.     Admitted.

26.     Admitted.

27.     Admitted.

28.     Denied.

29.     Denied.

30.     Denied.

31.     Denied.

32.     Denied.

33.     Denied.

34.     Denied.

35.     Denied.

36.     Denied.

37.     Denied.

38.     Denied.

39.     Denied.

40.     Denied.

## <u>COUNT III – VIOLATION OF THE TRAFFICKING</u><br><u>VICTIMS PROTECTION ACT</u>

41.     Defendants are without knowledge as to whether Plaintiff slept in his car near the

Defendants' property.

42.     Denied.

43.     Denied.

44.     Denied.

45.     Denied.

46.     Denied.

47.     Denied.

48.     Denied.

49.     Denied.

50.     Denied.

51.     Denied.

52.     Denied.

53.     Denied.

54.     Admitted.

55.     Denied.

56.     Admitted and Denied in part. Defendants admit that pursuant to 18 U.S.C. § 1595, the Plaintiff would be entitled to recover compensatory and punitive damages in an amount to be proven at trial, including prejudgment interest and attorney's fees and costs, but Plaintiff would only be entitled to this provided recovery in the event that he prevails at trial.

### DEFENDANT'S AFFIRMATIVE DEFENSES

1.     First Affirmative Defense: Plaintiff does not qualify as an employee and the Defendants do not qualify as his employer under 29 U.S.C. § 203. Defendants have never employed Plaintiff in any capacity and Plaintiff has never worked for Viormar or Mr. Fernandez under any circumstances.

2.     Second Affirmative Defense: Plaintiff fails to meet the elements to assert a cause of action for FLSA Minimum Wage Violations because Defendants did not employ two or more employees during the relevant time that handled goods or materials that traveled through interstate commerce or used instrumentalities of interstate commerce.

3.     Third Affirmative Defense: Defendants have not been an active business during the relevant time period and therefore have not engaged in interstate commerce in the course of their ownership, management, and rental of real property.

4.     Fourth Affirmative Defense: Defendant's corporate annual gross revenues did not exceed $500,000.00 during the relevant time period or $125,000.00 for each relevant fiscal quarter.

5.     Fifth Affirmative Defense: Defendants have not had any employees, save Mr. Fernandez, during the relevant time period in which this suit is being brought.

6.     If any violation of the Fair Labor Standards Act is found, the act or omission giving rise to such findings were made in good faith, and Defendants had reasonable grounds for believing that its acts or omissions were not a violation of the Fair Labor Standards Act.

Respectfully submitted,

/s/ Robert Twombly
Robert Twombly, Esquire
FBN: 0060127
robert@whitetwombly.com
paralegalryt@whitetwombly.com

Daniel Castilla, Esquire
FBN: 1049187
White & Twombly, P.A.
9999 NE 2nd Avenue, Ste. 306
Miami Shores, FL 33138
(786) 502-2038
*Counsel for the Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the following was electronically filed with the Clerk of the Court via CM/ECF on this 16th of September, 2024. I also certify that the foregoing was served to opposing counsel: Brian H. Pollock, brian@fairlawattorney.com

/s/ Robert Twombly
Robert Twombly, Esquire