UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:24-CV-20772-GAYLES/LOUIS

DENNIS ANEIROS

    Plaintiff,

vs.

VIORMAR TRADING CORPORATION, N.V.,
AND ORLANDO A. FERNANDEZ,

    Defendants.

_____/

## ORDER

**THIS CAUSE** coming before this Court on Defendants' Motion for Summary Judgment against Plaintiff, Dennis Aneiros, filed on December 18, 2024, and after reviewing the Motion and otherwise being fully advised on the premises thereof, it is hereby:

**ORDERED and ADJUDGED:**

1. Defendants' Motion for Summary Judgment is GRANTED.

2. Upon reviewing the arguments raised in Defendants' Motion and reviewing the record, there is no genuine dispute of material fact with respect to Plaintiff's status as an independent contractor. It is well settled that the Fair Labor Standards Act only provides coverage to employees. *See Nieman v. Nat'l Claims Adjusters, Inc.*, 775 F. App'x 622, 623 (11th Cir. 2019).

3. The Court finds that Plaintiff could only establish two out of the six factors in the economic reality test. The record and deposition testimony of Plaintiff clearly show that Defendants did not exert the type of control that one usually has over an employee.

4. Furthermore, even if Plaintiff were able to show that he is an employee, Plaintiff cannot establish his entitlement to coverage under the Fair Labor Standards Act.

5. Employees are covered under the Fair Labor Standards Act, 29 U.S.C.S. § 201 et seq., in one of two instances: individual coverage or enterprise coverage. Individual coverage lies where the employee is engaged in commerce or the production of goods for commerce. 29 U.S.C.S. § 207(a)(1). Enterprise coverage lies where the employee works for an enterprise engaged in commerce or in the production of goods for commerce. § 207(a)(1). *Josendis v. Wall to Wall Residence Repairs, Inc.*, 606 F. Supp. 2d 1376, 1378 (S.D. Fla. 2009).

6. By Plaintiff's own admission, he has never worked on the production of goods for commerce. Mr. Aneiros' Deposition Transcript, 12:9-21.Therefore, individual coverage cannot be found as a matter of law.

7. With respect to enterprise coverage, the Affidavit of Orlando A. Fernandez ("Mr. Fernandez") conclusively establishes that VIORMAR TRADING CORPORATION, N.V., does not engage in commerce or in the production of goods for commerce. Seeing that the Plaintiff has produced no evidence to contradict Mr. Fernandez's affidavit, there is no genuine dispute of material fact with respect to Defendants liability under individual or enterprise coverage.

8. Additionally, 29 U.S.C.S. § 203(s)(1) requires that an entity have an annual gross volume of sales that exceed $500,000.00. The tax returns produced by Defendant conclusively

establish that VIORMAR TRADING CORPORATION, N.V., does not have an annual gross volume of sales that exceed this threshold amount.

9. This Court holds that Plaintiff is an independent contractor and Defendants cannot be held liable under the theories of individual or enterprise coverage. Seeing that Fla. Const. Art. X, § 24(f) adopts the definitions, administrative interpretations, case law, and other guiding standards developed under the Fair Labor Standards Act, The Court rules that Defendants are entitled to Summary Judgment against Count I and Count II of Plaintiff's Amended Complaint.

10. With respect to Count III in Plaintiff's Amended Complaint, Violation of the Trafficking Victims Protection Act ("TVPA"), the Court holds that Plaintiff has failed to show that he was lured and/or coerced into forced labor through any threat of serious harm.

11. While the Court recognizes that Plaintiff may have no choice but to make living arrangements elsewhere, the Plaintiff has failed to show that Defendants have actively or indirectly prevented Plaintiff from doing so through the threat of serious harm. The deposition testimony from Plaintiff clearly shows that he was able, and did, work for himself and others during the relevant period. Mr. Aneiros Deposition Transcript, 29:14-23.

12. The Court also finds that Plaintiff is intending to capitalize on the sale of Defendants property. Plaintiff appears to know the exact worth of the property and states that he will vacate the property if he receives an "advance" from the sale. Mr. Aneiros' Deposition Transcript, 58:12-25; 59:1-7.

13. For these reasons, the Court finds that Defendants are entitled to summary judgment as to all counts raised in Plaintiff's Amended Complaint.

**DONE** and **ORDERED** in Miami, Florida on this _____ day of _____, 2024.

_____
**DARRIN P. GAYLES**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record