
QUESTION #19



# State of Florida
## Department of State

I certify that the attached is a true and correct copy of the Articles of Incorporation of VIORMAR TRADING CORPORATION, N.V., a corporation organized under the laws of The Netherlands Antilles, filed on February 5, 1979.

The Charter Number for this corporation is 842539.

Given under my hand and the Great Seal of the State of Florida, at Tallahassee, the Capital, this the 6th day of February, 1979

*Secretary of State*



CER 101
12-78

NETHERLANDS ANTILLES
ISLAND OF CURACAO
CITY OF WILLEMSTAD              } SS: ..........................
CONSULATE GENERAL OF THE
UNITED STATES OF AMERICA

I, ....Michael R. Strahan.......... Vice- Consul of the United States of America at Curaçao, Netherlands Antilles, duly commissioned and qualified, do hereby certify that ....Mary Jane Hellmund................................................ whose true signature and official seal are, respectively, subscribed and affixed to the annexed certificate, was on the date thereof, the ........12th........ day of ........December........, 19..78.., ....a sworn translator................................................ in Curaçao, to whose official acts, faith and credit are due.

IN WITNESS WHEREOF I have hereunto set my hand and affixed the seal of the Consulate General of the United States of America at Curaçao, Netherlands Antilles, this ................ day of ........January........, 19..79..

Vice- Consul of the United States
of America

The Undersigned:

EDUARD JAN ASCHERMANN, a candidate-notary, residing in Curacao, acting for Gerard Christoffel Antonius Smeets, a civil-law notary, residing in Curacao,

herewith certifies:

that the limited liability company: VIORMAR TRADING CORPORATION N.V.
has been legally incorporated by the limited liability companies: CURACAO CORPORATION COMPANY N.V. and NETHERLANDS ANTILLES CORPORATION COMPANY N.V., both established in Curacao;

by deed, executed before the undersigned, on December 12, 1978,
that on a draft of the deed of incorporation the declaration of no-objection, referred to in article 38 of the Commercial Code of the Netherlands Antilles, was issued by the Minister of Justice of the Netherlands Antilles on December 11, 1978 under number 16067/JAZ;

that the registered office of the company is:

Handelskade 8
Curacao
Netherlands Antilles;

that the managing director of the company is: CURACAO CORPORATION COMPANY N.V.

that the limited liability company VIORMAR TRADING CORPORATION N.V.
is legally existing in good standing under the laws of the Netherlands Antilles with articles reading as per the attached documents.

IN WITNESS WHEREOF, I have set my hand hereunto, after having affixed my official seal of office.

Curacao, December 12, 1978.



# ARTICLES OF INCORPORATION

## NAME AND DOMICILE
### Article 1
1. The name of the company is: VIORMAR TRADING CORPORATION N.V.
2. The company is established in Curacao.

## PURPOSE
### Article 2
1. The purpose of the company is:
a. to invest its assets in securities, including shares and other certificates of participation and bonds, as well as other claims for interestbearing debts however denominated and in any and all forms;
b. to acquire:
  i) revenues derived from the alienation or leasing of the right to use copyrights, patents, designs, secret processes or formulae, trademarks and other analogous property;
  ii) royalties, including rentals, in respect of motion picture films or for the use of industrial, commercial or scientific equipment, as well as relating to the operation of a mine or a quarry or of any other extraction of natural resources and other immovable properties;
  iii) considerations paid for technical assistance.
c. to acquire, own, alienate, manage, rent, lease, mortgage or otherwise encumber real properties and/or any right or interest of the company in such real properties.
d. the trade in - including the wholesale trade, the intermediate trade and the trade in futures as well as the import and export of - raw materials, minerals, metals, organic matters, semiproducts and final products of whatever nature and under whatever name.

2. The company is entitled to do all that may be useful or necessary for the attainment of its object or that is connected therewith in the widest sense, including to participate in any other venture or company.

## DURATION
### Article 3

The company is constituted for an indefinite period of time.

## CAPITAL AND SHARES
### Article 4

1. The authorized capital of the company amounts to thirty thousand United States Dollars (US$ 30,000.--), divided into thirty thousand (30,000) shares of one United States Dollar (US$ 1.--) each, of which six thousand (6,000) shares are subscribed for.
2. Fractional shares may be issued.

### Article 5

1. The shares will be issued in registered form or, provided they are paid up in full, in bearer form.
2. The registered shares shall be entered in the stock register, which shall be kept by or on behalf of the Managing Board.
3. Shares shall be issued by the Managing Board.
4. On the request of a shareholder, share-certificates may be issued for registered shares. For bearer shares share-certificates shall be issued, which can be provided with dividend-coupons and a talon in order to obtain new dividend-coupons. Share-certificates shall be signed by or on behalf of the management
5. The transfer of registered-shares is effected either by serving a deed of conveyance upon the company, or through written acknowledgement of the transfer by the company. The latter can only take place by an annotation on the share-certificate, if share-certificates have been issued.
6. The foregoing paragraph shall also apply in the case of an allocation resulting from a division and partition of community.
7. The company may acquire for its own account for a valid consideration fully paid up shares in its own capital stock up to such an amount that at least one/fifth part of the authorized capital remains outstanding with others than the company itself.
8. The company may not derive any rights from its treasury shares. For the purpose of establishing the issued capital such shares shall not be included as part of such capital.

