UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:24-CV-20772-GAYLES/LOUIS

DENNIS ANEIROS

    Plaintiff,

vs.

VIORMAR TRADING CORPORATION, N.V.,
AND ORLANDO A. FERNANDEZ,

    Defendants.

_____/

## DEFENDANTS' STATEMENT OF MATERIAL FACTS

Defendants, VIORMAR TRADING CORPORATION, N.V., ("VIORMAR TRADING") and ORLANDO A. FERNANDEZ ("Mr. Fernandez")(collectively Defendants), in compliance with this Court's January 13, 2025 Order striking Defendants' Motion for Summary Judgment for failure to comply with Local Rule 56.1(b)(1), files it's Statement of Material Facts in support of Defendants' Amended Motion for Summary Judgment [ECF No. 39], and as grounds states:

    1.    On or about 2010, Orlando Fernandez's father discovered Plaintiff, DENNIS ANEIROS ("Mr. Aneiros") on VIORMAR TRADING's property (the "Property"). Mr. Aneiros was living out of his car at the time. (Ex. 1, Mr. Aneiros' Deposition Transcript, 11:1-5, and Ex. 2 Orlando Fernandez's Affidavit.)

    2.    As an act of charity, Orlando Fernandez's father allowed Mr. Aneiros to sleep in one of the vacant offices on the Property. ( Ex. 2, Orlando Fernandez's Affidavit.)

3. Mr. Aneiros alleges that he was working for Defendants since approximately 2010. *See* Paragraph 18 of Mr. Aneiros' Second Amended Complaint [ECF No. 13].

4. Mr. Aneiros alleges that he had never been paid for the alleged work he performed on behalf of Defendants. Mr. Aneiros alleges that Defendants allowed him to reside in an office of one of their commercial properties in lieu of payment. *See* Mr. Aneiros' Second Amended Complaint, Paragraph 20 [ECF. No. 13].

5. Mr. Aneiros alleges that after the passing of Orlando Fernandez's father, Orlando Fernandez continued with the scheme his father created, to allow Mr. Aneiros to reside in the property in lieu of payment. *See* Mr. Aneiros' Second Amended Complaint, Paragraph 48 [ECF No. 13].

6. Mr. Aneiros alleges that he performed various job duties including but not limited to: cleaning, repairing, renovating, collecting, renting for its commercial property rentals, and demolition. *See* Paragraphs 17 and 50 of Mr. Aneiros' Second Amended Complaint [ECF No. 13].

7. Mr. Aneiros' Second Amended Complaint alleges that "To the extent that records exist regarding the exact dates of Plaintiff's employment, such records are believed to be in the exclusive custody of Defendants." *See* Paragraph 19 of Mr. Aneiros' Second Amended Complaint. [ECF No. 13]

8. Defendants do not have any employment file on Mr. Aneiros because he was never an employee.

9. The record clearly establishes that at best Mr. Aneiros was an independent contractor and at worst, a disgruntled tenant.

10. Mr. Aneiros' Second Amended Complaint does not state what VIORMAR TRADING's business purpose was or how his work was integral to the interest of Defendants business.

11. Mr. Aneiros' Second Amended Complaint does not allege that Defendants provided him with the tools or materials necessary to carry out Defendants business interests.

12. The record does not show that Defendants provided Mr. Aneiro's with the tools or materials necessary to carry out Defendants business interests. In fact, Mr. Aneiro's deposition testimony shows the exact opposite. *(*Ex. 1, Mr. Aneiros' Deposition Transcript, 94:24-25; 95:1-15**.** (Mr. Aneiros was required to obtain his own postage for his alleged mailing duties).

13. Mr. Aneiros' Amended Complaint does not allege that Mr. Aneiros was precluded from performing services for others. In fact, Mr. Aneiros' deposition testimony shows that he often performed work for others and for himself. (Ex. 1, Mr. Aneiros' Deposition Transcript, 28:14-25; 29:1-11; 31:15-22).

14. Mr. Aneiros' Second Amended Complaint does not allege that Mr. Aneiros was provided a fixed work schedule. Instead, Mr. Aneiros' deposition testimony shows that he was never provided a work schedule by the Defendants. (Ex. 1, Mr. Aneiros' Deposition Transcript 25:20-25.)

15. Additionally, the record clearly refutes that the Defendants are liable under either individual or enterprise coverage pursuant to the FLSA. See Paragraph 13 of Mr. Aneiros' Second Amended Complaint alleging that Defendants earn more than the $500,000.00 threshold necessary to bring an FLSA claim, and See Defendants Response

to Plaintiff's First Request for Production, VIORMAR TRADING's Tax Returns attached hereto as Ex. 3.

16. Plaintiff's Second Amended Complaint alleges that Defendants regularly employed more than two employes that handled goods that traveled through interstate commerce (an FLSA requirement), but Mr. Aneiros testified in his deposition that Defendants did not have any employees during the relevant period. (Ex. 1 Mr. Aneiros' Deposition Transcript, 12:4-6).

17. Mr. Aneiros claims to have collected rent on behalf of Viormar, but testified that he was collecting rent for Cristina Fernandez's company, who is not a party to this suit. (Ex. 1, Mr. Aneiros' Deposition Transcript, 20:18-25, and 22:4-13).

18. Mr. Aneiros claims to have performed intricate construction work, including work required for a building to be in compliance with Florida's mandated 40-year recertification, while not having the appropriate licenses to do said work. (Ex. 1, Mr. Aneiros' Deposition Transcript, 26:15-25; 27:1; 42:18-25; 43:1)

19. Mr. Aneiros testified that he was free to to work with any other company/person during his alleged employment with VIORMAR TRADING. (Ex. 1, Mr. Aneiros' Deposition Transcript, 28:14-25; 29:1-11; 31:15-22).

20. Mr. Aneiros claims to have been enslaved by Defendants, but simultaneously testifies that he viewed the Defendants as family and that he would care for them. (Ex. 1, Mr. Aneiros' Deposition Transcript, 11:22-25, 51:23-25, 52:1.)

21. Mr. Aneiros testified that he was aware that Defendants are trying to sell the property, but refuses to leave unless the Defendants pay him for his alleged work.

When asked "So you wouldn't say that's extortion?" Mr. Aneiros responded by saying "And they exploited my whole life.". (Ex. 1, Mr. Aneiros Deposition Transcript 59:1-7).

                     Respectfully submitted,

                     By: */s/Robert Twombly*
                     Robert Twombly, Esquire
                     FBN: 60127

                     By: */s/David Alvarez*
                     David Alvarez, Esquire
                     FBN: 1054426

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the undesigned counsel, on this 13th day of January, 2025, served the foregoing upon counsel for the Plaintiff by email to: bvirues@lawgmp.com, Garcia-Menocal, P.L, 350 Sevilla Ave, Coral Gables, FL 33134 and rdiego@lawgmp.com, The Law Office of Ramon J. Diego, P.A., 5001 SW 74th Court, Miami, FL 33155.

                     Respectfully submitted,

                     **WHITE & TWOMBLY, P.A.**
                     *Counsel for Defendants*
                     9999 NE 2nd Avenue, Suite 306
                     Miami Shores, Florida 33138
                     Telephone: (786) 502-2038
                     robert@whitetwombly.com
                     david@whitetwombly.com
                     paralegalryt@whitetwombly.com

                     By: */s/Robert Twombly*
                     Robert Twombly, Esquire
                     FBN: 0060127

                     By: */s/David Alvarez*
                     David Alvarez, Esquire
                     FBN: 1054426