UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:24-CV-20772-GAYLES/LOUIS

DENNIS ANEIROS

    Plaintiff,

vs.

VIORMAR TRADING CORPORATION, N.V.,
AND ORLANDO A. FERNANDEZ,

    Defendants.

_____/

# DEFENDANTS' RESPONSE TO PLAINTIFF'S ADDITIONAL MATERIAL FACTS

Defendants, VIORMAR TRADING CORPORATION, N.V., and ORLANDO A. FERNANDEZ, pursuant to Local Rule 56.1(B)(3), hereby files its response to Plaintiff's Additional Material Facts, and states:

22. Undisputed.

23. Undisputed.

24. Undisputed.

25. Undisputed

26. Undisputed

27. Undisputed.

28. Undisputed.

29. Undisputed.

30. Disputed. Plaintiff's additional material facts cite to the deposition transcripts of Orlando Fernandez (Plaintiff's Ex. 10, 24:2-17 and 45:6-13), Christina Fernandez (Ex. 8, 66:7-67:12), and Plaintiff, Dennis Aneiros (Ex. 1, 43:6-9). The citations for Mr. Fernandez's deposition do not indicate that there were any exportations of goods between foreign countries. Mr. Fernandez does confirm that Viormar rents out warehouse space to commercial tenants. Similarly, Christina Fernandez's deposition also does not state that Viormar has ever engaged in the exportation of goods between foreign countries, instead she states that that Viormar does not engage in any type of business and only exists because her grandfather incorporated it so that he could own a building as a corporation that is not in his name. With respect to Mr. Aneiros' testimony, he is asked if he has ever seen Viormar rented out for residential purposes and he says that he has not. Additionally, Mr. Aneiros also testified that nothing he had worked on at Viormar has ever left the State of Florida. See Ex. 1, 12:9-21.

31. Undisputed.

32. Undisputed.

33. Undisputed.

34. Undisputed.

35. Disputed. Plaintiff cites to Mr. Aneiros's deposition transcript, but this is directly disputed in Orlando Fernandez's Affidavit (Defendants Ex. 2) and through Orlando Fernandez's deposition transcript. Plaintiff never worked for Defendants. (Plaintiff's Ex. 10, 34:19-24 and 64:1-18).

36. Undisputed in part. It is undisputed that Viormar is unfit for residential purposes. Viormar is and always was intended to be a commercial facility. Plaintiff has been illegally

squatting on the property for years and Defendants have repeatedly asked him to leave. (Plaintiff's Ex. 10, 49:14-22).

37. Disputed. There is no evidence aside from Mr. Aneiro's testimony that this communication has occurred. Moreover, Mr. Fernandez's deposition testimony indicates that Plaintiff has been asked to vacate the property on several occasions. (Plaintiff's Ex. 10, 49:14-22).

38. Disputed. Again, there is no evidence aside from Plaintiff's testimony that this communication occurred. Similarly, Defendants have maintained that they have repeatedly asked Plaintiff to vacate the premises. (Plaintiff's Ex. 10, 49:14-22).

39. Disputed. Mr. Aneiro's own deposition testimony states that he is grateful to Mr. Fernandez's father, views the Defendants as family, and does not want to see Viormar fail. It was not until he learned of Defendants intent to sell the property that he began making these claims. (See Ex. 1, Mr. Aneiros' Deposition Transcript, 11:22-25; 66:19-25; 67:1-13).

40. Disputed. There is no evidence aside from Plaintiff's testimony that this communication occurred. Moreover, Mr. Fernandez deposition testimony indicates that he doesn't want Plaintiff on the property, let alone moving into another one of his properties. (Plaintiff's Ex. 10, 49:14-22).

41. Disputed. There is no evidence aside from Plaintiff's testimony that this communication occurred. Additionally, Defendants have continually maintained the position that Plaintiff has never worked for them. (Plaintiff's Ex. 10, 34:19-24 and 64:1-18; Defendant's Ex. 2).

42. Disputed. (Plaintiff's Ex. 10, 34:19-24 and 64:1-18; Defendants's Ex. 2).

43. Undisputed.

44. Disputed. The evidence Plaintiff cites is untranslated text messages and paraphrased deposition transcripts which Defendant's response shows are misconstrued. (ECF No. 39 Defendant's Amended Motion for Summary Judgment).

