UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:24-CV-20772-GAYLES/LOUIS

DENNIS ANEIROS,

    Plaintiff,

vs.

VIORMAR TRADING CORPORATION,
N.V., AND ORLANDO A. FERNANDEZ,

    Defendants.
_____/

## PLAINTIFF'S AMENDED STATEMENT OF MATERIAL FACTS

Plaintiff, Dennis Aneiros ("Mr. Aneiros"), pursuant to Fed. R. Civ. P. 56 and Local Rule 56.1, files this Statement of Material Facts in response to Defendants' Statement of Material Facts [ECF No. 39], and in support of his Amended Response and Counter-Motion for Summary Judgment [ECF No. 49] as follows:

    1.    Undisputed.

    2.    Disputed. Defendant Orlando Fernandez's ("Defendant Fernandez") father, Orlando Bello, offered to allow Mr. Aneiros to sleep inside of Defendants' property so that Defendants and Mr. Bello could benefit from the labor that Mr. Aneiros provided for them. (ECF No. 36-1, Aneiros Dep., 27:14-28:23, 33:22-34:3, 86:8-20.)

    3.    Undisputed.

    4.    Undisputed.

    5.    Undisputed.

    6.    Undisputed.

1

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

7. Undisputed.

8. Disputed that Mr. Aneiros was never an employee of Defendants. Given Mr. Aneiros' involvement in interstate commerce while working for Defendants, in conjunction with Defendants' supervision and control over the work he performed, Mr. Aneiros must be deemed an "employee" of Defendants within the meaning of the Fair Labor Standards Act ("FLSA").

9. Disputed. Mr. Aneiros was Defendants' "employee" within the meaning of the FLSA.

10. Undisputed. However, Viormar's Articles of Incorporation filed with the State of Florida state that its business purposes include, *inter alia*: (i) investing in securities; (ii) acquiring revenues from alienation or leasing of copyrights, patents, and trademarks; (iii) acquiring royalties from motion picture films, the use of commercial or scientific equipment, and extraction of natural resources; (iv) owning and leasing real property; and (v) engaging in the trade of raw materials, minerals, metals, and organic matter. (ECF No. 36-2, Viormar – Articles of Incorporation.)

11. Undisputed.

12. Disputed. Throughout his employment, Mr. Aneiros performed work for Defendants using tools and materials which have been moved and distributed through interstate commerce, and which Defendant Fernandez purchased and supplied to him, including a Toro leafblower, Bauer sander, Ridgid shop vacuum, McGraw air compressor, Hyper Tough power drill, Populo power rotary, Central Machinery band saw, Skil table saw, Black Jack roof cement, Glidden paint, and Behr paint and primer. (ECF No. 36-1, Aneiros Dep., 26:5-21, 77:17-78:4, 101:3-18; ECF No. 36-3, Tools Provided to Dennis Aneiros by Defendants.) Additionally, as part of Mr. Aneiros' regular and recurring job duty of mailing letters and packages for Defendants, Defendant Fernandez would instruct him to send packages to Curacao using packaging materials and postage which

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

Defendant Fernandez purchased and gave to Mr. Aneiros. (ECF No. 36-1, Aneiros Dep., 94:12-95:10.)

13. Undisputed that the Second Amended Complaint does not allege that Mr. Aneiros was precluded from providing services for other businesses or individuals. However, Defendants prevented Mr. Aneiros from seeking outside employment by requiring him to remain at the Defendants' property at all times. (*Id.* at 57:16-18, 59:11-16, 65:15-20, 73:2-16, 86:8-20, 111:9-19.)

14. Undisputed that the Second Amended Complaint does not allege that Mr. Aneiros was provided with a fixed work schedule during his employment with Defendants. Rather, Mr. Aneiros was required to remain at the property owned by Viormar at all times performing work for Defendants, awaiting their instructions, and receiving shipments to/from/for Defendants. (*Id.*)

15. Disputed. Although Defendants deny that their gross annual revenues during the applicable time period exceeded $500,000, Mr. Aneiros' work for Defendants affected interstate commerce, thereby subjecting him to individual coverage under the FLSA.

