UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:24-CV-20772-GAYLES/LOUIS

DENNIS ANEIROS

    Plaintiff,

vs.

VIORMAR TRADING CORPORATION, N.V.,
AND ORLANDO A. FERNANDEZ,

    Defendants.

_____/

## DEFENDANTS, VIORMAR TRADING CORPORATION, N.V., AND ORLANDO A. FERNANDEZ's MOTION IN LIMINE

COMES NOW Defendants, VIORMAR TRADING CORPORATION, N.V., and ORLANDO A. FERNANDEZ (collectively, "Defendants"), by and through their undersigned counsel, and hereby files its Motion in Limine in compliance with the Joint Scheduling Order [See ECF No. 17] and the Paperless Order Granting the Parties an extension of time to reset the Motion in Limine deadline [See ECF No. 47]. Plaintiff seeks to exclude the following evidence and in support thereof states:

### LEGAL STANDARD

The purpose of Motions in Limine are to aid the trial court in determining whether the evidence or testimony proffered by a party is admissible at trial. *See United States v. Laurent*, 603 F. Supp. 3d 1247 (S.D. Fla. 2022). The Court has the authority to exclude evidence in limine only when the evidence is clearly inadmissible on all potential grounds, however, if the evidence is not

clearly inadmissible, then the evidentiary rulings must be deferred until trial to allow questions of foundation, relevancy, and prejudice to be resolved in context. *Id*.

## ARGUMENT

**I.       Any Mention of the Order of Ejectment Should be Excluded.**

Evidence is relevant if it has any tendency to make the existence of any fact of consequence more or less probable than it would be without the evidence. *See* Fed. R. Evid. 401; *United States v. Capers,* 708 F.3d 1286, 1308 (11th Cir. 2013). However, this Court has held that even relevant evidence may be excluded from trial if it's probative value is substantially outweighed by "[T]he enumerated competing considerations.". *See United States v. Gonzalez*, 718 F. Supp. 2d 1341 (S.D. Fla. 2010)(citing Fed.Rules Evid. Rule 403, 28 U.S.C.A.). The Court's discretion to exclude testimony/evidence that is unfairly prejudicial is narrowly circumscribed. In short, "unfair prejudice" cannot be simply defined as evidence having adverse effects on a party's case, rather, it is evidence that has an undue tendency to "suggest a decision on an improper basis" *Id*.

On August 9, 2024, Defendant VIORMAR TRADING CORPORATION, N.V., ("Viormar") filed an action for Ejectment against Plaintiff, Dennis Aneiros. On January 30, 2025, the Honorable Vivianne Del Rio granted Viormar's motion for Judgment on the Pleadings as reflected in the Order attached hereto as Exhibit "A". In paragraph 7 of the Order, Judge Del Rio notes:

> Defendant's Answer directs the Court's attention to an active federal case between the parties involving claims for unpaid wages. However, in a Motion for Judgment on the Pleadings, the Court's review is limited to the pleadings of the instant case and any exhibits attached thereto. *See Farag v. Nat'l Databank Subscriptions*, 448 So. 2d 1098, 1100 (Fla. 2d DCA 1984); *Shay v. First Fed. of Miami*, 429 So. 2d 64, 65 (Fla. 3d DCA 1983).

When determining the relevancy of evidence, this Court should also confine its considerations to the causes of action alleged. In the instant case, Plaintiff's Amended Complaint

raises three counts: (i) Violation of the Fair Labor Standards Act Minimum Wage ("FLSA"), (ii) Violation of the Florida Minimum Wage Act, and (iii) Violation of the Trafficking Victims Protection Act ("TVPA"). None of which deal with title disputes. As recognized by the lower tribunal and explicitly stated in Judge Del Rio's Order, Defendants have a superior possessory interest in the Property. As such, Defendants were within their rights to seek the ejectment of Plaintiff who has been unlawfully squatting on the Property for a number of years.

It is well established that judicial findings of fact are often given undue weight by the jury which in turn creates a serious danger of unfair prejudice. *See Beasley v. Wells Fargo Bank*, NA, 570 F. Supp. 3d 1131 (M.D. Fla. 2021)(citing Fed. R. Evid. 403). The lower tribunal Order followed Viormar's Motion for Judgment on the Pleadings. An order on such a motion can only be entered by the court when it determines that no questions of fact remain. *Farag v. Nat'l Databank Subscriptions*, 448 So. 2d 1098, 1100 (Fla. 2d DCA 1984); *Shay v. First Fed. of Miami*, 429 So. 2d 64, 65 (Fla. 3d DCA 1983). As such, if this Order is introduced into evidence it will create a serious danger of unfair prejudice.

