UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:24-CV-20772-GAYLES/LOUIS

DENNIS ANEIROS

    Plaintiff,

vs.

VIORMAR TRADING CORPORATION, N.V.,
AND ORLANDO A. FERNANDEZ,

    Defendants.

_____/

## ORDER

**THIS CAUSE** comes before this Court upon the Parties competing Motions in Limine. The Court has reviewed the Motions and the record and is otherwise fully advised on the premises thereof.

## LEGAL STANDARD

The purpose of Motions in Limine are to aid the trial court in determining whether the evidence or testimony proffered by a party is admissible at trial. *See United States v. Laurent*, 603 F. Supp. 3d 1247 (S.D. Fla. 2022). The Court has the authority to exclude evidence in limine only when the evidence is clearly inadmissible on all potential grounds, however, if the evidence is not clearly inadmissible, then the evidentiary rulings must be deferred until trial to allow questions of foundation, relevancy, and prejudice to be resolved in context. *Id*.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. No evidence or testimony of Plaintiff's immigration status shall be introduced into evidence.

2. No evidence or testimony of the attorney's fees and costs that have been accrued in this action shall be introduced into evidence.

3. No evidence or testimony of a party's potential entitlement to liquidated damages shall be introduced into evidence.

4. Any documents that have not been timely disclosed or produced in discovery shall be introduced into evidence.

5. No evidence or testimony of Defendants inability to pay Plaintiff due to it being a "small business" shall be introduced into evidence.

6. No evidence or testimony regarding allegations of harassment from Plaintiff towards Christina Fernandez shall be introduced into evidence.

7. No evidence or testimony related to the State Court order of Ejectment found in 2024-015080-CA-01, shall be introduced into evidence.

8. Any evidence or testimony regarding the December 12, 2016 Letter and any other form of evidence or testimony that predates the actionable period for any claim in the instant action shall receive a limiting instruction that said evidence cannot be considered when determining the amount of damages, if any, that are owed to Plaintiff.

9. No evidence or testimony related to any alleged work-place or work-related injuries shall be introduced into evidence.

10. No evidence or testimony relating to any conversation or agreements between Plaintiff and Orlando A. Fernandez's deceased father.

3

11. No testimony or evidence related to companies owned by either Orlando A. Fernandez or Christina Fernandez that have not been joined as parties to this suit.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 31st day of January 2025.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE