UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:24-CV-20772-GAYLES/LOUIS

DENNIS ANEIROS,

    Plaintiff,

vs.

VIORMAR TRADING
CORPORATION, N.V., AND
ORLANDO A. FERNANDEZ,

    Defendants.
_____/

## PLAINTIFF'S MOTION IN LIMINE AND/OR TO EXCLUDE

Plaintiff, Dennis Aneiros ("Mr. Aneiros"), requests that the Court enter an Order *in limine* and/or to exclude any evidence, argument, inference, or reference at trial as to the following disputed issues: (i) Mr. Aneiros' classification as an employee or independent contractor for work performed outside of his working relationship with Defendants; (ii) Mr. Aneiros' mental state as to whether he was an employee or independent contractor of Defendants; (iii) whether Mr. Aneiros paid or filed income taxes before or during his work for Defendants; and (iv) the timing of when Mr. Aneiros filed this lawsuit. As grounds, Mr. Aneiros states as follows:

### I. INTRODUCTION

The purpose of a motion *in limine* is to obtain pre-trial rulings to streamline the trial proceedings:

> "The purpose of an in *limine* motion is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Highland Capital Mgmt., L.P. v. Schneider,* 551 F.Supp.2d 173, 176 (S.D.N.Y.2008)

1

*Pandora Jewelers 1995, Inc. v. Pandora Jewelry, LLC*, 2011 U.S. Dist. LEXIS 62969, 2011 WL 2295269, at *1 (S.D. Fla. June 8, 2011). Consequently, Plaintiff is raising these pre-trial evidentiary issues to streamline the trial of this case, eliminate the potential for the Court's precious trial time to be wasted on immaterial issues unrelated to those to be decided by the jury at trial and attempt to avoid the potential for Defendants to introduce or refer to matters at trial before the jury that would result in a requested mistrial and/or lead to an appeal.

In a concerted effort to streamline potential evidentiary issues at trial, the parties have agreed to exclude any evidence, argument, inference, or reference regarding the following: (i) Mr. Aneiros' immigration status; (ii) attorneys' fees and costs; (iii) liquidated damages; (iv) documents not timely disclosed/produced in discovery; (v) Defendants' claimed inability to pay Mr. Aneiros and/or being a small business; and (vi) any allegations of harassment by Mr. Aneiros.

## II. DISPUTED ISSUES

Plaintiff requests that the Court address the above-mentioned disputed issues before trial and preclude the Defendants from raising these issues—whether through the introduction of evidence, through inferences, or by argument—on several topics to avoid prejudice or disruption of the trial. "The purpose of a motion in limine is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence without lengthy argument at, or interruption of, the trial." *Bancor Group, Inc. vs. Rodriguez*, 2023 WL 6310233, at *11 (S.D. Fla. June 13, 2023), *reconsideration denied sub nom.*, 2023 WL 6318012 (S.D. Fla. June 29, 2023) (*citing Highland Capital Mgmt., L.P. v. Schneider*, 551 F. Supp. 2d 173, 176 (S.D.N.Y. 2008) and *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996)).

**(A)** ***No Evidence, Argument, Inference, or Reference at Trial Regarding Plaintiff's Classification as an Employee or Independent Contractor in Prior, Contemporaneous, and/or Subsequent Outside Work.***

1. For evidence to be admissible at trial, it must be relevant. *See* Fed. R. Evid. 401, 402.

2. Whether Mr. Aneiros worked as an independent contractor or as an employee before, during, or after his employment with Defendants would not tend to prove or disprove: (i) that Defendants employed Mr. Aneiros; (ii) that he was an independent contractor of Defendants based on the factors to be considered by the jury; (iii) the hours he worked; (iv) the value of Mr. Aneiros' claims; or (v) any defenses thereto.

3. During Mr. Aneiros' deposition, Defendants' counsel asked Plaintiff whether he worked as an independent contractor outside of his employment with Defendants, which is wholly irrelevant to the jury's decision of whether Mr. Aneiros was an employee or independent contractor with respect to his work for Defendants.

