UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:24-CV-20772-GAYLES/LOUIS

DENNIS ANEIROS,

    Plaintiff,

vs.

VIORMAR TRADING
CORPORATION, N.V., AND
ORLANDO A. FERNANDEZ,

    Defendants.
_____/

**PLAINTIFF'S RESPONSE IN OPPOSITION
TO DEFENDANTS' MOTION IN LIMINE**

**I. INTRODUCTION**

Defendants, Viormar Trading Corporation, N.V. ("Viormar") and Orlando A. Fernandez ("Defendant Fernandez"), filed a Motion in Limine requesting the Court to exclude five categories of evidence: (i) the Order for Plaintiff's Ejectment obtained by Defendants in the Miami-Dade Circuit Court; (ii) the December 12, 2016 letter authored by Defendant Fernandez acknowledging Plaintiff's job responsibilities for Defendants, and any other evidence pre-dating the FLSA's three-year statutory period; (iii) Plaintiff's workplace injuries; (iv) conversations/agreements with Defendant Fernandez's deceased father; and (v) companies owned by Defendant Fernandez or his daughter, Christina Fernandez, which are not parties to this suit. After considering the parties' arguments, the Court should have no difficulty denying Defendants' request to exclude the testimony and evidence at issue, which is relevant, admissible, and offers substantial probative

value which outweighs any risk of prejudice. Mr. Aneiros will address each of the five categories of evidence at issue below.

## II. ARGUMENT

**A.     The Order Of Ejectment Is Properly Addressed At Trial**

Considering Defendants' request to exclude any mention of the "Order on Plaintiff's Motion for Judgment on the Pleadings on January 30, 2025" requires consideration of the underlying factual and procedural history of this case and the state court case resulting in that Order.[1] This factual and procedural background establishes that the Order, which is the subject of Defendants' Motion in Limine, is not only relevant to the disputed issues of whether Defendants employed Mr. Aneiros and threatened him with eviction, but that the Order does not pose prejudice to the extent that it should be excluded from evidence at trial. A recitation of the pertinent events follows:

1. Mr. Aneiros filed this lawsuit against Defendants on February 28, 2024. *See* ECF No. 1.

2. Shortly after the Court entered its Scheduling Order on July 31, 2024 [ECF No. 25], Defendant Viormar filed a Verified Complaint against Plaintiff in the Eleventh Judicial Circuit Court for Miami-Dade County on August 9, 2024 (the "Eviction Lawsuit"). *See* Exhibit 1 – Viormar's Verified Complaint.

3. Viormar was represented by the same counsel in the Eviction Lawsuit as its counsel in the case *sub judice*. *See id.*

---

[1] Defendants do not request the Court to exclude any evidence from the Eviction Lawsuit other than the Order on Plaintiff's Motion for Judgment on the Pleadings; therefor, Mr. Aneiros will confine his response to the subject(s) of the pending Motion.

4. The Eviction Lawsuit was predicated on a Verified Complaint containing facts stated under oath and in writing by Viormar, to which Orlando A Fernandez attested. *See* Exhibit 1.

5. After Mr. Aneiros filed a *pro se* Answer, Viormar filed a Motion for Judgment on the Pleadings (which appended both its Verified Complaint and Mr. Aneiros' *pro se* Answer). *See* Exhibit 2 – Viormar's Motion for Judgment on the Pleadings.

6. The judge in the Eviction Lawsuit recently entered an Order on Plaintiff's Motion for Judgment on the Pleadings on January 30, 2025, evicting Mr. Aneiros from Viormar's property based on the contents of the Verified Complaint. *See* ECF No. 50, at 9-11.

Defendants contend that because the state court was limited to considering the pleadings (and any appended exhibits) before it, this Court should "confine its considerations to the causes of action alleged." (ECF No. 50, at 2.) But, of course, the state court's decision to ignore these proceedings when ruling on a motion for judgment on the pleadings has no bearing on whether the Order at issue should be excluded as causing it "substantial prejudice", or for "public policy" reasons.

