IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT IN
AND FOR MIAMI-DADE COUNTY,
FLORIDA

VIORMAR TRADING CORPORATION, N.V.,

     Plaintiff,                   CIVIL DIVISION

v.                                 CASE NO.: 2024-015080-CA-01

DENNIS ANEIROS,

     Defendant.

_____/

## PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS

Plaintiff, VIORMAR TRADING CORPORATION, N.V., ("Plaintiff") by and through its undersigned counsel and pursuant to Florida Rule of Civil Procedure 1.140(c), hereby moves this Court to enter Judgment against the Defendant, Dennis Aneiros, ("Defendant") and in support states:

1.    Plaintiff filed its verified Complaint on August 9, 2024, alleging that Defendant has violated Fla. Stat. § 66.021(2) by unlawfully detaining the Plaintiff's property. See **Exhibit "A"** Plaintiff's Complaint.

2.    On September 26, 2024, Defendant filed his answer. See **Exhibit "B"** Defendant's Answer.

3.    Ejectment is a statutory cause of action allowing a person with a superior right to possession of real property to maintain an action of ejectment to recover possession of the property. Section 66.021, Fla. Stat. (2018). To prove an action for ejectment, the plaintiff must prove, that (1) the plaintiff has title to the land; (2) the plaintiff has been wrongfully dispossessed or ousted; and (3) the plaintiff has suffered damages. *Silva v. De La Noval*, 307 So. 3d 131, 132

(Fla. 3d DCA 2020).

4.      A motion for judgment on the pleadings may be filed only after the pleadings are closed in accordance with Fla. R. Civ. P. 1.140(c). When considering the motion, all material allegations of the opposing party's pleadings are to be taken as true, and all those of the movant are taken as false. The motion is to be decided wholly on the pleadings, without the aid of outside matters such as affidavits, depositions, or other showings of fact. The motion may be granted only if the moving party is clearly entitled to judgment as a matter of law. It follows therefore that it is improper for a trial court to enter judgment on the pleadings where factual questions remain. *Farag v. Nat'l Databank Subscriptions*, 448 So. 2d 1098, 1100 (Fla. 2d DCA 1984); *Shay v. First Fed. of Miami*, 429 So. 2d 64, 65 (Fla. 3d DCA 1983)

5.      Plaintiff has attached the May 18, 1979 Warranty Deed to its Complaint as Exhibit "A" which shows that Viormar Trading Corporation N.V. is an entity who has a present right of possession to the Property.

6.      Fla. R. Civ. P. 1.130(b) provides that any exhibit attached to a pleading shall be considered a part thereof for all purposes. Any exhibits attached to a complaint are controlling when there is a conflict between the complaint and the exhibits. *See  Fla. Recovery Adjusters, LLC v. Pretium Homes, LLC*, 261 So. 3d 664, 665 (Fla. 3d DCA 2018). As such, this Court may take the Warranty Deed into consideration to determine whether the Plaintiff (i) has title to the land; (ii) the plaintiff has been wrongfully dispossessed or ousted; and (iii) the Plaintiff has suffered damages.

7.      Notably, Defendant's answer is completely devoid of any attachments showing that he has title to the property or a superior right of possession to the property.

8.      Defendant alleges that on or about June 2011, Orlando Fernandez's father (the president

of Viormar) gave the Defendant keys to the property so that the Defendant could clean, repair, and paint the premises. Defendant also alleges that Orlando Fernandez's father gave him the authority to live in the property. At best, Defendant's answer raises an equitable defense under the Betterment Statute of Fla. Stat. Ch. 66.041-66.101.

9.      However, this does not mean that a defendant in an ejectment action, an action at law, may, via an equitable defense, obtain affirmative relief other than through the Betterment Statute, Fla. Stat. ch. 66.041-66.101. The Betterment Statute authorizes a defendant who has lost an ejectment action to file a petition for compensation for improvements but it does not provide for removal of the improvements. *Brown v. Johns*, 312 So. 2d 526, 527 (Fla. 1st DCA 1975).