## MANAGEMENT
### Article 6

1. The management of the company is commissioned to a Managing Board, consisting of one or more managing directors.
2. The managing directors are appointed by the general meeting of shareholders and may be suspended and removed by it at all times.
3. The company is represented at law and otherwise by any one of the managing directors, also in case of a conflict of interests between the company and one or more managing directors either acting in private or ex officio.
4. The Managing Board is entitled to appoint attorneys-in-fact. It regulates their powers and the manner in which they will represent the company and sign for it and in general the conditions of their appointment.
5. The Managing Board is authorized to enter into such contracts as are referred to in Article 60 of the Commercial Code of the Netherlands Antilles without previous approval by the

ral meeting of shareholders.

6. In case one or more managing directors are prevented from or are incapable of acting as such, the management shall be left entirely to the remaining managing directors or remaining managing director.

7. In case all managing directors or the only managing director are (is) prevented from or are (is) incapable of acting as such, a person yearly appointed by the general meeting of shareholders, will be in charge of the management of the company.

## GENERAL MEETINGS OF SHAREHOLDERS
### Article 7

1. General meetings of shareholders shall be held on Curacao.

2. The annual general meeting of shareholders shall be held within nine months of the close of the company's financial year.

3. In said meeting:
   a. the Managing Board shall render a report on the business of the company and the conduct of its affairs during the preceding financial year;
   b. the balance sheet and the profit and loss account shall be adopted, after having been submitted together with an explanatory statement, stating by what standard the movable and immovable property of the company have been appraised;
   c. the person, referred to in article 6, paragraph 7, shall be appointed;
   d. such proposals shall be dealt with as shall have been included in the agenda specified in the notice of convocation of the meeting.

### Article 8

1. General meetings of shareholders shall be convoked by means of air mail letters, mailed to the addresses of shareholders as stated in the register of shareholders kept by the Managing Board, and if bearer shares are outstanding, by means of an advertisement inserted in a newspaper, published in Curacao.

2. The notice shall be mailed, respectively published at least twenty days prior to the date of the meeting. Said period may be reduced to ten days, excluding the day on which the notice is mailed, respectively published and the day on which the meeting is held, in case action of the shareholders' meeting is urgently required.

3. The agenda for the meeting shall be specified in the notice of convocation of the meeting or it shall be stated that the shareholders may take cognizance thereof at the office of the company.

4. General meetings shall be presided over by a person, designated thereto by such meeting.

5. All resolutions of the annual and special general meetings of shareholders shall be taken by absolute majority of votes, if not otherwise provided for by these articles of incorporation.

6. Shareholders may be represented at the meeting by proxy designated by letter or telegram.

7. Managing directors or in general persons employed by the company may not act as proxies of shareholders at a meeting.

8. One vote may be cast for each share.

9. Valid votes may also be cast for the shares of those

going, irrespective of the capital represented.
3. In the event of dissolution of the company, the liquidation shall take place under such provisions as the general meeting of shareholders shall determine.

I, Mrs. MARY JANE HELLMUND, a sworn translator, residing in Curacao, knowing the Dutch and English languages, do hereby certify that the foregoing is a true translation of the articles of incorporation of the limited liability company VIORMAR TRADING CORPORATION N.V. established in Curacao.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my official seal of office on this twelfth day of December nineteenhundred and seventy-eight.



who (otherwise than as shareholders of the company) would acquire any right or be discharged from any obligation towards the company, by the resolution to be adopted.

10. Proposals of items for an agenda to be made by shareholders, either for the annual or for the special general meetings can only be dealt with if presented to the Managing Board in writing at such time that they can be announced with observance of the term set and in the manner described for the convocation.

11. However, when the entire issued share capital is represented at any general meeting of shareholders, valid resolutions may be adopted, even if the provisions of these articles of incorporation with respect to convocation, specification of the agenda or place of the meeting have not or have only partially been observed, provided that such a resolution is unanimously adopted.

## FINANCIAL YEAR
### Article 9

1. The financial year of the company runs from January first up to and including December thirty-first of each year.
2. The first financial year of the company runs from the date of the company's incorporation until the thirty-first day of December nineteenhundred and seventy-nine, inclusive.

## BALANCE-SHEET AND PROFIT AND LOSS ACCOUNT
### Article 10

1. Within eight months after the close of the company's financial year, the balance-sheet and profit and loss account covering the preceding year, with the explanatory statement referred to in article 7, paragraph 3, shall be submitted to the general meeting of shareholders by the Managing Board.
2. The balance-sheet and profit and loss account shall be adopted by the annual meeting of shareholders.
3. The adoption of the balance-sheet and profit and loss account shall acquit and discharge the managing director(s) for his (their) management during the preceding financial year.

## DISTRIBUTION OF PROFITS
### Article 11

1. The profits, by which is to be understood the net profits according to the profit and loss account, may be accumulated or paid out in the form of dividends at the discretion of the general meeting of shareholders.
2. If and in so far as the profits of the company permit same, the Managing Board may resolve to declare one or more interim-dividends as an advance payment of expected dividends.
3. In the event that the profit and loss account shows a loss over any given year, which loss cannot be covered by the reserves or compensated in another manner, no profit shall be distributed in any subsequent year, so long as the loss has not been recovered.

## AMENDMENT OF THE ARTICLES OF INCORPORATION AND LIQUIDATION OF THE COMPANY
### Article 12

1. Resolutions to amend the articles of incorporation or to dissolve the company may only be passed in a general meeting of shareholders, at which at least three/fourths of the issued capital is represented.
2. If the required issued capital is not represented at said meeting, a second meeting shall be convened, to be held within two months after the first one, at which second meeting