45. Disputed. The evidence Plaintiff cites is untranslated text messages and paraphrased deposition transcripts which Defendant's response shows are misconstrued. (ECF No. 39 Defendant's Amended Motion for Summary Judgment).

46. Disputed. The evidence Plaintiff cites is untranslated text messages and paraphrased deposition transcripts which Defendant's response shows are misconstrued. (ECF No. 39 Defendant's Amended Motion for Summary Judgment).

47. Disputed. The evidence Plaintiff cites is untranslated text messages and paraphrased deposition transcripts which Defendant's response shows are misconstrued. (ECF No. 39 Defendant's Amended Motion for Summary Judgment)(See Ex. 1, Mr. Aneiros' Deposition Transcript, 25:1-10, 43:22-44:11, 96:20-97:15, 116:2-118).

48. Disputed. The evidence Plaintiff cites, particularly the deposition transcript of Christina Fernandez makes no mention of Viormar helping Plaintiff obtain a notary public license, rather it states that Christina helped him as favor and that he would sometimes notarize for a company called Corina which is not a party to this suit. (Ex. 8, Christina Fernandez Dep., 99:11-101:8). As stated previously, the unauthenticated translations of the text messages also remain in dispute.

49. Disputed. Mr. Ferndanez's deposition testimony clearly states that Plaintiff would do this as a favor and that it was not on a daily basis. (Plaintiff's Exhibit 10, Orlando Fernandez Dep., 75:20-76:1-3).

50. Disputed. Mr. Aneiros own testimony states he would buy his own postage. (Ex. 1 Depo. Transcript of Mr. Aneiros, 94:24-25; 95:1-15).

51. Disputed in part. The letter makes no mention of Plaintiff sending mail for several months. While the deposition transcript of Mr. Fernandez does say several months, he also states that Plaintiff would do this as a favor since he was already on the property. (Plaintiff's Ex. 15, September 29, 2023 Letter from Orlando Fernandez to Aneiros and Plaintiff's Ex. 10,Orlando Fernandez Dep., 74-76:25).

52. Disputed in part. Mr. Aneiros was not responsible for receiving checks from Defendant Fernandez that were made out to Viormar, but since he was squatting on the property he would receive the deposits and deposit them into Ocean Bank.

53. Undisputed.

54. Disputed in part. There is no evidence supporting that Plaintiff represented Defendants before the City of Doral. The citations from Mr. Fernandez deposition show that Defendants would hire contractors to perform said work and at most Plaintiff would say that he knew someone who may be able to assist. Additionally, at this point of the deposition, Plaintiffs counsel is referencing untranslated messages and once Defendant has the chance to translate them himself, it becomes clear that Plaintiff wasnt instructed to remove vehicles, rather Defendant states that it was another tenant's responsibility. With respect to the waste removal, Mr. Fernandez clearly states that this waste was Plaintiff's contribution to the property by virtue of his illegal squatting and the tires were removed by a third party who Plaintiff happened to find. (Plaintiff's Ex. 10, Orlando Fernandez Dep., 80-85:1-25; 87:1-96:1-3).

55. Disputed. There is no record evidence aside from Plaintiff's testimony that these "instructions" ever occurred. What is on the record is Plaintiff stating that he would do favors for friends and family and that he considered Defendants family. (Ex. 1, Mr. Aneiros' Deposition Transcript, 66:19-25; 67:1-13)

56.     Disputed in part. Defendants have not paid Mr. Aneiros, but that is because Mr. Aneiros was never employed by Defendants. (Plaintiff's Ex. 10, 34:19-24 and 64:1-18; Defendant's Ex. 2)

57.     Disputed. The record clearly reflects that Plaintiff was free to work for others. Plaintiff has been providing a variety of services to others for years in an independent contractor capacity. If he was required to vacate the property, he would have to find a new property and pay rent just like everyone else. (Ex. 1, Mr. Aneiros Deposition Transcript, 28:14-25; 29:1-11, 29:14-23).