16. Undisputed that the Second Amended Complaint alleges that Defendants employed two or more employees, and that Mr. Aneiros stated during his deposition that Defendant Viormar Trading Corporation, N.V. ("Viormar") did not have any employees other than himself. However, disputed that Defendants did not actually employ individuals other than Mr. Aneiros. In addition to employing Mr. Aneiros, Viormar also employed Defendant Fernandez and his daughter, Christina Fernandez. (ECF No. 36-4, Viormar – Annual Reports, at 18-30.)

17. Undisputed that Mr. Aneiros collected rent for Corina Investments, Inc, Corina Properties, LLC, and/or Corinas, Inc—three business entities for which Defendant Fernandez and

3

his daughter, Christina Fernandez, served as officers.[1] However, Defendant Fernandez "motivated" Mr. Aneiros to collect rent payments, and those directions/instructions "would come from Viormar." (ECF No. 36-5, Corina Investments, Inc – Annual Reports; ECF No. 36-6, Corina Properties, LLC – Annual Reports; ECF No. 36-7, Corinas, Inc – Annual Reports; ECF No. 36-1, Aneiros Dep., 21:25-22:13; ECF No. 36-8, Christina Fernandez Dep., 26:15-28:12, 97:6-98:16; ECF No. 36-9, March 1, 2017 Letter from Corina/Christina Fernandez.)

18.  Undisputed.

19.  Undisputed that Mr. Aneiros was permitted to engage in outside work during his employment with Defendants. However, Defendants prevented Mr. Aneiros from seeking outside employment because he was required to remain at the property owned by Defendants at all times. (ECF No. 36-1, Aneiros Dep., 57:16-18, 59:11-16, 65:15-20, 73:2-16, 86:8-20, 111:9-19.)

20.  Undisputed.

21.  Undisputed.

### PLAINTIFF'S ADDITIONAL MATERIAL FACTS

22.  Viormar was formed in Curacao in 1978 by Orlando Bello, the father of Defendant Fernandez. (ECF No. 36-10, Orlando Fernandez Dep., 25:7-26:4; ECF No. 36-2, Viormar – Articles of Incorporation.)

23.  Viormar was created to facilitate the export of merchandise, including clothing, to Venezuela from countries such as China. (ECF No. 36-10, Orlando Fernandez Dep., 26:9-27:1; 28:13-22.)

---

[1] Notably, the Articles of Incorporation for Corina Investments, Inc and Corina Properties, LLC list their principal places of business as the address of the Viormar Warehouse.

4

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

24. Viormar's corporate books are located in Curacao. (ECF No. 36-10, Orlando Fernandez Dep., 41:16-24.)

25. Orlando Bello was named as an officer/director of Viormar through 2011. (ECF No. 36-4, Viormar – Annual Reports, at 1-17.)

26. Defendant Fernandez inherited Viormar from his father, Orlando Bello. (ECF No. 36-8, Christina Fernandez Dep., 74:24-75:4.)

27. Defendant Fernandez and his daughter, Christina Fernandez, were appointed as officers/directors of Viormar in 2012, and have served in that capacity until the present. (ECF No. 36-4, Viormar – Annual Report, at 18-30.)

28. Although Defendant Fernandez and Christina Fernandez claim that Defendant Fernandez and his father have been the only owners/shareholders of Viormar, the company's 2022 Form 5471 Information Return names three Curacao-based entities—Corpag Services Curacao N.V, Netherlands Antilles Corporation, and "Bearer"—as 25% direct shareholders of Viormar. (ECF No. 36-10, Orlando Fernandez Dep., 30:18-31:2, 31:10-25; ECF No. 36-8, Christina Fernandez Dep., 74:22-75:4; ECF No. 36-11, Viormar – Form 5471 for 2022, at 7.)

29. During the past five years, Defendant Ferndandez has been responsible for filing Viormar's taxes. (ECF No. 36-10, Orlando Fernandez Dep., 30:12-17, 32:1-3.)