Defendants anticipate that Plaintiff intends to use this Order from the lower tribunal as evidence of Defendants alleged threat of serious harm under the TVPA. Specifically, Plaintiff has alleged that Defendants have threatened Plaintiff with eviction and consequently homelessness if Defendant refused to perform free labor. Defendants' pursuit of Plaintiff's ejectment from the property cannot be used as evidence of his status as an employee or their intent to enslave him. Aside from the substantial prejudicial effect that this evidence will introduce, its admission into evidence would fly in the face of public policy because it would discourage parties from enforcing their rights through the judicial system out of fear that their appeal to the courts will be used against them.

As of the date of this filing, both parties have submitted competing motions for summary judgment. The evidence supporting Plaintiff's allegations that eviction was threatened if Plaintiff refused to perform free labor is a lone citation to Plaintiff's deposition testimony. It is not Defendants intent to exclude Plaintiff's deposition testimony. However, it would be improper to supplement this testimony by referring to an independent State Court Order that Defendant had every right to pursue. Furthermore, the introduction of this evidence would be incurable. There is no instruction this Court can give that can act as an antidote to the poison that was just introduced into the jury's minds. Finally, it would lead the jury to make a decision on "an improper basis". *See United States v. Gonzalez*, 718 F. Supp. 2d 1341 (S.D. Fla. 2010). As such the probative value of this evidence is substantially outweighed by the unfair prejudice it would create pursuant to FRE 401 and 403.

## II. Exclusion of the December 12, 2016 Letter and any other evidence or testimony that predates the statutory period.

Plaintiff's Response and Counter Motion to Defendants' Motion for Summary Judgment cites a 2016 letter that purportedly places Plaintiff in charge of maintaining the property. The FLSA has a maximum three-year statute of limitations for willful violations. Defendants are not arguing that the letter cannot be introduced into evidence to establish Plaintiff's alleged employment status. However, this evidence cannot be introduced to establish the amount of damages that Plaintiff may be entitled to. An employee who brings an action for unpaid wages under the FLSA is only entitled to the amount of unpaid wages owed under the applicable statutory period. *See Armitage v. Dolphin Plumbing & Mech.*, LLC, 510 F. Supp. 2d 763 (M.D. Fla. 2007). The letter in question predates the actionable period by approximately 5 years. As such, any evidence that predates the filing of the Complaint by more than three years cannot be introduced to establish the amount of

unpaid wages that may be owed to Plaintiff because it is irrelevant to the matter of damages pursuant to FRE 401 and 403.

**III.     Exclusion of any testimony relating to alleged "work-place" injuries.**

Plaintiff has testified in his deposition that he has injured his eyes while performing construction related services on behalf of Defendants. Plaintiff's Amended Complaint does not seek damages related to any worker-compensation claims. The instant action is a claim for unpaid wages and violations of the TVPA. Therefore, any testimony or evidence regarding work-related injuries is irrelevant and would confuse and/or mislead the jury. For these reasons, this evidence should be excluded pursuant to FRE 401 and 403.

**IV.     Any testimony or evidence relating to any conversations or agreements between Plaintiff and Orlando Fernandez's father.**

Plaintiff's motion for summary judgment argues that Plaintiff and Orlando Fernandez's father had entered into an agreement that allowed Plaintiff to live on the property for free in exchange for his free labor. Orlando Fernandez's father passed away in 2017. Therefore, any and all evidence relating to Orlando Fernandez's father must be excluded pursuant to FRE 802 because they are inadmissible hearsay without any exception, Defendants do not have the ability to cross-examine the declarant, and the statements' prejudicial effect substantially outweighs any probative value.

**V.     Any testimony or evidence regarding companies owned by either Orlando A. Fernandez or Christina Fernandez that have not been joined as parties to this suit.**

Any and all testimony or evidence related to any companies owned by Orlando A. Fernandez or Christina Fernandez, besides VIORMAR, should be excluded from trial on the basis of relevancy. Presently, there are only two named Defendants in this action, Orlando A. Fernandez and Viormar. Any other companies in which Orlando A. Fernandez and Christina Fernandez own,

operate, direct, manage, or act as officers for should be excluded because it will confuse the issues for the jury and constitute unfair surprise because these companies have not been named as Defendants to this suit. Seeing that these companies have not been joined, any evidence/testimony will only confuse the issues for the jury and are not relevant pursuant to FRE 401 and 403.

**WHEREFORE**, Defendants respectfully request that this Court exclude evidence in any form that relates to the ejectment action filed in State Court, the December 12, 2016 letter and any other evidence that predates the statutory period to the extent that it seeks to establish damages, any work related injuries, any testimony or evidence that relates to Orlando Fernandez's late father, any evidence related to companies owned, operated, managed, directed, or that are related to Orlando A. Fernandez or Christina Fernandez, and any further relief this Court deems necessary and proper.