4. Mr. Aneiros is concerned that Defendants will pose similar questions at trial to try and argue to the jury that because he was paid as an independent contractor in prior, concurrent, or subsequent outside work, Defendants must have properly classified Mr. Aneiros as an independent contractor.

5. In an analogous situation, the Fourth Circuit found that private security guards were employees (and not independent contractors), by ignoring the employment classification by other employers: "[a]lthough control is an important part of the *Silk* test, the issue is not the degree of control that an alleged employer has over the manner in which the work is performed in comparison to that of *another employer*. Rather, it is the degree of control that the alleged employer has in comparison to the control exerted by the *worker*." *Schultz v. Cap. Int'l Sec., Inc.*, 466 F.3d 298,

3

305 (4th Cir. 2006) (emphasis in original); *Buttita v. DIRECTV LLC*, 2017 U.S. Dist. LEXIS 224507, 2017 WL 10456972, at *23 (N.D. Fla. Sept. 28, 2017) (citing *Schultz* for the same proposition).

6.     *Schultz* goes on to explain that work performed for another employer is irrelevant to the analysis of whether the plaintiff operated as an employee or independent contractor for the defendants.

7.     In the Eleventh Circuit, courts focus on a number of factors, but none of those factors involve the plaintiff's classification as an employee or independent contractor with respect to outside work. *See Scantland v. Jeffry Knight, Inc.*, 721 F.3d 1308 (11th Cir. 2013) (discussing the "economic realities" test and the significance of the economic dependence factor); *Helm v. J.H. Gatewood Emergency Services, P.A.*, 2012 U.S. Dist. LEXIS 94805, 2012 WL 2793134, at *3 (M.D. Fla. July 9, 2012) (setting forth twelve factors for distinguishing between employees and independent contractors, including, inter alia, "[t]he extent of the employer's right to control the 'means and manner" of the worker's performance") (*citing Cobb v. Sun Papers, Inc.*, 673 F.2d 337, 340 (11th Cir. 1982)).

8.     None of the factors to be considered in the "economic realities" test nor any of the considerations identified in Eleventh Circuit Pattern Jury Instruction 4.24 involve whether an FLSA plaintiff is previously, concurrently, or subsequently classified/paid as an independent contractor or as an employee for outside work. Thus, evidence of prior, concurrent, or subsequent employment classification is irrelevant and is properly excluded on this basis.

9.     This Court has previously determined that "[w]hether Plaintiff was later employed by only one or by multiple companies as an independent contractor or an employee is of no import to the nature of the specific relationship between Plaintiff and Defendants. Moreover, the admission of such evidence would likely result in a trial within a trial to establish whether Plaintiff

in these other, later jobs qualifies as an independent contractor or as an employee." *Sierra v. Rhino Containers LLC*, 2023 U.S. Dist. LEXIS 40844, 2023 WL 2456044, at *3 (S.D. Fla. Mar. 10, 2023).

10.     This reasoning should be extended to preclude Defendants' introduction of evidence regarding Mr. Aneiros' classification as an employee or independent contractor by outside entities for work he performed during or prior to his employment with Defendants—which would also result in "a trial within a trial," cause confusion for the jury, and result in unfair prejudice to Mr. Aneiros. Moreover, Mr. Aneiros' employment classification by entities other than Defendants is wholly irrelevant to whether he was Defendants' employee for purposes of the FLSA.

11.     Rule 403 of the Federal Rules of Evidence dictates that the Court should exclude relevant evidence (argument, inference, or reference) when the potential probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

12.     Mr. Aneiros anticipates that Defendants will seek to introduce evidence of his employment classification in prior, concurrent, and/or subsequent work history to improperly argue that he knew he was an independent contractor while working for them, which would mislead the jury to think that Mr. Aneiros performed work in the same manner at outside places of employment as he did for Defendants. This misleading evidence would then require an extensive analysis of the economic realities not just for his work with Defendants but also for Mr. Aneiros' prior, concurrent, and/or subsequent work with outside entities, which would inevitably lead to undue delay at trial (by requiring mini-trials to determine if Mr. Aneiros was an independent contractor or employee for all outside work he's performed).