Defendants do not provide the Court with a valid basis to exclude the Order, as relevant to the issues to be aired at trial, under Rule 403. The Court is constrained to exclude relevant evidence in only the most limited of circumstances (not present herein):

> The Court's discretion to exclude evidence under Rule 403 is limited, as exclusion requires the showing that the danger of unfair prejudice ... substantially outweighs the evidence's probative value. Fed. R. Evid. 403. For that reason, the Eleventh Circuit has cautioned that the balance should be struck in favor of admissibility because exclusion under Rule 403 is a drastic remedy. *Bradley*, 644 F.3d at 1272 (citation and internal quotation marks omitted).

*United States v. Trujillo*, 2023 U.S. Dist. LEXIS 68056, 2023 WL 2988845, at *4-5 (S.D. Fla. Apr. 18, 2023)(Gayles, J.). Defendants seek the drastic remedy of exclusion of the Order—which directly substantiates Plaintiff's allegation that Defendants threatened him with eviction. However, as stated by the Eleventh Circuit Court of Appeal in *U.S. v. Pate*, "This case does not call for that kind of drastic remedy." 853 F. App'x 430, 436 (11th Cir. 2021).

Defendants' request for exclusion of the Order based on "public policy" can be disposed of quite easily because the Federal Rules of Evidence do not permit the Court to exclude otherwise relevant evidence for "public policy" reasons. Rule 402 provides that relevant evidence is admissible at trial unless exclusion is permissible based on the "United States Constitution; a federal statute, these rules, or other rules prescribed by the Supreme Court." Neither Rules 403, 802, nor any others provide a basis to exclude the Order. Consequently, the Court cannot exclude it based on "public policy" grounds.

The Order is relevant because it tends to prove the facts that: (i) Mr. Aneiros resided inside of the warehouse owned by Defendant Viormar; and (ii) Defendants threatened him with eviction, which may constitute threats of serious harm under the TVPA. Further, Mr. Aneiros may seek to use the Verified Complaint filed by Defendant Viormar, to which Defendant Fernandez attested, for impeachment purposes to demonstrate a conflict between the testimony given in this case and his attestations (in the Verified Complaint) that resulted in the issuance of the Order in the Eviction Lawsuit.

This evidence is directly relevant to the claims at issue, and any risk of prejudice or jury confusion could be cured through simple jury instructions, or through cross-examination by Defendants' counsel at trial. Accordingly, because the Order and Viormar's filings in the Eviction

Lawsuit are directly relevant to the claims at issue, are admissible as statements of a party opponent, and do not pose the risk of prejudice which outweighs probative value, the Court properly denies Defendant's Motion in Limine as to this evidence.

### B. Evidence Predating The FLSA's Statutory Period Cannot Be Excluded.

Defendants ask the Court to exclude evidence in the form of a 2016 letter authored by Defendant Fernandez, and acknowledging Plaintiff's job duties for Defendants [ECF No. 36-13], as irrelevant to Plaintiff's claims under the FLSA, FMWA, and TVPA. The Court cannot exclude this letter, as it is relevant to establishing Plaintiff's claims that he was a longstanding employee of the Defendants entitled to receive at least the applicable Florida and federal minimum wages, as alleged in Counts I and II of the Second Amended Complaint [ECF No. 29]. The letter is also relevant, admissible evidence which falls within the ten-year limitations period applicable to Plaintiff's TVPA claim, tending to prove that Defendants employed Mr. Aneiros and the work they conceded he performed for them. *See* 18 U.S.C. §1595(c)(1) ("10 years after the cause of action arose"). Defendants fail to address the TVPA's ten-year limitations period and overlook the significance of the parties' longstanding employment under the FMWA and FLSA as one of the factors to consider. Consequently, the Court properly denies Defendants' request to exclude relevant evidence that lack any indicia of unfair prejudice.