10.     Nevertheless, a closer look at the Betterment Statute shows that Defendant's Answer cannot even support this claim,

> If a judgment of eviction is rendered against defendant, within 60 days thereafter, or if he or she has appealed, within 20 days after filing the mandate affirming the judgment, defendant may file in the court in which the judgment was rendered a petition setting forth that:
> (1) Defendant had been in possession and that he or she or those under whom defendant validly derived had permanently improved the value of the property in controversy before commencement of the action in which judgment was rendered;
> (2) Defendant or those under whom defendant validly derives held the property at the time of such improvement under an apparently good legal or equitable title derived from the English, Spanish, or United States Governments or this state; or under a legal or equitable title plain and connected on the records of a public office or public offices; or under purchase at a regular sale made by an executor, administrator, guardian or other person by order of court; and
> (3) When defendant made the improvements or purchased the property improved, he or she believed the title which he or she held or purchased to the land thus improved to be a good and valid title. The petition shall demand that the value of the improvements be assessed and compensation awarded to defendant therefor.

11.     Furthermore, Defendant's answer clearly states that Orlando's late father allegedly invited him onto the property. As such, Defendant cannot even maintain a claim for adverse possession.

12.    Additionally, the assertions by the Defendant in which he claims to have performed work for the Plaintiff, have no bearing on whether or not the Defendant has superior title then that of the Plaintiff.

13.    As the Defendant alluded to, their is currently a FLSA Complaint in Federal Court that has been filed by the Defendant to determine whether or not he was an employee of the Plaintiff. However, the Defendant's alleged employment status and his right of possession to the property are two separate issues and only one of those issues are before this Court: Does the Plaintiff have title to the land and has he been wrongfully dispossessed.

14.    It is clear on the face of the pleadings that the Plaintiff is the current title holder. Therefore, the first element of ejectment as laid out in *Silva v. De La Noval* has been met. The second element, wrongful dispossession and the third element, damages, are also alleged in Plaintiff's Complaint and the Defendant's answer fails to counter these allegations.

15.    Paragraph 15 of Plaintiff's Complaint alleges that the Plaintiff informed Defendant that he would have to vacate the property. In Paragraph 21 of Plaintiff's Complaint, it is alleged that the Defendant refused to vacate the property.

16.    In Paragraph 17 of Plaintiffs Complaint it is alleged that Defendant has transformed one of the properties garages into an automobile body shop without permission of the Plaintiff. Furthermore, paragraphs 22 and 23 allege that the Defendant has been housing a number of aggressive dogs who have caused property damage.

17.    Although Defendant's answer does state that he did not take the property by force, the element in question under an action for ejectment is "wrongful dispossession", not forceful dispossession. Moreover, Defendant's answer also fails to address the allegations of property damage.

**WHEREFORE,** Plaintiff respectfully requests that this Court enters Judgment on the Pleadings in Plaintiff's favor and against Defendant, in compliance with Florida Rule of Civil Procedure 1.140(c), Fla. Stat. § 66.021, eject Defendant from the property, and any further relief this Court deems necessary and proper.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been delivered to all of the Parties on the Court's e-service list via the Court's e-portal on October  22, 2024. A copy has also been sent via Certified Mail to Defendant at 7884 NW 55th Street, Miami, FL 33166 and alternatively at 7882 NW 55th Street, Miami, FL 33166.

Respectfully submitted,

**WHITE & TWOMBLY, P.A.**
*Counsel for Plaintiff*
9999 NE 2nd Avenue, Suite 306
Miami Shores, Florida 33138
Telephone: (786) 502-2038
robert@whitetwombly.com
dan@whitetwombly.com
david@whitetwombly.com
paralegalryt@whitetwombly.com

By: */s/Robert Twombly*
Robert Twombly, Esquire
FBN: 0060127

By: */s/David Alvarez*
David Alvarez, Esquire
FBN: 1054426

# EXHIBIT A
# PLAINTIFF'S COMPLAINT

Filing # 204345807 E-Filed 08/09/2024 04:10:05 PM

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT IN
AND FOR MIAMI-DADE COUNTY,
FLORIDA

VIORMAR TRADING CORPORATION, N.V.,

      Plaintiff,

v.

                          CIVIL DIVISION
                          CASE NO.:

DENNIS ANEIROS,

      Defendant.

_____/

## VERIFIED COMPLAINT

Plaintiff, Viormar Trading Corporation, N.V., ("Viormar" or "Plaintiff"), by and through it's undersigned counsel, pursuant to Fla. Stat. § 66.021, hereby files suit against Defendant, Dennis Aneiros ("Defendant"), and states:

### JURISDICTION

1.    This Court has exclusive jurisdiction over the matter pursuant to Fla. Stat. § 66.021(2).

2.    The amount in controversy exceeds $50,001.00.

3.    There are no conditions precedent to the filing of this action. Fla. Stat. § 66.021(3).

### VENUE

4.    Viormar is a foreign corporation with its headquarters located in Miami-Dade County, Florida.

5.    Defendant has unlawfully entered and taken up residence in the Plaintiff's commercial property which is located in Miami-Dade County, Florida.