30. In addition to facilitating the export of goods between foreign countries, Viormar engages in the business of renting warehouse space to commercial tenants. (ECF No. 36-10, Orlando Fernandez Dep., 24:2-17, 45:6-13; ECF No. 36-8, Christina Fernandez Dep., 66:7-67:12; ECF No. 36-1, Dennis Aneiros Dep., 43:6-9.)

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

31. Viormar owns the warehouse/office located at 7880-7884 N.W. 78th Street, Doral Florida (the "Viormar Warehouse"). (ECF No. 36-10, Orlando Fernandez Dep., 24:11-25:2; ECF No. 36-8, Christina Fernandez Dep., 24:11-15.)

32. Defendant Fernandez and his daughter, Christina Fernandez, met Mr. Aneiros over ten years ago after their father/grandfather found Mr. Aneiros living in homelessness nearby the Viormar Warehouse. (ECF No. 36-10, Orlando Fernandez Dep., 67:13-23; ECF No. 36-8, Christina Fernandez Dep., 63:16-64:11; ECF No. 36-1, Aneiros Dep., 12:1-3, 92:5-19.)

33. After Defendant Fernandez's father discovered Mr. Aneiros sleeping outside near the Viormar Warehouse, he offered to let Mr. Aneiros sleep inside of the warehouse. (ECF No. 36-10, Orlando Fernandez Dep., 101:9-14; ECF No. 36-8, Christina Fernandez Dep., 64:5-11.)

34. Mr. Aneiros has lived inside of the Viormar Warehouse ever since. (ECF No. 36-1, Aneiros Dep., 97:12-15; ECF No. 36-8, Christina Fernandez Dep., 81:19-23.)

35. In lieu of charging Mr. Aneiros rent to live in the Viormar Warehouse, Defendant Fernandez's father agreed to allow Mr. Aneiros to perform work for Viormar at the Viormar Warehouse. (ECF No. 36-1, Aneiros Dep. 27:14-28:23, 34:1-3, 86:8-20.)

36. The Viormar Warehouse is unfit for residential purposes, as it has no shower, kitchen, or air conditioning, and contains mold, cockroaches, and spiders. (*Id.* at 56:12-14; ECF No. 36-8, Christina Fernandez Dep., 81-82:19-4; ECF No. 36-12, Photographs of the Viormar Warehouse.)

37. After Defendant Fernandez acquired Viormar from his father, he told Mr. Aneiros that he inherited Mr. Aneiros along with the Viormar Warehouse, and that Mr. Aneiros was his property. (ECF No. 36-1, Aneiros Dep., 27:6-11, 67:1-6.)

6

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

38.    Defendant Fernandez instructed Mr. Aneiros not to tell anyone that he lived and worked inside of the Viormar Warehouse. (ECF No. 36-1, Aneiros Dep., 93:5-10.)

39.    Mr. Aneiros believes that Defendants have enslaved him and exploited him for his labor. (*Id.* at 58:3-5, 59:7.)

40.    At one point, Defendant Fernandez told Mr. Aneiros that he wanted Mr. Aneiros to move to a farm that Fernandez owned, so that Mr. Aneiros could continue working for him there and grow crops on the property. (*Id.* at 50:14-23.)

41.    Defendant Fernandez stated to Mr. Aneiros that if he stopped performing work for Defendants, then he would be evicted from the Viormar Warehouse. (*Id.* at 45:19-21, 115:14-22.)

42.    From the time that Mr. Aneiros moved into the Viormar Warehouse until the present, he has performed work for the benefit of Viormar including repairs and maintenance to the Viormar Warehouse, cleaning the warehouse and its parking lot, removing debris, painting the warehouse, and guarding the property. (*Id.* at 96:20-97:15.)

43.    In a letter dated December 12, 2016, written on Viormar letterhead, Defendant Fernandez acknowledged Mr. Aneiros' appointment as the individual in charge of the care, order, maintenance, and upkeep of the Viormar Warehouse. (ECF No. 36-13, December 12, 2016 Letter from Orlando Fernandez to Jessy's Limousines; ECF No. 36-10, Orlando Fernandez Dep., 56:10-57:21.)