Respectfully submitted,

By: /s/Robert Twombly
Robert Twombly, Esquire
FBN: 60127

By: /s/David Alvarez
David Alvarez, Esquire
FBN: 1054426

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the undesigned counsel, on January 31, 2025, served the foregoing upon counsel for the Plaintiff by email to: bvirues@lawgmp.com, Garcia-Menocal, P.L, 350 Sevilla Ave, Coral Gables, FL 33134 and rdiego@lawgmp.com, The Law Office of Ramon J. Diego, P.A., 5001 SW 74th Court, Miami, FL 33155.

Respectfully submitted,

**WHITE & TWOMBLY, P.A.**

*Counsel for Defendants*
9999 NE 2nd Avenue, Suite 306
Miami Shores, Florida 33138
Telephone: (786) 502-2038
robert@whitetwombly.com
david@whitetwombly.com
paralegalryt@whitetwombly.com

By: */s/Robert Twombly*
Robert Twombly, Esquire
FBN: 0060127

By: */s/David Alvarez*
David Alvarez, Esquire
FBN: 1054426

# EXHIBIT "A"

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL
CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO: 2024-015080-CA-01
SECTION: CA05
JUDGE: Vivianne Del Rio

**VIORMAR TRADING CORPORATION, N.V.**

Plaintiff(s)

vs.

**Dennis Aneiros**

Defendant(s)

_____/

**ORDER ON PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS**

Docket Entry No. 16

THIS CAUSE coming before this Court on Plaintiff's Motion for Judgment on the Pleadings, after hearing argument from Plaintiff's counsel and Defendant, and being otherwise fully advised on the premises thereof, it is hereby ORDERED and ADJUDGED as follows:

1. Plaintiff's Motion is GRANTED.

2. On August 9, 2024, Plaintiff filed its Verified Complaint for the Ejectment of Defendant, Dennis Aneiros ("Defendant") from the property located 7880 NW 55th Street, Miami, FL 33166 (the "Property").

3. Defendant has been unlawfully living in and otherwise utilizing warehouses owned by the Plaintiff located at 7884 NW 55th Street, Miami, FL 33166 and 7882 NW 55th Street, Miami, FL 33166.

4. Plaintiff's Verified Complaint attaches the May 18, 1979 Warranty Deed which explicitly

identifies VIORMAR TRADING CORPORATION N.V., as the record owner of the Property.

5. Pursuant to Fla. Stat. § 66.021, Plaintiff has met its burden in establishing that it is an entity with a present right of possession to the property.

6. On September 26, 2024, Defendant filed its Answer with the Court.

7. Defendant's Answer directs the Court's attention to an active federal case between the parties involving claims for unpaid wages. However, in a Motion for Judgment on the Pleadings, the Court's review is limited to the pleadings of the instant case and any exhibits attached thereto. See Farag v. Nat'l Databank Subscriptions, 448 So. 2d 1098, 1100 (Fla. 2d DCA 1984); Shay v. First Fed. of Miami, 429 So. 2d 64, 65 (Fla. 3d DCA 1983)

8. Defendant's answer is devoid of any allegations or supporting exhibits that show that Defendant has a present right of possession either through means of adverse possession or recorded title. Therefore, Defendant's Answer leaves no question of fact for the Court to decide.

9. For these reasons, the Court must grant Plaintiff's Motion and Order the ejectment of Defendant from the Property.

10. This Order of ejectment from the Property includes all warehouses owned by Plaintiff which are situated at 7880 NW 55th Street, including but not limited to, the properties identified in paragraph 3 of this Order.

11. Plaintiff, as a courtesy, has agreed to allow Defendant thirty (30) days to gather his belongings and vacate the Property. Plaintiff has also agreed to provide Defendant transportation to a shelter or any other reasonably located facility or accommodation.

12. If Defendant refuses to go to the shelter that Plaintiff has offered, Plaintiff is under no

obligation to find a shelter that Defendant finds suitable.

This Court retains jurisdiction to ensure that Defendant has complied with the Order.

**DONE** and **ORDERED** in Chambers at Miami-Dade County, Florida on this <u>30th day of January, 2025</u>.

<u>2024-015080-CA-01 01-30-2025 2:47 PM</u>
Hon. Vivianne Del Rio

**CIRCUIT COURT JUDGE**
Electronically Signed

No Further Judicial Action Required on **THIS MOTION**

CLERK TO **RECLOSE** CASE IF POST JUDGMENT

**Electronically Served:**
Robert Young Twombly Jr., robert@whitetwombly.com
Robert Young Twombly Jr., paralegalryt@whitetwombly.com
Robert Young Twombly Jr., dan@whitetwombly.com

**Physically Served:**