13.     Ultimately, if Defendants are permitted to introduce this evidence, Mr. Aneiros would suffer considerable prejudice, as he would have to litigate the "economic realities" test not

only for his work relationship with Defendants, but also for each of his work relationships with other employers—only to prove that these work relationships involved distinct facts, separate considerations, did not play a role in the economic realities test, and lacked the probative value that Defendants improperly and incorrectly suggest they do. *See Cont'l Ins. Co. v. Roberts*, 2008 U.S. Dist. LEXIS 127942, at *8 (M.D. Fla. Dec. 29, 2008) (granting a motion in limine because the court would otherwise have to admit "considerable and collateral" evidence and doing so would result "in a trial within a trial on matters wholly unrelated to the true issues before the jury"); *see also In Hart v. RCI Hosp. Holdings, Inc.*, 90 F. Supp. 3d 250, 279–81 (S.D.N.Y. 2015) (where in the face of a strong argument as to the evidentiary value of these other contracts as to the question of whether the plaintiff dancers were, in fact, employees, the court prohibited the admission of the other employment contracts because they were not the actual agreements at issue in the lawsuit and involved other employment relationships decidedly outside its ambit).

14. Evidence of Mr. Aneiros' employment classification for outside work will mislead the jury to place weight on these unrelated working arrangements should the jury be charged with evaluating Plaintiff's independent contractor status. *See Daughtrey v. Honeywell, Inc.*, 3 F.3d 1488, 1492 (11th Cir. 1993) ("[w]hile the characterization of the hired party as an independent contractor or employee may be probative of the parties' intent, 'all of the incidents of the relationship must be assessed and weighed with no one factor being decisive'") (citation omitted).

15. Allowing Defendants to elicit testimony about or otherwise make specific references to Mr. Aneiros' status as an independent contractor in positions that he held before, during, or after he worked for Defendants will unfairly deflect the jury's attention away from the fact-intensive questions it must resolve about Mr. Aneiros' work relationship with Defendants, and it will also prejudice Mr. Aneiros by forcing him to litigate not only to the character of his work relationship

with the Defendants but also the character of the other work relationships that Mr. Aneiros has had before and after. The Court should exclude this evidence and avoid forcing Mr. Aneiros to conduct a trial within the trial about the classification of his outside work, and grant Plaintiff's motion in limine accordingly. *See Roberts*, 2008 U.S. Dist. LEXIS 127942, at \*8.

16. Additionally, whether Mr. Aneiros was classified as an employee or independent contractor for outside work is wholly irrelevant to whether Defendants forced and/or coerced him to perform work for their benefit in violation of the TVPA.

17. In light of the above, Mr. Aneiros requests that the Court enter an Order *in limine* to prevent any evidence, argument, inferences, or reference at trial regarding the nature/classification of his work as an independent contractor or employee before, during, or after he worked for the Defendants as irrelevant, more prejudicial than probative, and confusing to the jury.

**(B)** ***No Evidence, Argument, Inference, or Reference at Trial Regarding Whether Plaintiff Thought he was an Employee or Independent Contractor.***

18. For evidence to be admissible at trial, it must be relevant. *See* Fed. R. Evid. 401, 402.

19. Mr. Aneiros anticipates that Defendants will attempt to elicit testimony during trial as to his subjective belief whether he was classified as an employee or independent contractor.

20. Defendants should be precluded from asking these questions at trial or eliciting any testimony that asks Mr. Aneiros his mental impressions about whether (he thought) he was an independent contractor. *Stevenson v. Great Am. Dream, Inc.*, 2013 WL 6880921, at \*5 (N.D. Ga. Dec. 31, 2013) ("the Plaintiffs' subjective belief is not a relevant consideration.")

7

> Whether the parties intended to create an employment relationship is irrelevant to whether Plaintiff was dependent on Wacko's. *See Donovan v. New Floridian Hotel, Inc.*, 676 F.2d 468, 470-71 (11th Cir. 1982). Likewise, "[w]here the work done, in its essence, follows the usual path of an employee, putting on an 'independent contractor' label does not take the worker from the protection of the [FLSA]." *Rutherford Food Corp. v. McComb*, 331 U.S. 722, 729 (1947).