In addressing the letter's relevance to Plaintiff's claims under the FMWA and FLSA, Mr. Aneiros is entitled to present relevant evidence that tends to prove or disprove a disputed fact (employment). Fed. R. Evid. 401. The letter Defendants seek to exclude is relevant and admissible, as it tends to prove that the Defendants employed him, which requires considering the permanency or duration of the parties' relationship. *See Scantland v. Jeffry Knight, Inc.*, 721 F.3d 1308, 1311 (11th

Cir. 2013) (identifying "the degree of permanency and duration of the working relationship" as a factor to consider when determining employment). The Eleventh Circuit Court of Appeals reaffirmed that "the duration of the relationship between the parties" is a factor to be considered in determining employment under the FLSA in *Garcia-Celestino v. Ruiz Harvesting, Inc.*, 898 F.3d 1110, 1119 (11th Cir. 2018) (quoting *Garcia-Celestino v. Ruiz Harvesting, Inc.*, 843 F.3d 1276, 1293 (11th Cir. 2016) (internal quotation marks omitted)). The letter is also relevant to Mr. Aneiros' TVPA claim, and was authored by Defendant Fernandez during the ten-year limitation period applicable to it. Like his FLSA and FMWA claims, the letter will help to establish the disputed facts involving the scope of work that Plaintiff performed for Defendants' benefit.

The letter in question was written by Defendant Fernandez during the TVPA's ten-year statutory period preceding this lawsuit, is not unfairly prejudicial, and should be admitted to provide a complete picture of the parties' employment relationship and how the Defendants categorized it to third parties. Moreover, the letter must be admitted as a statement of a party opponent, Defendant Fernandez.

C. **Testimony Regarding "Work-Place" Injuries Is Admissible At Trial**

Defendants seek to exclude testimony regarding Plaintiff's work-related injuries, arguing that it is irrelevant to Plaintiff's claims for unpaid wages and TVPA violations. However, this testimony is relevant to the conditions under which Plaintiff was required to work and the coercive environment created by Defendants. Evidence of work-related injuries can support Plaintiff's claims of exploitation and coercion under the TVPA. Under Rule 401, this testimony is relevant as it makes the existence of coercion more probable. The probative value of this evidence is not substantially outweighed by the danger of unfair prejudice or confusion.

Rule 403 allows for the exclusion of evidence only if its probative value is substantially outweighed by the danger of unfair prejudice, confusion, or misleading the jury. *See, e.g., Ritter v. Metro. Cas. Ins. Co.*, 2020 U.S. Dist. LEXIS 201970, at *7 (S.D. Fla. Sep. 30, 2020) ("Relevant evidence 'may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury[.]'"); *United States v. Beasley*, 72 F.3d 1518, 1527 (11th Cir. 1996) ("Relevant evidence is properly excluded only by a finding that 'its probative value is substantially outweighed by the danger of unfair prejudice, confusion of issues or misleading the jury ….'").

Testimony regarding Plaintiff's work-related injuries would not pose a risk of unfair prejudice to the extent that it would "suggest a decision on an improper basis." *U.S. v. Gonzalez*, 718 F. Supp. 2d 1341 (S.D. Fla. 2010). Rather, testimony as to the injuries Plaintiff sustained while working on Defendants' dilapidating warehouse is directly relevant to the claims at issue, and offers significant probative value in support of several facts in dispute. First, the fact that Plaintiff suffered injuries while working on Defendants' warehouse tends to prove that he performed work for Defendants' benefit (in support of all three claims). Next, in support of Plaintiff's TVPA claim, testimony regarding Plaintiff's work injuries tends to prove that Plaintiff was forced or coerced to continue performing work for Defendants, that Defendants preyed on Plaintiff's vulnerabilities to obtain that work, and that Defendants showed blatant disregard for Plaintiff's health and wellbeing.

During his deposition, Plaintiff testified that debris and/or termites fell into his eye while he was working covering cracks in the foundation of the Viormar Warehouse, as directed by Defendant Fernandez. *See* ECF No. 36-1, at 47:16-48:20. He further testified that these injuries have inhibited his eyesight, which prevents him from seeking employment outside of Viormar and

Case 1:24-cv-20772-DPG   Document 52   Entered on FLSD Docket 02/10/2025   Page 8 of 12

would pose a significant challenge to him if forced into homelessness. *See id.* at 67:25-68:17. 92:20-24. "In assessing a claim of forced labor under the TVPRA, 'the vulnerabilities and characteristics of the specific victim become extremely important because one individual could be impervious to some types of coercion that cause another to acquiesce in providing forced labor.'" *Arreguin v. Sanchez*, 298 F. Supp. 3d 1314, 1325 (S.D. Ga. 2019) (quoting *Ross v. Jenkins*, 325 F. Supp. 3d 1141, 1164 (D. Kan. 2018)). Given that these work injuries tend to prove Plaintiff's vulnerabilities as a victim of forced/coerced labor under the TVPA, testimony/evidence of the same is directly relevant to the claims at issue and does not pose a risk of prejudice that would outweigh its probative value.