6.    All causes of action have occurred in Miami-Dade County, Florida.

### PARTIES

7.    Viormar is a foreign corporation that is the record owner of the subject property. Orlando

Fernandez is the principal of Viormar.

8.      Defendant, a transient occupant, unlawfully entered the property on or about February

2014.

## FACTS

9.      There are two primary Viormar properties that are being unlawfully detained by

Defendant: (i) 7884 NW 55th Street, Miami, FL 33166; and (ii) 7882 NW 55th Street, Miami,

FL 33166 (collectively, "the Property"). Plaintiff owns the entire property located at 7880 NW

55th Street, Miami, FL 33166 and the record owner of the Property is Viormar as reflected in the

Miami-Dade County property appraiser's website.

10.     Plaintiff is the sole title holder of the entire Property. See **Exhibit "A"**, Warranty Deed.

11.     The Defendant was discovered by Plaintiff, sleeping in one of the garages located at the

Property.

12.     Plaintiff recognized that Defendant was homeless and had nowhere to go, so he allowed

him to sleep in the garage until he was able to get back on his feet.

13.     Plaintiff allowed Defendant to use the garage as a shelter, free of charge.

14.     Defendant has never paid rent to Plaintiff while living on the Property.

15.     In 2018, Plaintiff informed Defendant that he would have to vacate the Property.

16.     Defendant eventually turned one of Viormar's garages into an automobile body shop.

17.     Upon information and belief, Defendant does not have the appropriate license, permits, or

certifications to operate an automobile shop.

18.     Plaintiff demanded that Defendant close the automobile body shop and vacate the

premises immediately.

19.     Defendant refused to close the automobile body shop and began taking up residence in a

Viormar office located at 7882 NW 55th Street, Miami, FL 33166 (the "Office").

20.     This office was never intended to be used as a residential property and as such was never equipped to be one.

21.     Plaintiff, upon discovering Defendant's unauthorized use of the Office, demanded that he take all of his stored belongings out of the Office and vacate all of Viormar's properties. Defendant again refused Plaintiff's demands.

22.     Defendant has a number of aggressive dogs standing guard of his unauthorized body shop, and those dogs sleep with the Defendant in the Office.

23.     The Defendant's unauthorized automobile body shop and guard dogs have caused property damage.

24.     Plaintiff intends on listing the Property for rent, but cannot do so while the Defendant unlawfully occupies the Property.

25.     Without the intervention of this Court, the Property will incur further damages by the Defendant.

## COUNT I - EJECTMENT
## FLA. STAT. § 66.021

26.     Plaintiff hereby incorporates the allegations set forth in paragraphs 1 through 25 as if fully set forth herein.

27.     Plaintiff is an entity who has a present right of possession to the Property

28.     Plaintiff has a superior right to possession of the Property.

29.     Defendant is unlawfully detaining the property without Plaintiff's consent.

30.     Defendant is currently occupying the Property unlawfully.

31.     Plaintiff has been wrongfully dispossessed from the Property by the Defendant.

**WHEREFORE,** Plaintiffs respectfully request that this Court order the ejectment of

Defendant and grant any further relief this Court deems equitable and proper.

## DEMAND FOR NON-JURY TRIAL

Plaintiff hereby demands trial by non-jury of all issues so triable as a matter of right.

DATED: August 9, 2024.

Respectfully submitted,

White & Twombly, P.A.
*Attorneys for Plaintiff*
9999 NE 2nd Avenue, Ste. 306
Miami Shores, FL 33138
Telephone: (786) 502-2038
robert@whitetwombly.com
dan@whitetwombly.com
david@whitetwombly.com
paralegalryt@whitetwombly.com

By: */s/ Robert Twombly*
Robert Twombly, Esquire
FBN: 060127

By: */s/ Daniel Castilla*
Daniel Castilla, Esquire
FBN: 1049187

By:*/s/David Alvarez*
David Alvarez, Esquire
FBN: 1054426

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been delivered

to all of the Parties on the Court's e-service list via the Court's e-portal on August 9, 2024.