44.    Defendant Fernandez would regularly instruct Mr. Aneiros to perform maintenance and renovation work for Viormar at its warehouse such as painting, pressure washing, repairing walls, removing debris, restructuring its wooden foundation, demolishing portions of the warehouse, fixing lights and ceilings for Viormar's commercial tenants, and installing faucets as well as a water heater. (ECF No. 36-1, Aneiros Dep., 26:5-21, 42:5-12, 42-43:25-1, 53:15-54:2, 90:12-23, 97:23-100:7,

7

102:17-103:1, 104:16-18, 111:25-113:10; ECF No. 36-14, Texts between Orlando Fernandez and Aneiros, at 36-44, 48-50, 54, 57.)

45. Working under the direction, instruction, and specifications of Defendant Fernandez, Mr. Aneiros performed the above work for the benefit of Viormar using tools and materials which Defendant Fernandez purchased and supplied to Mr. Aneiros. (ECF No. 36-1, Aneiros Dep., 26:5-21, 77:17-78:4, 101:3-18; ECF No. 36-14, Texts between Orlando Fernandez and Aneiros, at 36-45, 48-52, 54, 57.)

46. Defendant Fernandez provided Mr. Aneiros with tools such as a Toro leafblower, Bauer sander, Ridgid shop vacuum, McGraw air compressor, Hyper Tough power drill, Populo power rotary, Central Machinery band saw, Skil table saw, Black Jack roof cement, Glidden paint, and Behr paint and primer—all of which Mr. Aneiros used to perform work for Defendants, and which have been moved and distributed through interstate commerce. (ECF No. 36-3, Tools Provided to Aneiros by Defendants.)

47. Defendant Fernandez would also instruct Mr. Aneiros to find commercial tenants to rent space in the Viormar Warehouse, and to evict tenants who could not pay their rent. (ECF No. 36-1, Aneiros Dep., 25:1-10, 43:22-44:9, 96:20-97:15, 116:2-12; ECF No. 36-14, Texts between Orlando Fernandez and Aneiros, at 46.)

48. Defendant Fernandez and his daughter, Christina, assisted Dennis in becoming a notary public so that he could notarize documents for Viormar. (ECF No. 36-1, Aneiros Dep., 49:7-17; ECF No. 36-8, Christina Fernandez Dep., 99:11-101:8; ECF No. 36-14, Texts between Orlando Fernandez and Aneiros, at 27.)

49. Mr. Aneiros was responsible for receiving Viormar's mail on a daily basis, as instructed by Defendant Fernandez, and then forwarding that mail to him approximately every

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

fifteen days using packaging and stamps that Defendant Fernandez would supply to Mr. Aneiros. (ECF No. 36-1, Aneiros Dep., 17:5-10, 54:10-15, 73:2-16, 79:16-17, 94:24-95:10, 95:16-18, 111:9-19; ECF No. 36-14, Texts between Orlando Fernandez and Aneiros, at 33-35, 51.)

50. As part of Mr. Aneiros' regular and recurring job duty of mailing letters and packages for Defendants, Defendant Fernandez would instruct him to send packages to Curacao using packaging materials and postage which Defendant Fernandez purchased and gave to Mr. Aneiros. (ECF No. 36-1, Aneiros Dep., 94:12-95:10.)

51. In September 2023, Defendant Fernandez wrote a letter to Mr. Aneiros thanking and acknowledging him for forwarding Viormar's mail for several months, and asking Mr. Aneiros to post Viormar's Local Business Tax Receipt in a visible place inside of the Viormar Warehouse. (ECF No. 36-10, Orlando Fernandez Dep., 74:13-76:25; ECF No. 36-15, September 29, 2023 Letter from Orlando Fernandez to Aneiros; ECF No. 36-1, Aneiros Dep., 18:4-7.)

52. Mr. Aneiros was also responsible for receiving checks from Defendant Fernandez that were made out to Viormar, and depositing those checks into Viormar's bank account with Ocean Bank. (ECF No. 36-1, Aneiros Dep., 79:5-15, 114:15-115:10; ECF No. 36-10, Orlando Fernandez Dep., 43:5-16; ECF No. 36-16, Ocean Bank Deposit Receipts.)