*Santeiro v. Wacko's Too, Inc.*, 2019 WL 12524552, at *3 (M.D. Fla. Aug. 22, 2019).

21. Mr. Aneiros' testimony about his state of mind (as an independent contractor or employee) would be irrelevant because it does not tend to prove or disprove employment if the Mr. Aneiros thought he was an independent contractor, whether he requested benefits typically afforded to employees, whether he filed taxes as an independent contractor, or whether he claimed deductions as a 1099 worker. *See Harrell v. Diamond A Ent., Inc.*, 992 F. Supp. 1343, 1353 (M.D. Fla. 1997) (court declined to consider the "intent of the parties," the "way in which the parties characterize themselves for tax purposes," or "the extent to which the putative employer provided employment benefits" when ruling on the defendant's motion for partial summary judgment to determine whether the plaintiff was an independent contractor or employee because the label attached to the employment relationship is not dispositive of the economic reality of the relationship); *Gordilis v. Ocean Drive Limousines, Inc.*, 2014 U.S. Dist. LEXIS 72483, at *8 (S.D. Fla. May 28, 2014) ("District courts have found that the label workers used with respect to the IRS is irrelevant in considering whether the person was an independent contractor."); *Clincy v. Galardi S. Enterprises, Inc.*, 808 F. Supp. 2d 1326, 1349 (N.D. Ga. 2011) (finding the plaintiffs to be employees even though they elected to be treated as independent contractors and held themselves out to the IRS as independent contractors); *Baker v. Barnard Const. Co. Inc.*, 860 F. Supp. 766, 772 (D.N.M. 1994), aff'd sub nom; *Baker v. Flint Eng'g & Const. Co.*, 137 F.3d 1436 (10th Cir. 1998) ("The Court

also finds the fact that the Plaintiffs knew they were treated as independent contractors, and the fact they listed themselves as such on their tax forms, to be of little, if any, relevance.").

22. The cases cited in the preceding paragraph confirm that an employee's mental state, whether the employee thought or considered themself to be an independent contractor, or even taking actions in furtherance of being an independent contractor would not tend to prove or disprove their status as an employee under the FLSA.

23. The only relevant analysis is "whether the individual is or is not, as a matter of economic fact, in business for himself." *Donovan v. Tehco, Inc.*, 642 F.2d 141, 143 (5th Cir. 1981). In the Eleventh Circuit, courts are required to determine whether an individual is an employee or independent contractor by looking at the "economic reality" of the relationship to see if the alleged employee is dependent on the alleged employer. *Scantland v. Jeffry Knight, Inc.*, 721 F.3d 1308, 1311 (11th Cir. 2013). *Scantland* recognizes a six-factor "economic reality" test that is not exclusive and no single factor of the test is dominant. *Id.* at 1312. While courts can consider factors outside of the six recognized in *Scantland*, many have already determined that factors relating to an individual's mental state of being an independent contractor are not relevant to the economic dependence analysis. *See Gordilis*, 2014 U.S. Dist. LEXIS 72483, at *9 ("The factors governing 'economically dependent' do not ponder personal tax returns. Moreover, it is entirely possible Plaintiffs were simply wrong in their preparation of their tax returns. Accordingly, Plaintiffs' tax returns do not create a genuine issue of material fact and Defendants did not meet their burden of showing a such a dispute. Thus, summary judgment must be entered to find that Defendants were Plaintiffs' FLSA employers."); *Harrell v. Diamond A Ent., Inc.* at 1353 ("Defendant cites no case which considers [characterization for tax purposes and the provisions of employee benefits] in the context of the broad 'suffer or permit to work' definition of employment contained in the FLSA.").

24. To this end, the Eleventh Circuit Court of Appeals reiterated that "'[t]he common law concepts of 'employee' and 'independent contractor' [are] specifically rejected as determinants of who is protected' by the FLSA." *Yoder v. Florida Farm Bureau*, 2023 U.S. App. LEXIS 10441, 2023 WL 3151107, at *2 (11th Cir. Apr. 28, 2023) (*quoting Usery v. Pilgrim Equip. Co.*, 527 F.2d 1308, 1311 (5th Cir. 1976).