**D.** **Conversations And Agreements Between Plaintiff And Defendant Fernandez's Father Are Properly Considered By The Jury.**

Defendants argue that any testimony or evidence relating to conversations or agreements with Defendant Fernandez's deceased father—the founder and prior owner/officer of Viormar—should be excluded as inadmissible hearsay. However, given that Defendant Fernandez's father, in his capacity as a representative or agent of Viormar, agreed to allow Plaintiff to live and work inside of the Viormar Warehouse, these statements are excluded from Rule 802's hearsay prohibition as an opposing party's statement. *See* Fed. R. Evid. 801(d)(2). In the alternative, even if such statements/agreements were not made by Defendant Fernandez's father in his capacity as owner/officer of Viormar, Plaintiff's testimony regarding the decedent's statements/agreements should be deemed admissible to show the statements' effect on the listener (Plaintiff).

Under Rule 801(d)(2), statements of a party-opponent "Are Not Hearsay." The Rule's expansive definition of "An Opposing Party's Statement" covers statements made by the party "in an individual or representative capacity", statements "made by a person whom the party

authorized to make a statement on the subject", as well as statements "made by the party's agent or employee on a matter within the scope of that relationship while it existed[.]" Fed. R. Evid. 801(d)(2). Here, Defendants do not dispute that Viormar was formed by Defendant Fernandez's father, Orlando Bello, that Mr. Bello served as an officer/director of Viormar, and that after Mr. Bello discovered Mr. Aneiros sleeping outside of the warehouse owned by Viormar, he offered to let Mr. Aneiros sleep inside. *See* ECF No. 34, at ¶¶ 22, 25, 33; ECF No. 45, at ¶¶ 22, 25, 33. Accordingly, statements/agreements made by Mr. Bello with Plaintiff in relation to his living/working arrangements at the Viormar Warehouse fall squarely into Rule 801(d)(2)'s category of statements that are not hearsay.

In an analogous circumstance where the defendant insurance company sought to exclude statements of a deceased adjuster which it hired to inspect the subject property, this Court denied the defendant's motion in limine and held that verbal statements attributable to the decedent were admissible as non-hearsay under Rule 801(d)(2). *Rodriguez v. Geovera Specialty Ins. Co.*, 2019 U.S. Dist. LEXIS 227350 (S.D. Fla. Oct. 22, 2019). Given the deceased adjuster's relationship to the defendant company, his statements would admissible "as a statement of a party opponent under Federal Rule of Evidence 801(d)(2)(D)—or based on the statements' use to show, for example, their effect on the listener, *see, e.g. Rogers v. S. Star Logistics, Inc.*, 661 F. App'x 667, 674 n.5 (11th Cir. 2016)." *Rodriguez*, 2019 U.S. Dist. LEXIS 227350, at *3.

Similarly, in a case not involving statements of a party-opponent, this Court ruled that statements made by a deceased individual regarding disposition of the decedent's assets were not hearsay. *See Gordon v. Binderman*, 2006 U.S. Dist. LEXIS 76024 (S.D. Fla. Oct. 19, 2006). "Hearsay is 'a statement, other than one made by the declarant while testifying at the trial or hearing, offered

in evidence to prove the truth of the matter asserted.' Fed. R. Evid. 801(c). A statement, therefore, is not hearsay if it is not offered to prove the truth of what was asserted in the statement." *Id.* at *3. In *Binderman*, the Court held that instructions given by the decedent regarding disposition of his assets did not constitute hearsay, reasoning as follows:

> In the present case, any instructions given by Mr. Gordon to Mr. Binderman regarding the disposition of assets would not be offered to prove the truth of the *contents* of Mr. Gordon's instructions, but instead that the instructions were actually given, a fact relevant to the Bindermans' defense. It is well-settled that under these circumstances, the statements do not constitute hearsay and are thus not excludable under the hearsay rules. *See United States v. Shepherd*, 739 F.2d 510, 514(10th Cir. 1984) ("An order or instruction is, by its nature, neither true nor false and thus cannot be offered for its truth. The orders or instructions were offered to show that they occurred rather than to prove the truth of something asserted.") (citations omitted).

*Id.* at *3-4. Here too, orders or instructions by Mr. Bello should be admitted to show that he instructed Plaintiff to perform work for the benefit or Viormar.

In their Motion in Limine, Defendants raise similar concerns to those asserted by the movant in *Binderman*—namely, that because Mr. Bello is deceased, "Defendants do not have the ability to cross-examine the declarant, and the statements' prejudicial effect substantially outweighs any probative value." ECF No. 50, at 5. However, "[t]hese assertions go [to] the weight of the evidence, not its admissibility, and are proper subjects for cross-examination and argument at trial; they do not support [the movant's] claim that the alleged statements should be excluded." *Binderman*, 2006 U.S. Dist. LEXIS 76024, at *4. Accordingly, because statements by Mr. Bello are not hearsay, and do not pose the risk of prejudice which cannot be mitigated by cross-examination and argument at trial, the Court properly denies Defendants' request to exclude these statements.

### E.     The Jury Properly Considers The Evidence Of Defendants' Other Businesses.

Finally, Defendants seek to exclude any testimony or evidence regarding companies owned by Defendant Fernandez or his daughter, Christina Fernandez, that have not been joined as parties to this suit. However, this evidence is relevant to establishing the scope of Defendants' operations and the context of Plaintiff's employment. Under Rule 401, this evidence is relevant as it makes the existence of the employment relationship and the nature of Defendants' business more probable. Additionally, evidence of work performed by Plaintiff for Defendant Fernandez's businesses which are not named in this lawsuit would still be relevant to Plaintiff's claims against Fernandez individually.

Plaintiff testified during his deposition that in addition to his work for Viormar, he also performed work for Defendant Fernandez's other businesses (jointly operated with his daughter, Christina Fernandez): Vida Medical, LLC; Corina Investments, Inc, Corina Properties, LLC, and/or Corinas, Inc; and Fersom Mortgage, Inc. Each of these entities operated out of the Viormar Warehouse where Plaintiff lived and worked. Even if Viormar could not be held liable for work performed by Plaintiff for these other companies (although it likely could as a joint employer), evidence of this work is relevant to proving the work that Plaintiff performed for Defendant Fernandez as an individual employer under the FLSA and FMWA. Additionally. This evidence is relevant to proving that Defendant Fernandez individually obtained labor or services in violation of the TVPA. The probative value of this evidence is not substantially outweighed by the danger of unfair prejudice or confusion—as any risk of prejudice or confusion could be cured through jury instructions or through cross-examination and argument at trial. *See* Fed. R. Evid. 403. Therefore, given that testimony and evidence regarding Plaintiff's work other companies owned by Defendant

Fernandez are directly relevant to the claims at issue, and do not pose any substantial risk of prejudice, the Court properly denies Defendant's Motion in Limine.

## V. CONCLUSION

For the foregoing reasons, Plaintiff, Dennis Aneiros, requests that the Court deny Defendants' Motion in Limine [ECF No. 50] in full, allowing the admission of the above-mentioned categories of testimony and evidence at the trial of this case.

Respectfully submitted this 10th day of February 2024.

s/ Patrick Brooks LaRou
Brian H. Pollock, Esq. (174742)
brian@fairlawattorney.com
Patrick Brooks LaRou, Esq. (1039018)
FAIRLAW FIRM
135 San Lorenzo Avenue, Suite 770
Coral Gables, Florida 33146
Telephone: (305) 230-4884
*Counsel for Plaintiff*