Respectfully submitted,

**WHITE & TWOMBLY, P.A.**
*Counsel for Plaintiff*

9999 NE 2nd Avenue, Suite 306
Miami Shores, Florida 33138
Telephone: (786) 502-2038
robert@whitetwombly.com
dan@whitetwombly.com
paralegalryt@whitetwombly.com

By: */s/Robert Twombly*
Robert Twombly, Esquire
FBN: 0060127

By: */s/Daniel Castilla*
Daniel Castilla, Esquire
FBN: 1049187

By: */s/David Alvarez*
David Alvarez, Esquire
FBN: 1054426

## AFFIDAVIT OF ORLANDO FERNANDEZ

1. My name is Orlando Fernandez, I am above eighteen (18) years of age and I am competent to testify to the matters in the Complaint filed against Defendant Dennis Aneiros.

2. I hereby affirm that each allegation in the Complaint is true and accurate to the best of my knowledge.

FURTHER AFFIDAVIT SAYETH NOT,

Orlando Fernandez

Sworn to and subscribed before me on this 6th day of August , 2024.

Notary Public, State of Florida, at Large

Belle Reyes
Printed Name-Notary Public

The affiant is ( ) personally known to me or ( ✓ ) has produced his/her Florida Driver's License No. F655-641-49-212-0 as identification.

My commission expires:

BELLE REYES
MY COMMISSION #HH504772
EXPIRES: MAR 17, 2028
Bonded through 1st State Insurance

# EXHIBIT "A"
# WARRANTY DEED

79R141182S   1979 MAY 18 PH 2: 25

RAMCO   FORM A-3 (PHOTOSTAT)

**WARRANTY DEED**
(FROM CORPORATION)

OFF 10397 PG 1983

**This Warranty Deed** Made and executed the   26th day of April   A. D. 1979   by

E. C. ERNST, INC.

a corporation existing under the laws of _____ , and having its principal place of business at

hereinafter called the grantor, to   VIORMAR TRADING CORPORATION N.V.

whose postoffice address is   8155 N.W. 60th Street, Miami, Florida

hereinafter called the grantee:

(Wherever used herein the terms "grantor" and "grantee" include all the parties to this instrument and the heirs, legal representatives and assigns of individuals, and the successors and assigns of corporations)

**Witnesseth:** That the grantor, for and in consideration of the sum of $(10.00) ten and other valuable considerations, receipt whereof is hereby acknowledged, by these presents does grant, bargain, sell, alien, remise, release, convey and confirm unto the grantee, all that certain land situate in _____ County, Florida, viz:

RETURN TO: (7800 (8-11)   51.00
CHICAGO TITLE INSURANCE COMPANY
1000 BRICKELL AVE., 3rd FLOOR
MIAMI, FLORIDA  33131

Lot 83 of Airport Gardens, according to the Plat thereof, as recorded in Plat Book 48, at Page 41, of the Public Records of Dade County, Florida.

Subject to:

Conditions, restrictions, reservations and easements of record.

**Together** with all the tenements, hereditaments and appurtenances thereto belonging or in any wise appertaining.

**To Have and to Hold,** the same in fee simple forever.

**And** the grantor hereby covenants with said grantee that it is lawfully seized of said land in fee simple; that it has good right and lawful authority to sell and convey said land; that it hereby fully warrants the title to said land and will defend the same against the lawful claims of all persons whomsoever; and that said land is free of all encumbrances.

**In Witness Whereof** the grantor has caused these presents to be executed in its name, and its corporate seal to be hereunto affixed, by its proper officers thereunto duly authorized, the day and year first above written.

E. C. ERNST, INC.

ATTEST

By _____   Vice President

Signed, sealed and delivered in the presence of

STATE OF _____
COUNTY OF _____

I HEREBY CERTIFY that on this day, before me, an officer duly authorized in the State and County aforesaid to take acknowledgments, personally appeared William H. Kahn and Joseph A. McCarthy

well known to me to be the Vice President and Treasurer respectively of the corporation named as grantor in the foregoing deed, and that they severally acknowledged executing the same in the presence of two subscribing witnesses freely and voluntarily under authority duly vested in them by said corporation and that the seal affixed thereto is the true corporate seal of said corporation.