53. Defendant Fernandez is an authorized individual on the Ocean Bank account maintained by Viormar. (ECF No. 36-10, Orlando Fernandez Dep., 44:6-10.)

54. Mr. Aneiros performed work for Defendants to ensure that the Viormar Warehouse remained in compliance with city/county building codes, including by:

(i) Serving as Defendants' representative before the City of Doral (ECF No. 36-1, Aneiros Dep., 80:16-20);

9

(ii) Meeting with City building inspectors and contractors (ECF No. 36-1, Aneiros Dep., 80:25-81:6; ECF No. 36-10, Orlando Fernandez Dep., 80:6-25, 89:10-90:6; ECF No. 36-14, Texts between Orlando Fernandez and Aneiros, at 1);

(iii) Informing Defendant Fernandez of violations (ECF No. 36-1, Aneiros Dep. at 80:25-81:6, 81:16-82:10; ECF No. 36-10, Orlando Fernandez Dep. at 80:21-81:23, 89:10-90:6);

(iv) Coordinating with contractors to trim trees, and to fix the roof and wall at the Viormar Warehouse (ECF No. 36-1, Aneiros Dep., 80:25-82:10; ECF No. 36-10, Orlando Fernandez Dep., 90:14-94:3, 94:15-95:13; ECF No. 36-14, Texts between Orlando Fernandez and Dennis Aneiros, at 1, 18-22, 59-66); and

(v) Arranging the removal of waste and vehicles from the Viormar Warehouse (ECF No. 36-10, Orlando Fernandez Dep., 85:19-86:9, 87:22-88:8, 89:10-90:6, 94:15-95:13; ECF No. 36-14, Texts between Orlando Fernandez and Dennis Aneiros, at 8-10, 14-17, 23-26).

55. In addition to Mr. Aneiros' work for Viormar, Defendant Fernandez would instruct him to perform work outside of the Viormar Warehouse for Defendant Fernandez and his family including: (i) fixing broken floors, roof tiles, and fencing at their home (ECF No. 36-1, Aneiros Dep., 12:25-13:16); (ii) moving furniture from their home in Miami to Orlando, Florida using a truck rented by Defendant Fernandez (*Id.*); (iii) repairing and maintaining their cars (*Id.* at 78:1-23, 107:8-109:7); (iv) selling his father's Mercedes-Benz E320 (*Id.* at 109:16-24); (v) collecting rent for his/his daughter's property management companies Corina Investments, Inc., Corina Properties, LLC, and/or Corinas, Inc (*Id.* at 20:2-25, 21:25-22:10); and (vi) performing work for his/his daughter's company, Vida Medical, LLC, including constructing and moving displays for tradeshows, and

10

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

painting a logo for Vida on the Viormar Warehouse (ECF No. 36-1, Aneiros Dep., 99:5-19, 9:21-10:1, 110:1-111:4; ECF No. 36-17, Vida Medical, LLC Logo).

56. Defendants have never paid Mr. Aneiros for the work he's performed for their benefit. (ECF No. 36-1, Aneiros Dep., 34:1-3; ECF No. 36-8, Christina Fernandez Dep., 81:19-23.)

57. As a result of Defendants' failure to pay Mr. Aneiros for the work he performed, Mr. Aneiros would be forced into homelessness if required to vacate the Viormar Warehouse. (ECF No. 36-1, Aneiros Dep., 47:10-15, 48:21-25, 66:19-21, 86:3-7; ECF No. 36-8, Christina Fernandez Dep., 80:21-23.)

Respectfully submitted this 27th day of January 2025.

s/ Patrick Brooks LaRou
Brian H. Pollock, Esq. (174742)
brian@fairlawattorney.com
Patrick Brooks LaRou, Esq. (1039018)
brooks@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Ave, Suite 770
Coral Gables, FL 33146
Telephone: (305) 928-4893
*Counsel for Plaintiff*

11

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*