25. Mr. Aneiros comes before this Court, represented by counsel, because he (personally) lacks the legal foundation to provide an opinion on whether he was an "independent contractor" or an employee of the Defendants. There is no evidence in the record that Mr. Aneiros possesses any legal training or that he knew any of the factors guiding the Court's determination as to whether he was an employee of Defendants.

26. Furthermore, Rule 403 of the Federal Rules of Evidence dictates that the Court should exclude relevant evidence (argument, inference, or reference) when the potential probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

27. If this Court finds that evidence of whether Mr. Aneiros thought he was an independent contractor, whether he asked questions of Defendants' owner or supervisory personnel to gauge his employment status, or whether he filed tax returns to be relevant in any way, then that evidence would still run afoul of Rule 403. Any evidence related to these issues would confuse the issues in this case and mislead the jury about the factors relevant to the FLSA's economic realities test, since the main considerations for the fact finder involve whether Mr. Aneiros was economically dependent on the Defendants—not Mr. Aneiros' understanding of an independent contractor relationship.

28.     Additionally, Mr. Aneiros' subjective belief regarding employment classification is wholly irrelevant to his TVPA claim, as the primary issue to be determined by a trier of fact is whether Defendants "obtain[ed] labor or services through physical or psychological coercion" through threats of force, restraint, serious harm, or abuse of law/the legal process. *U.S. v. Paulin*, 329 Fed. Appx. 232, 233 (11th Cir. 2009)); 18 U.S.C. § 1589(a).

29.     In light of the above, Mr. Aneiros requests that the Court enter an Order *in limine* to prevent any evidence, argument, inferences, or reference at trial regarding his subjective belief whether he was an independent contractor as irrelevant, unduly prejudicial, confusing to the jury, and lacking the appropriate foundation.

**(C)     *No Evidence, Argument, Inference, or Reference at Trial Regarding Whether Plaintiff Filed/Paid Income Taxes.***

30.     For evidence to be admissible at trial, it must be relevant. *See* Fed. R. Evid. 401, 402.

31.     Mr. Aneiros anticipates that Defendants will attempt to introduce evidence or make arguments, references, or inferences at trial regarding whether he was required to, but did not, pay income taxes—despite these issues having no bearing on Mr. Aneiros' ability to recover wages under the FLSA, the confusion it will cause in the jury, and undue prejudice he will suffer.

32.     Evidence of an FLSA plaintiff's failure to pay income taxes "will likely create undue prejudice in the minds of the jurors; and, it will likely give rise to collateral disputes—including the extent of Plaintiffs' reporting obligations regarding such taxes—that will cause undue delay and confusion of the issues." *Ortiz v. Santuli Corp.*, 2009 U.S. Dist. LEXIS 72731, 2009 WL 2382144, at *1 (S.D. Fla. Aug. 3, 2009) (granting the FLSA plaintiff's motion in limine to exclude evidence of the plaintiff's failure to pay income taxes).

33. Defendants have not asserted any defense that Plaintiff falsified his tax returns, nor is there any evidence that he falsified his tax returns or was convicted of tax fraud.

34. The facts presented in this case are similar to those which this Court considered in *Puerto v. Moreno*, 2021 U.S. Dist. LEXIS 123081, 2021 WL 2716201, at *2 (S.D. Fla. July 1, 2021), in arriving at the decision to exclude the same type of evidence at issue herein:

> The Court appreciates, as the Defendants argue, that such evidence of unpaid tax returns might speak to the Plaintiffs' credibility; the dangers of unfair prejudice, confusion of the issues, and misleading the jury outweigh any probative value. *Torres v. Rock & River Food Inc.*, 2016 WL 8716674, at *3 (S.D. Fla. May 11, 2016) (Scola, J.) (granting the plaintiff's motion in limine, explaining "[p]ermitting questioning on the Plaintiff's income taxes could quickly devolve into issues of the Plaintiff's obligation to pay taxes versus the Defendants', who was the most at fault, as well as why the Plaintiff failed to pay taxes, which would raise the issue of the Plaintiff's immigration status."); *see also Goussen v. Mendez Fuel Holdings LLC*, 2018 WL 5831084, at *2 (S.D. Fla. Nov. 7, 2018) (Cooke, J.) (granting in part the plaintiff's motion in limine and excluding any references to the plaintiff's failure to pay income taxes). For these reasons, the Plaintiffs' motion is granted.