WITNESS my hand and official seal in the County and State last aforesaid this _____ day of April A. D. 1979

My Comm. Expired 3/31/81

RECORDED IN OFFICIAL RECORDS BOOK
OF DADE COUNTY, FLORIDA.
RECORD VERIFIED
RICHARD P. BRINKER,
CLERK CIRCUIT COURT

This Instrument prepared by:
E. J. Farres
Address  2800 One Biscayne Tower
Miami, Florida 33131

STATE OF FLORIDA
DOCUMENTARY STAMP TAX
141.00

# EXHIBIT B
# DEFENDANT'S ANSWER

CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI DADE COUNTY, FLORIDA.

Miami, September 22, 2024

PLAINTIFF(S)

VIOMAR TRADING CORPORATION, N.V. -   CIVIL CASE NUMBER 2024-015080-CA-01

VS DEFENDANT(S)

DENNIS ANEIROS.

**IN RESPONSE TO CIVIL CASE NUMBER 2024-015080-CA-01**

AFFIRMING THAT THE DEFENDAT HAS UNLAWFUL ENTER AND TAKING UP RESIDENCY IN THE PLAINTIFF'S COMMERCIAL PROPERTY LOCATED ON 7880-7882 AND 7884 NW 55TH ST. DORAL, 33166.

I, the defendant, Dennis Aneiros, not a homeless person as the plaintiff says in this civil case.

In about June 2011, ORLANDO FERNANDEZ'S father, gave me (the defendant) the property's keys to clean, repair and paint these premises located in 7880 and 7882 NW 55th St. Doral Florida 33166 which at that time where abandoned. And gave the authority to live in the property and to control at night for people that dumped garbage unlawfully.

At the same time, he gave me the authority to look for new tenants and rent these properties..

Mr. Orlando Fernandez's father gave the order to build a wall between these two premises to separate them.

At 7884 was ORLANDO FERNANDEZ'S father office.

On 2012 I rented 7882 NW 55th St. Doral Florida 3316 to JESSY'S LIMOUSINE.

On December 12, 2016, ORLANDO FERNANDEZ (PLAINTIFF) PRESIDENT OF VIOMAR TRADING CORP. send a letter to Jessy's Limousine stating that the defendant (Dennis Aneiro) was designated or named as the person in charge of maintenance and taking care of the property located at NW 7880 AND 7882 AND 7884. 55th ST. Doral FL 33166. The purpose to notify Jessy's Limousine that are going to be evicted for lack of rent payments.

1

Letter attached to this response.

I the defendant, was also in charge as assistant property manager of **Sunrise Paradise Plaza** as it shows in the letter from **Corina Investments Inc** located at 7880 NW 55 Street Doral, FL 33166 at that time, which is still own by Christina Fernandez, daughter of Mr. Orland Fernandez's father.

Letter attached to this response.


At the same time, I the defendant, worked with them at **Vida Homecare Solutions** located also at 7880 NW 55th St. Doral Florida 33166. With them I became a Public Notary with Id #1476581 from August 23. 2016 through August 22, 2020.

Copy letter attached.

The defendant was the person who assembly all the new equipment and merchandise and assembly all the wooden displays and portable restrooms at different expositions that this company assisted. Like: Miami Beach Convention Center, downtown Miami and other places.

I the defendant still at this moment send all the mail to a P.O. Box 470208 in Orlando Florida own by Orlando Fernandez (plaintiff) and make bank deposits to Ocean Bank of all the checks that Mr. Orlando Fernandez send me via mail. Attached copy of mail sent to me by the plaintiff from Orlando Florida on March 6 2023.

The mailman Mr. Charles Miller from the Doral Post Office is the person who give me all my correspondence including the ones from Viomar Trading Corporation, Corina Investments Inc Sales, Vida Homecare Solutions, C A Fersom LLC, 7884 NW 55th Street, Doral, FL, 33166-4114, mortgage bankers & correspondents and much more.

At this moment I have all the Ocean Bank's deposit receipts with me and at my lawyers'

**Brian H. Pollock, Esq from Fair law Firm locate at 135 San Lorenzo Avenue, Suite 770**

**Coral Gables, Florida 33146**

Orlando Fernandez (plaintiff) is not sending me any more checks by mail to deposit since February of this year 2024, exactly the time I started my demand with the **UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF FLORIDA** against Viomar Trading Corporation, NV and Orlando Fernandez **Case number: 1:24-cv-20772-GAYLES/LOUS.**

Orlando Fernandez and his sister Christina Fernandez have moved to Orlando, Florida.

2

I the defendant help them move all 5 containers to their new house and warehouses.