35. Moreover, "[d]istrict courts have found that the label workers used with respect to the IRS is irrelevant in considering whether the person was an independent contractor[,]" and "[t]he factors governing 'economically dependent' do not ponder personal tax returns." *Gordilis*, 2014 U.S. Dist. LEXIS 72483, at *8-9.

36. With respect to Mr. Aneiros' TVPA claim, his filing or payment of income taxes is wholly irrelevant to the primary issue to be determined by a finder of fact: whether Defendants forced and/or coerced him to perform work for their benefit.

37. This Court should, therefore, enter an Order *in limine* to prevent any evidence, argument, inference, or reference regarding Mr. Aneiros' reporting, payment, and/or nonpayment of income taxes before, during, or after his employment with Defendants. *See Sierra*, 2023 U.S. Dist. LEXIS 40844, 2023 WL 2456044, at *2 (granting plaintiff's motion in limine and

excluding evidence regarding plaintiff's tax payments); *see also Ortiz*, 2009 U.S. Dist. LEXIS 72731, 2009 WL 2382144, at *4.

### (D) *No Evidence, Argument, or Inferences at Trial Regarding the Timing of When Plaintiff Filed this Lawsuit.*

38. For evidence to be admissible at trial, it must be relevant. *See* Fed. R. Evid. 401, 402.

39. During Mr. Aneiros' deposition, Defendants' counsel interrogated him regarding the timing of this action's initiation: "Considering that you claim to have entered the property since 2010, why did you wait nearly 14 years to file a suit for unpaid wages?" (ECF No. 40-1, at 39:3-5); and "Did you know that Viormar is trying to sell the property?" (*Id.* at 58:12-13).

40. Mr. Aneiros anticipates that Defendants will pose similar questions at trial in an effort to improperly attempt to discredit the existence of his employment relationship with Defendants under the FLSA, to deny that he was forced or coerced to work under the TVPA, and/or to portray this lawsuit as an effort to extort the Defendants. *See id.* at 59:6 ("So you wouldn't say that's extortion?")

41. The date of this lawsuit's initiation is relevant only to the issues of: (i) whether the violations alleged in this action occurred within the applicable statutory periods of Mr. Aneiros' claims; and (ii) calculating damages resulting from those violations. Therefore, evidence regarding the timing of this lawsuit should be admitted only for these limited relevant purposes.

42. Evidence regarding the timing of this action's initiation is not only irrelevant to the claims and defenses at issue (other than with respect to issues involving the applicable statutes of limitations), but would also create unfair prejudice to Mr. Aneiros by allowing Defendants to

13

improperly attempt to portray him as an extortionist based on their contention that they are currently trying to sell the property in which Mr. Aneiros worked/lives.

43. In light of the above, Mr. Aneiros requests that the Court enter an Order *in limine* to prevent any evidence, argument, inferences, or reference at trial regarding the timing of this lawsuit's initiation (other than for purposes of establishing statutory periods applicable to the claims at issue) as irrelevant, more prejudicial than probative, and confusing to the jury.

WHEREFORE Plaintiff, Dennis Aneiros, requests that the Court enter an Order *in limine* in accordance with the foregoing motion.

## LOCAL RULE 7.1 CERTIFICATION

I HEREBY CERTIFY that the undersigned has conferred with counsel for Defendants regarding the relief sought in this motion prior to its filing, and that Defendants oppose the relief sought herein.

Respectfully submitted this 31st day of January 2025.

s/ Patrick Brooks LaRou
Brian H. Pollock, Esq. (174742)
brian@fairlawattorney.com
Patrick Brooks LaRou, Esq. (1039018)
brooks@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Avenue, Suite 770
Coral Gables, Florida 33146
Telephone: (305) 230-4884
*Counsel for Plaintiff*