Before they moved to Orlando, Florida. Orlando and Christina Fernandez invited me to have lunch at Mi Cuba Café restaurant in Doral and told me (the defendant) to be in charge of maintenance of the property in question. And because a was going to be in charge of the property not to pay them rent but to pay only Florida Power Light Bills.

For all these reasons I just mentioned, it is false that I'm homeless and that I took residence by force in this property, and that Orlando Fernandez helped me to live on this property until I get back on my feet.

I the defendant was working for Orlando Fernandez without a regular paycheck.

The plaintiff also stated that I have an Auto body shop on his promises.

I did all kinds of odds jobs to the plaintiff like a full reconstruction of his son's car including change of an engine motor.

Full car painting to the plaintiff sister Christina Fernandez.

I the defendant fixed all family cars without charge, and for that reason the plaintiff assumed that I have an irregular Auto Body Shop.

I the defendant Dennis Aneiros on February 28, 2024 started a Federal demand for lack of salary payments against Viomar Trading Corporation, NV and Orlando Fernandez **Case number: 1:24-cv-20772-GAYLES/LOUS.**

And I the defendant believe they started this civil case 2024-015080-CA-01 against me to avoid salary payments.

Truly yours

Defendant

Dennis H. Aneiros

3

# VIORMAR TRADING CORP

### 7880 NW 55TH STREET, DORAL FL 33166

Diciembre 12 de 2016

Srs. Jessy's Limonsine
7882 NW 55th Street, Doral FL 33166

Estimados Srs.

Por medio de la presente nota les informamos que el Sr Dennis Aneiro ha sido nombrado encargado del cuidado, orden y mantenimiento y cuidado de la propiedad NW 7870-7882 y 7884.

Agradezco la colaboracion que puedan prestar para que el Sr Aneiro pueda cumplir con las responsabilidades asignadas.

Sin otro asunto al cual hacer referencia, quedo de Uds.
Atentamente,


Orlando Fernandez
Presidente
Viormar Trading Corp.



ORLANDO FL 328

6 MAR 2023   PM 6   L

Denis Aneiros
7884 NW 55th Street
Doral FL 33166

33166-411484

Orlando Fernandez
PO Box 470208
Lake Monroe, FL 32747

# FLORIDA NOTARY ASSOCIATION INC.

Wednesday, August 24, 2016                                    File Number:  228610

Mr. Dennis Aneiros
7880 Nw 55th Street
Doral, Fl  33166

Dear Mr. Aneiros:

Enclosed please find your notary appointment package which includes a self-inking notary stamp,
errors & omissions insurance information (if purchased), Florida Notary Reference Manual, and
commission certificate.  It is important for you to retain this certificate in a safe place for the following
reasons:

A.  This certificate is your proof of appointment to hold office as a Notary Public in the State of Florida

B.  If you move your residence out of Florida, you must resign your notary public appointment
     and return this commission certificate to the Secretary of State in Tallahassee, Florida.

We appreciate the opportunity to assist you in securing your notary appointment and hope that our
notary package and the service we have provided meets with your complete satisfaction. As always,
your feedback is welcomed by either telephoning our office with your input or completing the on-line
comment card found on our web site (www.flnotary.com).  Your satisfaction is our top priority!

Please contact our office should you have any questions during your term as a notary public and we
will be happy to assist you.

Yours truly,

Janice C. Gullikson
President



STATE OF FLORIDA

Executive Department

I, Rick Scott, Governor of Florida, by virtue of the authority vested in me by the Constitution and Laws of this State, do hereby commission

**Dennis H. Aneiros**

to be

**NOTARY PUBLIC**

in and for the State of Florida

from August 23, 2016 through August 22, 2020 and in the Name of the People of the State of Florida to have, hold and exercise the said office and all the powers and responsibilities appertaining thereto, and to receive the privileges and emoluments thereof in accordance with the law.

In Testimony Whereof, I do hereunto set my hand and cause to be affixed the Great Seal of the State, Tallahassee, Florida.

Governor

Secretary of State

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:24-CV-20772-GAYLES/LOUIS

DENNIS ANEIROS,

      Plaintiff,

vs.

VIORMAR TRADING CORPORATION, N.V.,
and ORLANDO A. FERNANDEZ,

      Defendants.

_____/

## PLAINTIFF'S RULE 26(a) DISCLOSURES

Plaintiff, Dennis Aneiros, discloses the following pursuant to Rule 26(a) of the Federal Rules of Civil Procedure, Local Rule 26.1, and the information reasonably available to him:

### i. Individuals with Discoverable Information

The following list of individuals known to the Plaintiff at this time are likely to have discoverable information that the Plaintiff may use to support its claims or defenses, unless solely for impeachment, and the subjects of that information:

1. **Dennis Aneiros, Plaintiff** – c/o FairLaw Firm

   Dennis Aneiros has knowledge regarding his employment with Defendants, the type of work he performed for them, his responsibilities, his hours worked, the lack of any pay received from them for his work, the living conditions he was provided for his work, the threats he received, and the other issues raised by the pleadings.

2. **Designated Representative(s), Viormar Trading Corporation, N.V.** – c/o White & Twombly, P.A.

   The 30(b)(6) representative of Viormar Trading Corporation, N.V. is believed to know about Plaintiff's employment with Defendants, its gross annual revenues, the interstate commerce engaged in by Defendants, the general business of Defendants, the lack of any timekeeping by Defendants, Defendants' offer of employment made to Plaintiff, Defendants' failure to pay Plaintiff for his work, the living conditions he was provided, the

1

work Plaintiff performed, the threats made to him, and other information relevant to the issues raised by the pleadings.

3.   **Orlando A. Fernandez, Defendant** – c/o White & Twombly, P.A.

Orlando Fernandez is believed to know about Plaintiff's employment with Defendants, the employment and time records made and kept by Defendants, the general business of Defendants, the lack of any timekeeping by Defendants, Defendants' offer of employment to Plaintiff, the lack of any pay to him for his work, the living conditions he was provided, the work Plaintiff performed, the threats made to him, and other information relevant to the issues raised by the pleadings.

4.   **Christina Fernandez** – Employee of Defendants

Christina Fernandez is believed to have knowledge of Plaintiff's employment with Defendants, the general business of Defendants, the hours worked by Plaintiff, his position with the Defendant, and other information relevant to the issues raised by the pleadings.

5.   **Carlos De La Flor** – Owner of German & Italian Cars Automotive, Inc.

Carlos De La Flor is believed to know about Plaintiff's employment with Defendants, Defendants' offer of employment to Plaintiff, the lack of any pay to him for his work, the living conditions he was provided, the work Plaintiff performed, the threats made to him, and other information relevant to the issues raised by the pleadings.

6.   **Miguel De La Flor** – Employee of German & Italian Cars Automotive, Inc.

Miguel De La Flor is believed to know about Plaintiff's employment with Defendants, Defendants' offer of employment to Plaintiff, the lack of any pay to him for his work, the living conditions he was provided, the work Plaintiff performed, the threats made to him, and other information relevant to the issues raised by the pleadings.

7.   **Ricardo J. Riano** – Owner of Ricky Fishing Tackle, Inc.

Ricardo J. Riano is believed to know about Plaintiff's employment with Defendants, Defendants' offer of employment to Plaintiff, the lack of any pay to him for his work, the living conditions he was provided, the work Plaintiff performed, the threats made to him, and other information relevant to the issues raised by the pleadings.

8.   **Jorge F. Sardinas** – Owner of Jessy's Limousines, Corp.

Jorge F. Sardinas is believed to know about Plaintiff's employment with Defendants, Defendants' offer of employment to Plaintiff, the lack of any pay to him for his work, the living conditions he was provided, the work Plaintiff performed, the threats made to him, and other information relevant to the issues raised by the pleadings.

2

9. **Kirenia (LNU)** – Wife of Jorge F. Sardinas

Kirenia is believed to know about Plaintiff's employment with Defendants, Defendants' offer of employment to Plaintiff, the lack of any pay to him for his work, the living conditions he was provided, the work Plaintiff performed, the threats made to him, and other information relevant to the issues raised by the pleadings.

10. **Jonathan (LNU)** – Owner of warehouse next to Viormar Trading Corporation, N.V.

Jonathan is believed to know about Plaintiff's employment with Defendants, Defendants' offer of employment to Plaintiff, the living conditions he was provided, the work Plaintiff performed, and other information relevant to the issues raised by the pleadings.

11. **Madeline Garcia** – Friend of Plaintiff

Madeline Garcia is believed to know about Plaintiff's employment with Defendants, Defendants' offer of employment to Plaintiff, the lack of any pay to him for his work, the living conditions he was provided, the work Plaintiff performed, the threats made to him, and other information relevant to the issues raised by the pleadings.

12. **Rene Cebreco** – Friend of Plaintiff

Rene Cebreco is believed to know about Plaintiff's employment with Defendants, Defendants' offer of employment to Plaintiff, the lack of any pay to him for his work, the living conditions he was provided, the work Plaintiff performed, the threats made to him, and other information relevant to the issues raised by the pleadings.

13. **Alina Sarmiento** – Friend of Plaintiff

Alina Sarmiento is believed to know about Plaintiff's employment with Defendants, Defendants' offer of employment to Plaintiff, the lack of any pay to him for his work, the living conditions he was provided, the work Plaintiff performed, the threats made to him, and other information relevant to the issues raised by the pleadings.

## ii. Documentary and Electronic Information

The following is a description by category and location of the documents, data compilations, and tangible things in Plaintiff's possession, custody, or control that Plaintiff may use to support the claims or defenses, unless solely for impeachment:

*Previously produced with Plaintiff's Statement of Claim BATES 000001-000102.*

1. Receipts of payment to Florida Power and Light made by Plaintiff on Defendants' behalf.
2. Florida Power and Light bills to Viormar Trading Corporation, N.V.

3

3.  Correspondence between Orlando A. Fernandez and Plaintiff.
4.  City of Doral Police Offense Reports.
5.  Correspondence from Madeline Garcia.
6.  Miami-Dade County Local Business Tax Receipt for Viormar Trading Corporation, N.V.
7.  Correspondence between Plaintiff and clients/customers of Viormar Trading Corporation, N.V.
8.  Invoice from Cortador De Arboles Miami LLC for services rendered to Viormar Trading Corporation, N.V.
9.  Photos/videos of work performed by Plaintiff for Defendants.
10. Photos of Plaintiff's living conditions.

### iii. **Damages Claimed By Plaintiff**

While Plaintiff is unable to specifically calculate damages without records that are in the custody or control of the Defendants, in general, Plaintiff seeks the following damages:

1.  **Wages, Damages, and Liquidated Damages**

    Unpaid minimum wages:                                    $ **102,828.40**
    \* Please refer to Statement of Claim [ECF No. 10] for calculations

2.  Liquidated Damages:                                      $ **102,828.40**

3.  Emotional distress damages:                              $ **TBD**

4.  **Punitive damages:** To be determined by the jury at trial after consultation with my lawyer after the close of the evidence.

5.  **Interest**

    Plaintiff anticipates seeking the pre- and post-judgment interest to which he is entitled by law. The amount of interest is not subject to calculation at this time. The damages sought/claimed by Plaintiff is estimated and subject to modification pending further discovery.

5.  **Costs**

    Plaintiff anticipates seeking his allowable costs upon prevailing in this case. This amount is not subject to calculation at this time.

6.  **Attorneys' Fees**

    Plaintiff anticipates seeking his attorneys' fees upon prevailing in this litigation. This amount is not subject to calculation at this time.

4

### iv. **Insuring Agreements**

None known to Plaintiff.

### v. **Rule 26(b)(5)—Privileged Documents Being Withheld by Plaintiff**

1.      Notes and memoranda prepared by Plaintiff's counsel reflecting confidential information provided by Plaintiff to his counsel regarding the matters at issue in this case. Privileges asserted: attorney/client privilege, attorney work product.

2.      Notes and memoranda prepared by Plaintiff's counsel containing mental impressions, conclusions, opinions, or legal theories concerning this litigation. Privileges asserted: attorney/client privilege, attorney work product.

3.      Correspondence between Plaintiff's counsel and Plaintiff regarding this case. Privileges asserted: attorney/client privilege, attorney work product.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by email this 20th day of June 2024 on Robert Twombly, Esq., robert@whitetwombly.com, WHITE & TWOMBLY, P.A., 9999 N.E. 2nd Avenue, Suite 306, Miami Shores, Florida 33138, as *Counsel for Defendants*.

s/ Patrick Brooks LaRou
Brian H. Pollock, Esq.
Florida Bar No. 174742
brian@fairlawattorney.com
Patrick Brooks LaRou, Esq.
Florida Bar No. 1039018
brooks@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Avenue, Suite 770
Coral Gables, Florida 33146
Telephone: (305) 230-4884
*Counsel for Plaintiff*

5



# CORINA

Re:   Sundae                                            Manager

Dear Tenant

This letter                                                              contracted
by our office                                                   Mr. Aneiros
is authoriz
and no

If you have any                                                         1503.

Sincerely,

ernandez
Manager